**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GARY H. RAGAN, Individually and on behalf
of all others similarly situated,

          Plaintiff,

v.

APPHARVEST, INC., JONATHAN WEBB,
and LOREN EGGLETON,

          Defendants.

Case No.: 1:21-cv-07985-LJL

Hon. Lewis J. Liman

**MEMORANDUM OF LAW IN SUPPORT OF ALAN NARZISSENFELD'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.  FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY ............................................................................................... 3

III. ARGUMENT .................................................................................................................. 3

    A.  Appointing Movant as Lead Plaintiff Is Appropriate ......................................... 3

        1.  Movant Filed a Timely Motion. ................................................................. 4

        2.  Movant Has the Largest Financial Interest in the Relief Sought. ............... 5

        3.  Movant Satisfies the Relevant Requirements of Rule 23. .......................... 6

            a.  Movant's Claims Are Typical. ........................................................... 6

            b.  Movant Is An Adequate Representative. ............................................ 7

    B.  Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ......................... 8

IV. CONCLUSION ............................................................................................................... 9

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................... 4, 5

*In re Cendant Corp.,*
   264 F.3d 201 (3d Cir. 2001)................................................................................. 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................... 7

*In re Coinbase Global Securities Litigation,*
   No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................... 8

*Deinnocentis v. Dropbox, Inc.,*
   2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)...................................... 9

*Ford v. VOXX Int'l Corp.,*
   No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 6

*In re Gentiva Sec. Litig.,*
   281 F.R.D. 108 (E.D.N.Y. 2012) ......................................................................... 6

*In re Hebron Tech. Co. Sec. Litig.,*
   C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
   No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................... 6

*Malriat v. Quantumscape Corp.,*
   2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021)..................................... 8

*Nickerson v. American Electric Power Company, Inc., et al.,*
   No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) ................................. 9

*Snyder v. Baozun Inc.,*
   2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)..................................... 9

*Subramanian v. Watford, et. al.,*
   2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)...................................... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

*White Pine Invs. v. CVR Ref.,*
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)........................................... 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................ *passim*

**Rules**

FED. R. CIV. P. 23.................................................................................................. 1, 4, 6

Alan Narzissenfeld ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired AppHarvest, Inc. ("AppHarvest" or the "Company") securities from May 17, 2021 and August 10, 2021, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants AppHarvest, Jonathan Webb ("Webb"), and Loren Eggleton ("Eggleton") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged

---

[1] Yesterday evening, the Plymouth County Retirement Association represented by Scott+Scott, LLP, filed a complaint against AppHarvest asserting a new class period beginning on October 9, 2020, *i.e.,* six months prior to the Class Period alleged in the above-captioned action. Plymouth County and its counsel appear to be engaging in gamesmanship, given the last-minute filing of the action and the fact that Plymouth County did not purchase AppHarvest stock during the initial Class Period. Plymouth County's counsel attempted this maneuver previously before Judge Edgardo Ramos in *Villare v. Abiomed, Inc.,* 2020 U.S. Dist. LEXIS 114684, at *11-13 (S.D.N.Y. June 29, 2020) (declining to adopt longer class period where it appeared that complaint filed "hours" before the statutory deadline was "product of gamesmanship").

in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[2]

AppHarvest is a sustainable food company that operates applied technology greenhouses to produce fresh, chemical-free, non-GMO fruits, vegetables, and related products. ¶ 2. The Company became a public company following a business combination with Novus Capital Corporation that closed on or about January 29, 2021. ¶ 3.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 6. Specifically, Defendants failed to disclose to investors: (1) that AppHarvest lacked sufficient training for its recently expanded labor force; (2) that, as a result, the Company could not produce Grade No. 1 tomatoes consistently; (3) that, as a result, the Company's financial results would be adversely impacted; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Before the market opened on August 11, 2021, AppHarvest announced its second quarter

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Ragan* Complaint") filed in the action styled *Ragan v. AppHarvest, Inc., et. al.,* Case No. 1:21-cv-07985-LJL (the "*Ragan* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Ragan* Complaint. The facts set forth in the *Ragan* Complaint are incorporated herein by reference.

financial results, reporting a $32.0 million net loss. ¶ 4. The Company also lowered its full year sales guidance to a range of $7 million to $9 million, from a prior range of $20 million to $25 million. *Id.* The Company attributed the lower-than-expected results to "operational headwinds with the full ramp up to full production at the company's first CEA facility, including labor and productivity challenges related to the training and development of the new workforce and historically low market prices for tomatoes." *Id.*

As this news hit the market, AppHarvest's share price declined 29%, or $3.46, to close on August 11, 2021 at $8.51 per share, on unusually heavy trading volume. ¶ 5.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Ragan* Action against the Defendants. Plaintiff Gary H. Ragan ("Ragan") commenced the first-filed action on September 24, 2021. On that same day, counsel acting on Ragan's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.   ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

3

capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $391,369.23 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On September 24, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Ragan* published the Press Release on *Business Wire*—a widely circulated national business-oriented wire

service—announcing that a securities class action had been filed against defendants herein and advising purchasers of AppHarvest securities that they had 60 days from the publication of the September 24, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the September 24, 2021 Press Release and submitted herewith a sworn certification attaching his transactions in AppHarvest securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired AppHarvest securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $391,369.23. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes

5

that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

6

*Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning AppHarvest's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired AppHarvest securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over thirty years. He resides in Casselberry, Florida. He possesses a

7

bachelor's degree from the University of Florida in computer science and has completed courses in the Master of Business Administration program at the University of Miami. Movant is the owner and founder of Big League Cards which opened in 1992, and he also has a related consulting business in the collectible's industry, and a technology company called Instant Evaluate. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

**B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at \*10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at \*8 (D.

Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: November 23, 2021                          Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Alan Narzissenfeld and [Proposed] Lead Counsel for the Class*

9