UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY H. RAGAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APPHARVEST, INC., JONATHAN WEBB, and LOREN EGGLETON, <br><br> Defendants. | Case No. 1:21-cv-07985 (LJL) |
| PLYMOUTH COUNTY RETIREMENT ASSOCATION, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APPHARVEST, INC. f/k/a NOVUS CAPITAL CORPORATION, JONATHAN WEBB, and LOREN EGGLETON, <br><br> Defendants. | Case No. 1:21-cv-09676 |

**MEMORANDUM OF LAW IN SUPPORT OF PLYMOUTH COUNTY RETIREMENT ASSOCIATION'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.  FACTUAL BACKGROUND ...................................................................................................2

II.  ARGUMENT ......................................................................................................................3

    A.  The Above-Captioned Cases Should Be Consolidated ...........................................3

    B.  Movant Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff ...................................................................................................................4

        1.  Movant Filed a Timely Motion...................................................................6

        2.  Movant Has the Largest Financial Interest .................................................6

        3.  Movant Satisfies the Relevant Requirements of Rule 23 ...........................7

            a.  Movant's Claims Are Typical..........................................................8

            b.  Movant Is an Adequate Representative ...........................................8

    C.  The Court Should Approve Movant's Choice of Counsel.......................................9

III.  CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................7, 8

*Cornwell v. Credit Suisse Grp.*,
No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)............................................9

*Dolan v. Axis Cap. Holdings Ltd.*,
No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005)..................................................4

*Hom v. Vale, S.A.*,
No. 1:15-CV-9539, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)................................................5

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................8

*In re Elan Corp. Sec. Litig.*,
No. 08-cv-08761, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................................5

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ..................................................................................7

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)......................................................................................3

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ............................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-01405, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ............................................7

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ..............................................................................3, 4

**Statutes, Rules, and Regulations**

15 U.S.C.

§78j(b)............................................................................................................................3

§78t(a)............................................................................................................................3

§78u-4(a)(3)(A)(i)...........................................................................................................5

§78u-4(a)(3)(B)...............................................................................................................4

§78u-4(a)(3)(B)(iii).........................................................................................................6

§78u-4(a)(3)(B)(iii)(I).....................................................................................................4

§78u-4(a)(3)(B)(iii)(I)(cc)...............................................................................................6

§78u-4(a)(3)(B)(iii)(II) ...................................................................................................5

§78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................................8

§78u-4(a)(3)(B)(iii)(aa)...................................................................................................6

§78u-4(a)(3)(B)(v) ..........................................................................................................8

Federal Rules of Civil Procedure

Rule 23 ......................................................................................................................5, 11

Rule 23(a)...................................................................................................................6, 7

Rule 42(a)...................................................................................................................3, 4

17 C.F.R.

§240.10b-5 .....................................................................................................................3

Movant Plymouth County Retirement Association ("Plymouth" or "Movant") respectfully submits this memorandum of law in support of its motion for consolidation of the above-referenced cases, appointment as Lead Plaintiff, and approval of its selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel (the "Motion"), pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*

These securities class actions are brought on behalf of purchasers or acquirers of securities of AppHarvest, Inc. f/k/a Novus Capital Corporation ("AppHarvest" or the "Company") and are brought against AppHarvest and certain of its officers and directors.  Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the Class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members.  The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff.  Plymouth is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses it suffered as a result of Defendants' wrongful conduct.  Moreover, Plymouth satisfies the relevant requirements of Rule 23, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class.  In addition, Plymouth's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to prosecute this action efficiently and effectively.

## I.   FACTUAL BACKGROUND[1]

AppHarvest is a sustainable food company that operates applied technology greenhouses to produce fresh, chemical-free, non-GMO fruits, vegetables, and related products.   ¶19. AppHarvest became a public company following a reverse merger with a special purpose acquisition company ("SPAC"), Novus Capital Corporation ("Novus"), that closed on or about January 29, 2021. ¶20.  Before the Merger, Novus common stock traded on the NASDAQ under the ticker NOVS. ¶22.  After the Merger, starting on February 1, 2021, AppHarvest common stock began trading on the NASDAQ under the ticker APPH.  *Id.*

In connection with the Merger, AppHarvest filed a registration statement and prospectus with the Securities and Exchange Commission. ¶24.  The Registration Statement as well as other statements made by AppHarvest during the Class Period included material misstatements about AppHarvest's business, operations, and prospects. ¶¶28-45.  In short, AppHarvest touted its ability to enter and disrupt the U.S. produce market, starting with tomatoes.

But AppHarvest's first full quarter as a public company was very disappointing to investors.  On August 11, 2021, before the market opened, AppHarvest announced its second quarter financial results, reporting a $32.0 million net loss.  ¶46.  The Company also drastically lowered its full-year sales guidance to a range of $7 million to $9 million, from a prior range of $20 million to $25 million.  *Id.*   AppHarvest attributed the lower-than-expected results and guidance to "operational headwinds with the ramp up to full production at the company's first Controlled Environmental Agriculture ("CEA") facility, including labor and productivity

---

[1]     Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws filed by Plymouth on November 22, 2021 (ECF No. 1) and docketed under number 21-cv-09676 (the "Complaint" or the "*Plymouth* Action").   Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

challenges related to the training and development of the new workforce and historically low market prices for tomatoes[.]" *Id.* On this news, the Company's share price fell $3.46, or approximately 29%, to close at $8.51 per share on August 11, 2021, on unusually heavy trading volume. ¶47.

