**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY H. RAGAN, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>APPHARVEST, INC., JONATHAN WEBB, and LOREN EGGLETON,<br><br>      Defendants. | Case No.: 1:21-cv-07985-LJL<br><br>Hon. Lewis J. Liman |

**ALAN NARZISSENFELD'S REPLY IN FURTHER SUPPORT OF**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

At issue is whether the Court should adopt an "expanded class period" filed on the eve of the lead plaintiff motion deadline to assess the competing movants' respective financial interests in the litigation. The parties agree that an "expanded class period" should not be accepted if it appears "implausible" or "obviously frivolous." The "expanded class period" falls into this category and, accordingly, should not be accepted.

On September 24, 2021, plaintiff Gary Ragan filed this action with an original class period of May 17, 2021 to August 10, 2021, inclusive (the "*Ragan* class period"). On November 22, 2021, Plymouth County Retirement Association filed a new action asserting an expanded class period of October 9, 2020 to August 10, 2021, inclusive (the "*Plymouth* class period"). On November 23, 2021, Alan Narzissenfeld and Plymouth County filed their respective motions to be appointed as lead plaintiff. Mr. Narzissenfeld claimed a loss of nearly $400,000 under the *Ragan* class period while Plymouth County claimed almost $130,000 under the *Plymouth* class period.

The *Plymouth* class period begins on October 9, 2020, seven months before the start of the *Ragan* class period on May 17, 2021. Plymouth County claims that its "expanded class period" is justified because AppHarvest's October 9, 2020 registration statement "did not disclose to the investing public that it did not have the operational capacity to successfully produce its first tomato harvest, due to inadequate training of its employees." Dkt. No. 26 at 3. Several facts make this impossible.

*First*, as of October 9, 2020, AppHarvest had not even hired its employees for the Morehead, KY, facility, let alone failed to adequately train them. On October 9, 2020, AppHarvest disclosed in its registration statement that it employed only "40 full-time employees, including . . . 15 at its Morehead facility" as of June 30, 2020 and that it "expects it will employ approximately

350 employees at its Morehead facility by the end of 2020" (Registration Statement at 147[1]). Further, AppHarvest's hiring remained relatively stagnant through 2020. As disclosed on January 11, 2021, AppHarvest employed only "69 full-time employees, including . . . 35 at its Morehead facility" as of September 30, 2020 and was not expecting to employ more than 300 employees until "early 2021" (Prospectus at 163[2]).

*Second*, AppHarvest's Morehead facility had just barely opened as of the start of the *Plymouth* class period. On October 21, 2020, AppHavest announced in a press release the opening of its "flagship" facility in Morehead, KY, where it "expects to create more than 300 jobs" (Press Release at 1[3]). Therefore, any operational difficulties that impacted the Morehead facility could not have even begun as of the start of the *Plymouth* class period.

*Third*, in the same vein, AppHarvest did not even plant its first tomato crop until late-October 2020. On November 19, 2020, AppHarvest announced in a press release that it "planted its first tomato crop" at its Morehead, KY, facility (Press Release at 1[4]). Consequently, while operational troubles may have materialized at some point in the class period, they could not have begun as early as Plymouth County claims.

*Fourth*, as Plymouth County agrees, AppHarvest ultimately announced that it was experiencing "operational headwinds" at the end of the class period on August 10, 2021. These operational headwinds materialized during the course of the *second* quarter of 2021 (not the *first* quarter). Indeed, on February 25, 2021, AppHarvest announced in a press release its "Fiscal Year 2021 Forecast" of $20 million to $25 million in net revenue (Press Release at 1[5]). AppHarvest

---

[1] True and correct excerpts of the Registration Statement are attached hereto as Exhibit A.
[2] True and correct excerpts of the Prospectus are attached hereto as Exhibit B.
[3] A true and correct copy of the Press Release is attached hereto as Exhibit C.
[4] A true and correct copy of the Press Release is attached hereto as Exhibit D.
[5] A true and correct copy of the Press Release is attached hereto as Exhibit E.

reiterated this forecast on May 17, 2021 when announcing its earnings for the first quarter of 2021

(Press Release at 2[6]). AppHarvest did not lower this forecast until August 11, 2021. *See Ragan*

*Action* at ¶4; *Plymouth* Action at ¶6.

The *Plymouth* class period is a "product of gamesmanship." *Villare v. Abiomed, Inc.*, 2020

U.S. Dist. LEXIS 114684, at *13 (S.D.N.Y. June 29, 2020). Similar to the *Barry* complaint in

*Abiomed*, Plymouth County:

> Proffers no factual allegations that defendants' statements made in early [October 2020]
> were false or misleading with respect to [AppHarvest's] declining revenue growth in the
> following three fiscal quarters . . . . Indeed, those statements were made in connection with
> [operations] in the second quarter of [2021].

*Id*. at *12. In addition:

> [Plymouth County] filed [its] complaint, along with [its] certification of loss, hours before
> the statutory sixty-day window closed. Tellingly, [Plymouth County]'s certification of loss
> indicates that but for the expanded period, [its] loss would plummet to [$0] from
> [$128,000].

*Id*. at *13.

Given Plymouth County's absence of support for the expanded class period, this Court

should disregard it for the purposes of deciding the present motions.

//

//

//

//

//

//

//

---

[6] A true and correct copy of the Press Release is attached hereto as Exhibit F.

Dated: December 9, 2021

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: _s/ Adam M. Apton_
Adam M. Apton (AS-8383)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Alan Narzissenfeld and [Proposed] Lead Counsel for the Class*