UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL |

## **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Aric H. Wu
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000

Peter M. Adams (*pro hac vice pending*)
Linh K. Nguyen (*pro hac vice pending*)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000

*Attorneys for Defendants AppHarvest, Inc.,
Jonathan Webb, Loren Eggleton, and David Lee*

July 14, 2022

Defendants AppHarvest, Inc., Jonathan Webb, Loren Eggleton, and David Lee respectfully submit this memorandum of law in opposition to Plaintiff's motion for leave to file a second amended complaint (the "Motion").

## I.    INTRODUCTION

Plaintiff has effectively conceded that the operative complaint—the First Consolidated Amended Class Action Complaint (the "CAC")—does not come close to stating a claim for securities fraud. He knows this because Defendants' motion to dismiss detailed the CAC's many independently fatal defects—*e.g.*, (i) it is a convoluted puzzle pleading; (ii) it challenges more than 140 statements, most of which (if not all) are not actionable as a matter of law; (iii) it depends on confidential witnesses who are unreliable and/or whose alleged statements do not contradict Defendants' statements; (iv) it pleads fraud by hindsight; (v) it fails to plead facts giving rise to a plausible inference of scienter, much less a strong inference of scienter; and (vi) it fails to allege loss causation. For these reasons—and a host of others—the CAC cannot satisfy the pleading standards imposed by Rule 8, Rule 9(b), and the PSLRA.

Rather than oppose a motion to dismiss that he knew he would lose, Plaintiff asks the Court to allow him to brush it aside at the eleventh hour, having wasted the significant cost and effort it took Defendants to respond to his first inadequate complaint. He seeks to amend the CAC primarily by adding new confidential witness allegations that, in the end, do not help him meet his pleading burden. And Plaintiff makes no attempt to explain—as he must—why he waited until days before his opposition to the motion to dismiss was due to seek leave to amend. Nothing in the Motion indicates when Plaintiff first spoke to the new confidential witnesses or what prevented him from including their alleged statements earlier—after the type of inquiry plaintiffs are supposed to

1

conduct before they haul a defendant into court and subject them to the time and expense of litigation.

In the event the Court is inclined to grant leave to amend despite Plaintiff's missteps, Defendants respectfully request that the Court exercise its discretion and either: (i) narrow the litigable issues before granting leave to amend by deciding whether any of the challenged statements in the CAC are not actionable as a matter of law, regardless of the new and inadequate factual allegations in the proposed second amended complaint (the "PSAC," ECF No. 59-2); or (ii) treat Defendants' motion to dismiss the CAC as granted (Plaintiff has effectively conceded as much), and make the PSAC Plaintiff's final amended pleading.

## II.    BACKGROUND

On December 13, 2021, Alan Narzissenfeld was appointed lead plaintiff. (ECF No. 39.) On January 3, 2022, the parties stipulated to a schedule under which Plaintiff would have until February 18, 2022, to file an amended complaint. (ECF No. 42.) The Court so ordered the stipulated schedule. (ECF No. 43.)

On February 7, 2022, Plaintiff requested that his time to file the amended complaint be extended to March 2, 2022. (ECF No. 44.) Defendants consented to the request, and the Court so ordered the parties' new stipulated schedule. (ECF No. 45.)

On May 2, 2022, Defendants moved to dismiss the CAC based on its numerous independent defects. (ECF Nos. 50-52.) The motion to dismiss explained that the CAC is an improper puzzle pleading and that most, if not all, of the challenged statements are inactionable as a matter of law. (ECF No. 51 at 15-19.) The CAC challenges over 140 statements, which include forward-looking statements accompanied by cautionary language, expressions of corporate optimism, opinion statements for which Plaintiff fails to plead objective and subjective falsity, and

