# Exhibit C

## Greg Potrepka

| | |
|---|---|
| **From:** | Greg Potrepka |
| **Sent:** | Thursday, June 23, 2022 5:49 PM |
| **To:** | Adams, Peter |
| **Cc:** | Wu, Aric; Nguyen, Linh; Shannon Hopkins; Michael Keating |
| **Subject:** | AppHarvest |
| **Attachments:** | APPH_Ltr. Motion re Leave to Amend.pdf |

Peter,

Our investigation of this claim has been ongoing and we've identified new witnesses and information warranting amendment. In particular, we would add three new CWs whose information was unavailable to us at the time we filed the first amended complaint.

We've prepared the attached letter motion requesting leave to amend and a proposed briefing schedule. Please let us know if you have any comments and whether Defendants consent to the requested relief.

Best regards,
-Greg

Gregory M. Potrepka
**LEVI&KORSINSKYLLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Fax: (212) 363-7171
gpotrepka.com | www.zlk.com

**CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levi & Korsinsky, LLP, which may be privileged, confidential, and/or protected from disclosure. This information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited.**



1111 Summer Street, Ste. 403
Stamford, CT 06905
T: 203-992-4523
F: 212-363-7171
www.zlk.com

**Shannon L. Hopkins**
shopkins@zlk.com

June 24, 2022

**Filed By ECF**
Honorable Judge Lewis J. Liman
United States District Court for the Southern District of New York
United States Courthouse, 500 Pearl Street, Courtroom 15C
New York, New York 10007

  Re: *In re AppHarvest Securities Litigation,*
  Civ. A. No.: 21-cv-7985-LJL, Plaintiffs' Motion for Leave to Amend

Dear Judge Liman,

  We represent Lead Plaintiff Alan Narzissenfeld. We write with the consent of all parties to amend Lead Plaintiff's complaint in this matter and propose a new briefing schedule with respect to Defendants' anticipated motion to dismiss.[1]

  After careful review of recent developments and additional information, Lead Plaintiff respectfully submits it would be more efficient for him to amend his complaint now rather than burden the Court with ruling on the pending motion to dismiss.[2] Since the filing of the FAC on March 2, 2022, Lead Plaintiff continued to investigate his claims against Defendants. During that time, Lead Counsel met with multiple former employees, including three former employees who worked at AppHarvest during the alleged Class Period and provided information that Lead Counsel would include in a second consolidated amended complaint should this Court grant leave to amend. One of the former employees identified by Lead Counsel worked in the company's Financial Planning and Analysis (FP&A) Department, one in the Maintenance Department, and one was a Team Lead in AppHarvest's Greenhouse. Lead counsel was only able to contact these individuals after the FAC was filed.

  Much of the new information Lead Plaintiff proposes to include in his amendment is relevant to issues raised by Defendants in their pending motion to dismiss. For example, the duties and responsibilities for one new witness involved reviewing detailed internal metrics and preparing company-wide forecasts

---

[1] The operative First Consolidated Amended Class Action Complaint ("FAC") is the first and only complaint filed thus far by Lead Plaintiff in this case. ECF No. 46.
2 Defendants AppHarvest, Inc. ("AppHarvest"), Jonathan Webb, Loren Eggleton, and David Lee filed their motion to dismiss on May 2, 2022. ECF Nos. 50, 51, and 52.

**LEVI&KORSINSKYLLP**

June 24, 2022
Page 2 of 2

that this witness frequently shared and discussed with Defendants David Lee and Loren Eggleton. Such allegations would respond to Defendant's argument in their motion to dismiss that the FAC relies only on "three rank-and-file former employees who had no personal knowledge of farm-wide operations [and] no direct contact with any Individual Defendant[.]" ECF No. 51 at 12.

The Court "should freely give leave" to amend pleadings, Fed. R. Civ. P.15(a), absent, *inter alia*, "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As Your Honor has previously held: "[i]t is more prudent, more efficient, and fairer to consider a motion to dismiss on the basis of all the facts alleged in an amended complaint rather than to consider first the original complaint and then (assuming the Court were to agree with Defendants that that complaint should be dismissed) whether Plaintiff should be granted leave to file an amended complaint." *Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.,* 2021 WL 5647790, at *1 (S.D.N.Y Nov. 30, 2021) (granting leave to amend).

Given the foregoing, the parties have agreed to the following briefing schedule, which is consistent with the briefing schedule for the FAC which was stipulated to by the parties and entered by the Court:

Second Consolidated Amended Complaint: July 1, 2022
Answers or opening briefs: August 30, 2022
Opposition briefs, if any: October 29, 2022
Reply briefs, if any: December 13, 2022

Wherefore, Lead Plaintiff respectfully requests that the Court grant him leave to amend and enter the proposed briefing schedule.

Respectfully submitted,

/s/ *Shannon L. Hopkins*
Shannon L. Hopkins

Cc: Counsel for all Defendants (via ECF)