UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                      :

GARY H. RAGAN,                        :

               Plaintiff,         :

                       :           21-cv-7985 (LJL)

     -v-                    :

                       :      MEMORANDUM AND

APPHARVEST INC., et al.,       :           ORDER

                       :

             Defendants.      :

                       :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Lead plaintiff Alan Narzissenfeld ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file a second amended complaint. Dkt. No. 57. Defendants, who have filed a motion to dismiss the first consolidated amended complaint, Dkt. No. 50, oppose the motion to amend, arguing in principal that the amendment should have been filed before they filed their motion to dismiss, Dkt. No. 63. The motion to amend is granted.

     Under Rule 15(a), "[l]eave to amend a complaint shall be freely given when justice so requires." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)). The court may deny such a motion only on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Moreover, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/22/2022

Defendants have identified no undue delay, bad faith, or dilatory tactics that would justify denial of the amendment.  The principal effect of the amendment is to add information allegedly stemming from three new confidential witnesses, one of whom left defendant AppHarvest's employment the month that Plaintiff filed the first amended complaint.  Plaintiff states that the new allegations are the result of continued investigation of the alleged claims, that the information was not available when Plaintiff filed the first amended complaint, and that the allegations are made in response to the arguments asserted in Defendants' motion to dismiss. Dkt. Nos. 58 at 8-9; 67 at 5.  The law contemplates that counsel will continue to investigate its claims, *see, e.g.*, *In re Turquoise Hill Res. Ltd. Secs. Litig.*, 2021 WL 2201388, at *4 (S.D.N.Y. June 1, 2021) (informal investigation is permitted during the PSLRA stay); nothing in the law prohibits counsel from waiting until after a motion to dismiss is filed to determine whether the new allegations are necessary to meet the motion and only then to seek leave to file an amendment.  Such conduct does not bespeak undue delay, bad faith, or dilatory tactics.

Defendants will suffer no cognizable prejudice from the amendment.  "[T]he prospect of spending more time, effort, or money on litigation . . . does not render an amended complaint unduly prejudicial." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 312, 314 (S.D.N.Y. 2021).  Defendants quibble that they will now have to file a new motion to dismiss.  The argument is undercut by their claim that the amendment does not cure the deficiencies they identify in their current motion to dismiss.

To the extent that Defendants would argue that the amendment is futile or that the Court should require further briefing on the motion to dismiss the first amended complaint and decide that motion before permitting the second amended complaint, "[i]t is in the interest of judicial economy for Plaintiffs to amend now rather than after a ruling on Defendant's motion to

2

dismiss." *Env't Sols. Assocs. Grp., LLC v. Conopco, Inc.* 2021 WL 2075586, at \*2 (S.D.N.Y. May 24, 2021).

The parties argue over whether Plaintiff should be permitted to amend yet again if the Court grants a motion to dismiss the second amended complaint. Defendants ask the Court to state that it will not permit a further amendment while Plaintiff suggests it should be permitted to amend in response to an order pointing out the deficiencies in its pleading. The Court declines to enter an advisory opinion in favor of either party. Counsel is sophisticated and is presumed to know what is required to make a well-founded request for a further amendment. The Court will not address the question of the relevant standards and how they apply to any prospective amendment in advance and in the abstract but will wait until when and if the occasion presents itself.

## CONCLUSION

The motion to file the second amended complaint at Dkt. No. 59-2 is granted. The Clerk of Court is respectfully requested to close the motion.

SO ORDERED.

Dated: July 22, 2022
        New York, New York                    _____
                                                        LEWIS J. LIMAN
                                               United States District Judge

3