**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 21-cv-7985-LJL |
| | Hon. Lewis J. Liman |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
CERTAIN EXHIBITS ATTACHED TO THE DECLARATION OF ARIC H. WU IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND
<u>CONSOLIDATED AMENDED COMPLAINT</u>**

Lead Plaintiff Alan Narzissenfeld ("Plaintiff") respectfully moves to strike **Exhibits 42, 43, 45, and 46** (the "Disputed Exhibits") attached to the Declaration of Aric H. Wu in Support of Defendants' Motion to Dismiss Plaintiff's Second Consolidated Amended Complaint (ECF No. 81) (the "Wu Declaration").

## **INTRODUCTION**

Attempting to expand the factual record into matters well beyond anything that could be considered "integral" to Plaintiff's Second Consolidated Amended Complaint ("SAC"), Defendants improperly seek to introduce the Disputed Exhibits in support of their motion to dismiss ("Motion to Dismiss") (ECF 79-80). The Disputed Exhibits encompass: (i) two Forms 4 filed with the U.S. Securities and Exchange Commission ("SEC") after the Class Period, and (ii) two press releases from after the Class Period announcing Fiscal Year 2021 Q3 and Q4 results. The Disputed Exhibits were improperly submitted in support of Defendants' Motion to Dismiss, because they are not mentioned in Plaintiff's SAC, nor are they judicially noticeable.  They are also impermissibly introduced for the truth of the matters asserted. In a not-so-subtle attempt to push their own counternarrative, Defendants incorporate the Disputed Exhibits mainly into the "Background" section of their Motion to Dismiss, with little further explanation as to their bearing on any of the arguments raised.

The Disputed Exhibits, and references to them within the Motion to Dismiss, should be stricken by the Court because they are not referenced in or relied upon by Plaintiff in the SAC (ECF No. 76), nor are they appropriate candidates to be incorporated by judicial notice. Alternatively, if the Court considers the Disputed Exhibits in deciding the Motion to Dismiss, it should not do so for the truth of the matters asserted therein. Plaintiff moves the Court to strike the Disputed Exhibits, as well as any references to them in the Motion to Dismiss.

## ARGUMENT

### A.   Legal Standard

A court's review on a motion to dismiss, without triggering the standard governing a motion for summary judgment, is limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *Deluca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 60 (S.D.N.Y. Feb. 9, 2010). Thus "if material is not integral" to the complaint, "it may not be considered unless the motion to dismiss is converted to a motion for summary judgment…." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). Even where a document is considered "integral" to the complaint, it must be clear on the record that no dispute exists as to the "accuracy" or "relevance" of the document. *Id.*

Further, a court may take judicial notice of a public record that is not attached to the complaint or incorporated in it by reference—but **only** if the facts in it are "not subject to reasonable dispute." Fed. R. Evid. 201. The facts must be either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, even in a situation "where public records that are integral to a fraud complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records," only to "determine what statements [the documents] contained," and "not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also SEC v. Ripple Labs, Inc.*, 2022 WL 762966, at *1 n.1 (S.D.N.Y. Mar. 11, 2022) ("The Court shall consider the legal memoranda and

3

other such documents relied on in the complaint because they are "integral" to the amended complaint. [] But, in doing so, the Court continues to draw all reasonable inferences in the [plaintiff's] favor"). "Outside of these categories [incorporation-by-reference and judicial notice], it is generally not appropriate for a court, on a motion to dismiss, to consider information or documents extrinsic to the complaint." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013).

In support of their Motion to Dismiss, Defendants attach the Disputed Exhibits which were never cited by or referred to in the SAC, such as unreferenced SEC documents filed months after the Class Period. The Disputed Exhibits should be stricken as they are neither incorporated by reference nor judicially noticeable.