A first-filed lawsuit regarding this disclosure by AppHarvest was filed in this Court on September 24, 2021, and is captioned *Ragan v. AppHarvest, Inc.*, No. 1:21-cv-7985 (the "*Ragan* Action"). The *Ragan* Action stated a class period of May 17, 2021 through August 10, 2021, inclusive. Like the *Plymouth* Action, the *Ragan* Action named as defendants AppHarvest, its Chief Executive Officer, and its Chief Financial Officer. Both actions allege that, throughout the respective class periods, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, the actions allege Defendants failed to disclose to investors that: (1) AppHarvest lacked sufficient training and management for its labor force; (2) as a result, the Company could not produce Grade No. 1 tomatoes consistently; (3) as a result, the Company's financial results would be adversely impacted; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶45; *see also Ragan* Compl., ¶23. Both actions bring claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5.

## II.    ARGUMENT

### A.    The Above-Captioned Cases Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a).

*See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).   "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'"  *Id.*; *see also Dolan v. Axis Cap. Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).[2]

The two above-captioned actions present substantially similar factual and legal issues and allege the same violations of the federal securities laws against the same Defendants.  All the alleged misstatements in the *Ragan* Action are also alleged in the *Plymouth* Action.  Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions.  Accordingly, consolidation under Rule 42(a) is appropriate here.

### B.    Movant Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

(aa)    has either filed the complaint or made a motion in response to a notice;

---

[2]    Unless otherwise noted, citations are omitted.

> (bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Plymouth satisfies the foregoing criteria and has complied with all the PSLRA's requirements to be appointed lead plaintiff.  Movant has, to the best of its knowledge, the largest financial interest in the action.  *See* Declaration of Thomas L. Laughlin, filed herewith ("Laughlin Decl."), Ex. 4 (Loss Chart).[3]  Plymouth, an institutional investor, also meets the relevant requirements of Rule 23.  In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class.  Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff.  *See* *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

---

[3]    Courts in this district generally find it appropriate to use the longer, more inclusive class for determining the lead plaintiff because "it encompasses more potential class members." *Hom v. Vale, S.A.*, No. 1:15-CV-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *see also*, *e.g.*, *In re Elan Corp. Sec. Litig.*, No. 08-cv-08761, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) (because claims asserted in longer class period were not implausible, "it is appropriate to use that more inclusive period" for determining lead plaintiff).

5

### 1.  Movant Filed a Timely Motion

On September 24, 2021, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for plaintiff Ragan published a notice via *BusinessWire* – a widely circulated national business-oriented wire service – announcing that the action had been filed and advising investors that they had 60 days to file a motion to be appointed as lead plaintiff (the "Notice").  *See* Laughlin Decl., Ex. 1.  On November 22, 2021, counsel for Plymouth published a notice via *GlobeNewswire* – also a widely circulated national business-oriented wire service – announcing the filing of the *Plymouth* Action, that it was related to the *Ragan* Action, the expanded Class Period of the *Plymouth* Action, and stating the lead plaintiff deadline of November 23, 2021.  Laughlin Decl., Ex. 2.

Plymouth timely filed its motion within the 60-day period following publication of the Notice and has submitted herewith a sworn certification attesting that it is willing to serve as a representative of the Class and providing the details of its AppHarvest transactions.  *See* Laughlin Decl., Ex. 3.  By making a timely motion in response to the Notice, Movant satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2.  Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is [the movant with] the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii).  Movant believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and, accordingly, it should be presumed to be the "most adequate plaintiff."

Based on the information presently available, Plymouth is the movant with the largest financial interest in the relief sought in this litigation.  Plymouth suffered losses of approximately $128,107.  *See* Laughlin Decl., Ex. 4.  Given that Movant has the largest financial interest in this

6

litigation and, as discussed below, satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, it should be appointed Lead Plaintiff. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'"  *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original).  At the lead plaintiff stage of the litigation, Movant only needs to make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008).  Plymouth easily satisfies these requirements and is an institutional investor with experience acting as a class representative in securities class actions. *See* Laughlin Decl., Ex. 3.

### a.       Movant's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Plymouth's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions violated federal securities laws. Movant, like all members of the Class, purchased AppHarvest securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.       Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Monroe*, 269 F.R.D. at 297. Movant has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these actions. *See* Laughlin Decl., Ex. 5. Movant is not aware of any conflict that exists between its claims and those asserted on behalf of the Class.

8

Accordingly, because it has the largest financial interest in these actions and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Plymouth should be appointed as Lead Plaintiff.

### c.    The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Cendant*, 264 F.3d at 276.

Movant has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. 5. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[4]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case

---

[4]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($16.65 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-5125 (S.D.N.Y.); *Marechal v. Acadia Pharmaceuticals Inc.*, No. 3:21-cv-762 (S.D. Cal.); *Gupta v. Athenex, Inc.*, No. 21-cv-337 (W.D.N.Y.); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-2713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.) ($6 million settlement preliminarily approved); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order: (1) consolidating the above-captioned cases; (2) appointing Plymouth as Lead Plaintiff; and (3) approving its selection of Scott+Scott to serve as Lead Counsel.

10

DATED:  November 23, 2021          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Donald A. Broggi
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com

*Counsel for Proposed Lead Plaintiff Movant Plymouth County Retirement Association and Proposed Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Thomas L. Laughlin, IV*

Thomas L. Laughlin, IV