accurate statements of fact that do not conflict with any well-pleaded fact in the CAC. (*Id*.) Further, none of the alleged omissions in the CAC rendered any challenged statement false or misleading when made. (*Id*. at 19-20, 22-29.) The motion to dismiss also explained that the CAC relies on confidential witnesses who are not described with sufficient detail, who did not know company-wide operations, who, with one exception, did not work at the Company for the entire Class Period, and whose allegations are impermissibly vague as to the alleged problems that the Company experienced during the Class Period and the associated impact of those problems on the Company's prospects. (*Id*. at 12-22.) Defendants' motion also explained that the CAC pleads fraud by hindsight because it relies on Defendants' post-hoc explanations for AppHarvest's unexpectedly disappointing second quarter results and lowered full-year guidance to claim that Defendants knew as early as February 2021 that the Company would not meet its guidance. (*Id*. at 24-25.) Due to these fatal defects, among others, the CAC did not adequately plead falsity, scienter, and loss causation. (*Id*. at 15-39.)

On June 23, 2022, one week before Plaintiff's opposition to Defendants' motion to dismiss was due, Plaintiff's counsel emailed to request that Defendants consent to a further amended pleading. Plaintiff's counsel did not attach the proposed amended pleading and instead asked Defendants to consent to the submission of a one-page letter in which Plaintiff would ask the Court "with the consent of all parties" for leave to amend and entry of a new briefing schedule for a motion to dismiss directed to his further amended pleading.

On June 27, 2022, counsel for Defendants emailed Plaintiff's counsel offering to consent to the filing of a second amended complaint and to prepare a new motion to dismiss directed to the second amended complaint, provided that Plaintiff agree that the second amended complaint would be his last amended pleading.

Plaintiff's counsel did not respond, and on June 30, 2022, the day Plaintiff's opposition to Defendants' motion to dismiss was due, Plaintiff filed the Motion and attached his PSAC. Plaintiff also filed a one-page opposition that did not substantively address Defendants' motion to dismiss. Instead, Plaintiff asked that the Court deny the motion as moot because he sought leave to amend.

## III.   ARGUMENT

### A.   Plaintiffs' Motion Does Not Meet His Burden for Seeking Leave to Amend.

Rule 15 provides that a court should "freely" give leave to amend only "when justice so requires." Fed. R. Civ. P. 15(a)(2). The ends of justice and fairness are not served by granting Plaintiff's Motion. As the Second Circuit has explained, a district court "may deny leave to amend where there is a showing [of] undue delay or bad motive, prejudice, or futility." *Boyer Works USA, LLC v. Rubik's Brand Ltd.*, 2022 WL 355398, at *2 (S.D.N.Y. Feb. 7, 2022) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). Moreover, when there has been a delay between the filing of the complaint and the motion to amend, "courts have placed the burden on the movant to show some valid reason for his neglect and delay." *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (quoting *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 952 (S.D.N.Y.1983), *aff'd*, 730 F.2d 910 (2d Cir.1984)); *see Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay."). Plaintiff has made no such showing here.

Mr. Narzissenfeld was appointed lead plaintiff nearly seven months ago. At that time and before filing the CAC nearly three months later on March 2, 2022—which included a nearly two-week extension—his counsel was obligated to conduct a reasonable investigation to support the alleged claims against Defendants. *See In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 266 (S.D.N.Y. 2010) (noting that plaintiffs' counsel "may not [just]

drop papers into the hopper. . . They must conduct a reasonable investigation of the facts necessary to support [plaintiffs'] claims"). Yet at no time prior to the filing of the CAC (on March 2, 2022), or prior to the filing of Defendants' motion to dismiss 60 days later (on May 2, 2022), did Plaintiff indicate that his investigation was incomplete and that he might want to file a further amended complaint. Instead, he waited until a week before his opposition was due to seek Defendants' consent to a further amended pleading based on new confidential witness allegations. Notably, Plaintiff's Motion offers no explanation for why he waited until ***long after*** Defendants filed their motion to dismiss and one week before his opposition was due to seek an amendment. The Motion does not say when Plaintiff first spoke to the new confidential witnesses or why he could not have obtained the information earlier. The three proposed new confidential witnesses are all former employees, two of which left the Company well before Plaintiff filed the CAC. (ECF No. 59-2, ¶¶ 38-40 (CW4 left AppHarvest in September 2021 and CW6 left AppHarvest in the fourth quarter of 2021.)