**B.      The Court Should Strike the Forms 4 Because they are Not Integral to Plaintiff's Complaint and Defendants Proffer Them for the Truth**

Exhibits 42 and 43 are Forms 4 filed by Defendants with the SEC. **Exhibit 42** is a Form 4 filed by David Lee with the SEC on August 17, 2021, indicating that Mr. Lee purchased $100,000 worth of AppHarvest stock on August 16, 2021. **Exhibit 43** is a Form 4 filed by Loren Eggleton with the SEC on August 20, 2021, indicating that Mr. Eggleton purchased $5,000 worth of AppHarvest stock on August 19, 2021. When considering a motion to dismiss, courts decline to take notice of records that are not "integral" to the complaint. *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 289 (S.D.N.Y. 2013). Accordingly, Forms 4, such as the Disputed Exhibits, which not alleged, are "not permitted" to be submitted with a motion to dismiss and should be stricken, since Defendants rely on them "to establish the truth of the matters asserted in those statements," including what intent Lee and Eggleton may or may not have had in acquiring AppHarvest shares. *Wagner v. Royal Bank of Scot. Grp. PLC*, 2013 WL 4779039, at *3 (S.D.N.Y. Sept. 5, 2013).

Furthermore, Eggleton's and Lee's ***post***-Class Period purchases of shares are irrelevant, and thus, not "integral" to the SAC. That Lee and Eggleton may have purchased shares very shortly after the Class Period (DB11, DB30) is not relevant to scienter during the Class Period, since a defendant may purchase stock "for any number of reasons." *In re Guilford Mills, Inc. Sec. Litig.*, 1999 WL 33248953, at *5 (S.D.N.Y. July 21, 1999). Indeed, far from negating an inference of scienter, such a purchase pattern is highly suspicious where Lee and Eggleton purchased shares at low prices that incorporated all of the adverse information Defendants withheld from investors throughout the Class Period. Regardless, while "defendants are free to argue to a finder of fact that their actions were inconsistent with an intent to commit fraud," as they do here (DB30), such arguments are "inappropriate" at this phase. *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 647 (S.D.N.Y. 2007). Thus, the Forms 4 are not "integral" to the SAC.

For these reasons, the Court should strike the two SEC Forms 4, **Exhibits 42**, & **43**, as well as any references to, and assertions, inferences, or arguments based on them.

C.    **The Court Should Strike the November 10, 2021 and February 24, 2022 Press Releases Because They are Not Referenced in the SAC, and Judicial Notice does not Extend to Press Releases**

Two press releases should also be stricken.  **Exhibit 45** is a press release dated November 10, 2021 announcing AppHarvest's Fiscal Year 2021 Q3 results, and **Exhibit 46** is a press release dated February 24, 2022, announcing AppHarvest's Fiscal Year 2021 Q4 results. Neither exhibit may be judicially noticed. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (judicial notice does not extend to "forms of disclosure such as press releases or announcements at shareholder meetings."). Nor did the SAC reference, cite, or rely on these post-Class Period press releases, and therefore they may not be incorporated by reference.

Moreover, like the other Disputed Exhibits, Defendants offer **Exhibit 45** and **Exhibit 46** for the truth of the matters asserted.  Specifically, Defendants rely on the press releases in their

5

"Post-Class Period Events" Background section to demonstrate "higher than expected net sales of approximately $543,000 on 1.5 million pounds of tomatoes sold," and that AppHarvest achieved the "high end of its revised 2021 guidance range." DB11. None of these purported facts are "integral" or even relevant to the issues raised by the SAC or the Motion to Dismiss, and are simply being offered to create Defendants' preferred counternarrative. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 234 (2d Cir. 2016) (reversing the district court's use of additional extrinsic materials in dismissing the complaint where the facts at issue "were neither alleged nor integral to the complaint.").

For these reasons, the Court should strike AppHarvest's November 10, 2021 and February 24, 2022 press releases, Exhibits 45 & 46, as well as any references to, and assertions, inferences, or arguments based on them.

### CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court strike **Exhibits 42, 43, 45,** and **46** to the Wu Declaration in their entirety, including all reference thereto.

DATED: November 22, 2022

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Shannon L. Hopkins*

Shannon L. Hopkins (SH-1887)
Gregory M. Potrepka (GP-1275)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com

6

*Counsel for Lead Plaintiff and Lead Counsel for the Class*