If Mr. Narzissenfeld was not satisfied with the CAC because his investigation was incomplete, then he could have requested another extension. That surely would have spared the parties, particularly Defendants, considerable time and expense. Instead, Plaintiff waited until after Defendants filed their motion to dismiss to abandon his complaint. Fairness demands an explanation. And, because Mr. Narzissenfeld has not carried his burden for seeking leave to amend, his Motion should be denied.[1]

---

[1] Plaintiff's PSAC is also futile because it does not cure the myriad defects that Defendants raised in their pending motion to dismiss. If the Court grants Plaintiff's request for leave, Defendants will address those defects in connection with their motion to dismiss the PSAC.

**B.**    **If the Court Is Inclined to Grant Leave to Amend, the Court Should First Narrow the Litigable Issues or Treat Defendants' Motion to Dismiss as Granted and Treat Plaintiff's PSAC as His Final Amended Pleading.**

If the Court is inclined to grant Mr. Narzissenfeld leave to file his PSAC, Defendants respectfully request that the Court do one of two things: (i) before granting leave to amend, first decide which, if any, of the challenged statements in the CAC are not actionable as a matter of law; or (ii) treat Defendants' motion to dismiss as granted, *i.e.*, as having put Plaintiff on notice of the deficiencies of the CAC, and grant leave to amend on the condition that the PSAC is Plaintiff's final amended pleading (*i.e.*, if the PSAC fails to state a claim, then the Court will dismiss the PSAC with prejudice).

Under well-settled Second Circuit law, either option is within the Court's sound discretion. When "a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss," including "either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020). In *Pettaway*, the Second Circuit affirmed the district court's decision to evaluate the pending motion to dismiss as against the complaint and the proposed amended complaint, to dismiss the complaint with prejudice, and to deny leave to amend. *Id.* When a court opts to grant leave to amend, it may treat the amended complaint as the plaintiff's final amended pleading. *See Boyer Works*, 2022 WL 355398, at \*7 (giving plaintiff only "one more chance to cure" the deficiencies in its pleading after the plaintiff, in response to defendant's motion to dismiss plaintiff's amended complaint, filed a motion for leave to file a second amended complaint); *see New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 2021 WL 930616, at \*3 (S.D.N.Y. Mar. 11, 2021) (warning plaintiff that it "is on notice of the alleged deficiencies in its pleading," and that "the Court will be reluctant

to grant further leave to amend" because "[w]hen a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment").

Here, it would promote judicial economy if, prior to granting leave to amend, the Court were to evaluate Defendants' pending motion to dismiss as to the challenged statements that are not actionable as a matter of law. The CAC challenges more than 140 statements from nearly all of AppHarvest's public disclosures during the Class Period. (ECF No. 51 at 15-19.) Plaintiff challenges the same statements in his PSAC. Yet, as explained in Defendants' motion to dismiss, most, if not all, of these statements are inactionable as a matter of law—*i.e.*, they are not actionable regardless of any allegations Plaintiff seeks to add to his complaint. For example, in both the CAC and the PSAC, Plaintiff challenges numerous forward-looking statements that are accompanied by meaningful cautionary language. (*E.g.*, CAC ¶ 174 ("The Company reiterated its full-year 2021 outlook of net sales of $20 to $25 million. . ."; PSAC ¶ 199 (same); *see* ECF No. 52-2 (cataloguing forward-looking statements challenged in the CAC).) These statements are inactionable as a matter of law. (*See* ECF No. 51 at 15-17.) Plaintiff also challenges numerous puffery statements. (*E.g.*, CAC ¶ 144 ("Our *favorable* crop yields and market pricing currently support a 2021 sales outlook that is *better* than we expected in December 2020."); PSAC ¶ 169 (same); *see* ECF No. 52-3 (cataloguing statements of optimism challenged in the CAC).) Expressions like these are undoubtedly immaterial. *(See* ECF No. 51 at 17-18.) And Plaintiff also challenges several statements that accurately report the Company's historical financial and operating results (*e.g.*, CAC ¶ 206 ("Net sales for the three months ended March 31, 2021 were $2.3 million."); PSAC ¶ 231 (same); *see* ECF No. 52-5 (cataloguing accurate statements of historical fact challenged in the CAC)), even though "a violation of federal securities law cannot be premised upon a company's

7

disclosure of accurate historical data." *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 38–39 (2d Cir. 2012); *see* ECF No. 51 at 19.

Because Plaintiff challenges the same legally inactionable statements in the CAC as in his PSAC, evaluating and dismissing them with prejudice now "makes particular sense." *Van Wade v. St. Paul Boulevard Fire Dist.*, 2022 WL 486911, at *3 (W.D.N.Y. Feb. 17, 2022) (opting to evaluate the merits of the pending motion to dismiss because "the allegations in Plaintiff's proposed amended complaint do not differ materially from the current operative pleading").[2]

In the alternative, the Court should treat Defendants' motion to dismiss as granted, *i.e.*, as having put Plaintiff on notice of the deficiencies of the CAC, and grant Plaintiff leave to amend on one condition: the PSAC is Plaintiff's last bite of the apple. That is, if Defendants successfully move to dismiss Plaintiff's PSAC, then the Court will dismiss it with prejudice. Numerous courts have granted leave to amend with such a condition:

> By reason of the pending motion[] to dismiss, Plaintiff is on notice of the alleged deficiencies in his pleading. Plaintiff is warned that the Court will be reluctant to grant further leave to amend if the defendants successfully move to dismiss his amended complaint. In any amendment, Plaintiff should take into consideration the arguments made by Defendants in [their motion to dismiss]. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

---

[2] Plaintiff misguidedly relies on *Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.*, 2021 WL 5647790 (S.D.N.Y Nov. 30, 2021). In *Multi Access*, there was no unexplained delay; instead, the plaintiff sought leave to amend after the parties completed "Court [] ordered jurisdictional discovery." *Id.* at *1. Under those circumstances, evaluating the motion to dismiss before allowing the plaintiff to amend would have been inefficient. Here, there has been no court-ordered discovery and no explanation for why Plaintiff waited until after Defendants filed their motion to dismiss and one week before his opposition was due to seek an amendment. Moreover, because the same statements are challenged in both the CAC and PSAC, efficiency would be served by evaluating Defendants' pending motion to dismiss to eliminate the challenged statements that are inactionable as a matter of law.

*Thompson v. City of New York*, 2022 WL 562358, at \*2 (S.D.N.Y. Feb. 24, 2022) (quoting *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018)); *accord Eric S. Cotto v. Fed. Nat'l Mortg. Ass'n*, 2021 WL 4340668, at \*6 (S.D.N.Y. Sept. 22, 2021); *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, 2021 WL 2075586, at \*2-3 (S.D.N.Y. May 24, 2021); *In re Madison Asset LLC*, 2021 WL 1894032, at \*3 (S.D.N.Y. May 11, 2021); *New Oriental Enter.*, 2021 WL 930616, at \*3.

Defendants bore substantial costs and effort in preparing the pending motion to dismiss, which thoroughly explains all the deficiencies in the CAC. Plaintiff's Motion expressly acknowledges these deficiencies and claims that they have been cured by the proposed new allegations. (ECF No. 58 at 12-21.) Plaintiff, therefore, cannot reasonably expect further leave to amend if Defendants' next motion to dismiss prevails.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion. If the Court is inclined to grant Plaintiff leave to file a second amended complaint, Defendants respectfully request that the Court decide their pending motion to dismiss to eliminate the challenged statements in the CAC that are not actionable as a matter of law, or treat Defendants' motion to dismiss the CAC as granted and the second amended complaint as Plaintiff's final amended pleading.

Dated:  July 14, 2022

Respectfully submitted,

COOLEY LLP

By: */s/ Aric H. Wu*
        Aric H. Wu

55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com

9

Peter M. Adams
(*pro hac vice pending*)
Linh K. Nguyen
(*pro hac vice pending*)
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
padams@cooley.com
lknguyen@cooley.com

*Attorneys for Defendants AppHarvest, Inc.,
Jonathan Webb, Loren Eggleton, and David Lee*

10