**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re AppHarvest Securities Litigation | Case No. 21-cv-7985-LJL |
| --- | --- |
| | Hon. Lewis J. Liman |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED**
**TO THE DECLARATION OF ARIC H. WU IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT**

Lead Plaintiff Alan Narzissenfeld ("Plaintiff") respectfully submits this Reply in Further Support of his Motion to Strike **Exhibits 42, 43, 45, and 46** (the "Disputed Exhibits") attached to the Declaration of Aric H. Wu in Support of Defendants' Motion to Dismiss Plaintiff's Second Consolidated Amended Complaint (ECF No. 81) (the "Wu Declaration").[1] Defendants' Motion to Dismiss (ECF No. 79-80) improperly attached documents external to the pleadings that Defendants admit are not incorporated by reference into the SAC. Moreover, the Disputed Exhibits are not judicially noticeable. These documents are improperly before the Court and should be disregarded. For this reason, Plaintiff's Motion to Strike (ECF No. 86) should be granted.

**I.    The Disputed Exhibits Are Not Integral and Should Not Be Judicially Noticed**

Defendants' request for consideration of 46 extrinsic documents was made in one footnote of their motion to dismiss. ECF No. 80, n.1 at 3. Although unspecified in the motion to dismiss, Defendants' opposition to the Motion to Strike makes clear that they only request *judicial notice* of the Disputed Exhibits, and thus they concede any argument regarding the incorporation by reference doctrine. MTS Opp. at 2-3.

---

[1] All capitalized terms herein have the meanings ascribed to them in Plaintiff's opening brief filed in support of his Motion to Strike dated November 22, 2022 (ECF No. 87), which is referenced herein as "Motion to Strike." Defendants' brief in opposition to the Motion to Strike, dated January 13, 2023 (ECF No. 90), is referenced herein as "MTS Opp."

Defendants' opposition to the Motion to Strike is fatally flawed because the Disputed Exhibits are not suitable for judicial notice as they are not "integral" to Plaintiff's complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[W]here public records ***that are integral to a fraud complaint*** are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records.") (emphasis added); *see also Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 383-84 (S.D.N.Y. 2020) (Liman, J.) (declining to judicially notice Forms 8-K and 10-K filed by defendants with the SEC because "Plaintiff does not rely on them for his Complaint, nor are they integral to his Complaint."). A document is integral when the "complaint 'relies heavily upon its terms and effect.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The Disputed Exhibits are not integral to Plaintiff's fraud claims. Indeed, Defendants admit they merely "cited those press releases to provide context[.]" MTS Opp. at 6. Moreover, here, as in *Gray*, the Disputed Exhibits were filed after the relevant time period. *Gray*, 454 F. Supp. 3d at 384. Thus, the Disputed Exhibits should not be considered.

### i.     <u>The Forms 4 Are Not Integral and Should Not Be Judicially Noticed</u>

Defendants suggest the Court should take judicial notice of the Forms 4 simply because they are SEC filings. MTS Opp. at 3. Defendants are incorrect.[2] Instead, the Court must decide whether these SEC forms are integral to Plaintiff's complaint. *Gray,* 454 F. Supp. 3d at 383-84 (declining to consider or take judicial notice of Defendants' 8-Ks or 10-K, because they were not relied on nor integral to Plaintiff's complaint). Furthermore, an extrinsic document should only be considered where it is "clear that there exist no material disputed issues of fact regarding the ***relevance*** of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006) (emphasis added).

---

[2] Defendants are also incorrect that Forms 4 can be considered for their truth. MTS Opp. at 3. *Wagner v. Royal Bank of Scotland Grp. PLC*, 2013 WL 4779039, at * 3 (S.D.N.Y. Sep. 5, 2013); *Donoghue v. Smith,* 2022 WL 1225338, at *6 (S.D.N.Y. Apr. 26, 2022).

Defendants introduce Exhibits 45 and 46 as evidence of transactions that occurred after the close of the Class Period. Yet they cite no authority to support that such transactions would be integral to Plaintiff's fraud claim or scienter, nor can they. MTS Opp. 4-5. To the contrary, each case that Defendants cite concerns transactions occurring *during* the class periods.[3] Moreover, although Defendants half-heartedly associate their post-Class Period purchases to the idea of "motive" (MTS Opp. at 4), motive is not required to find a strong inference of scienter. *Rosi v. Aclaris Therapeutics, Inc.*, 2021 WL 1177505, at *22 (S.D.N.Y Mar. 29, 2021) (Liman, J.) ("A plaintiff can establish scienter in the absence of motive…"); *Okla. Firefighters' Pension & Ret. Sys. v. Six Flags Entertainment Corporation*, 2023 WL 228268, at *13 (5th Cir. 2023) ("The 'presence or absence of a pecuniary motive' is not dispositive, however, under the PSLRA").[4] Because Exhibits 45 and 46 are not integral to the complaint, they cannot be judicially noticed.

### i.     The Post-Class Period Press Releases Are Admittedly Not Integral to the SAC or Any Disputed Issue in the Motion to Dismiss

Defendants *agree* that "[n]o legal argument in Defendants' Motion to Dismiss relies on the press releases." MTS Opp. at 6. Thus, it is beyond dispute that the post-Class Period press releases have nothing to do with Defendants' alleged fraud, are never referenced in the SAC, and cannot be considered "integral to the complaint." *Roth*, 489 F.3d at 509. Defendants assert their request for judicial notice is in accordance with *Kramer* merely because their press releases are "part of

---

[3] *See Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 355 (2d Cir. 2022) (considering scienter argument based on intra-class period sales); *In re Skechers USA, Inc. Sec. Litig.*, 444 F. Supp. 3d 498, 523-524 (S.D.N.Y. 2020) (same); *In re Aratana Therapeutics Inc. Sec. Litig.*, 315 F. Supp. 3d 737, 763 (S.D.N.Y. 2018) (weighing changes in holdings over the course of the class period); *In re Bristol–Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004) ("[T]he Individual Defendants, in almost every instance, increased their [] holdings *during the Class Period*").

[4] *Six Flags* was decided by the Fifth Circuit on January 18, 2023 after the deadline for Plaintiff's opposition to the motion to dismiss. There are many factual similarities between the SAC and the allegations in *Six Flags*, and the Fifth Circuit's persuasive reasoning is irreconcilable with arguments advanced by Defendants in their motion to dismiss. *See e.g., Six Flags*, 2023 WL 228268 at **4-6 (reversing district court's "discount" to weight of CW allegations), **6-7 (refusing to apply PSLRA safe harbor to "mixed" statements that contain present-looking components), *11 (rejecting argument that "weekly" reports were not probative of scienter) *15 (holding that it is improper to "apply[] too broad a definition to" puffery). The Court should follow *Six Flags* here and deny Defendants' motion to dismiss.

public disclosure documents filed with the SEC." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). This crabbed reading of *Kramer* is incorrect. "The court in *Kramer* merely held that in [the circumstances of the case] the contents of relevant public disclosure documents required to be filed with the SEC fall within the capable of accurate and ready determination prong of Rule 201." *In re OSI Pharms., Inc. Sec. Litig.*, 2007 WL 9672541, at *4 (E.D.N.Y. Mar. 31, 2007) (internal citations and quotations omitted). However, as described above and in the Motion to Strike, and unlike here, documents sought to be judicially noticed on a motion to dismiss ***must be integral to the complaint***.[5]

Because the post-Class Period press releases admittedly have nothing to do with Plaintiff's claims or the pending motion to dismiss, the Court should strike them.

## II.     Plaintiff's Motion Is Procedurally Proper

Elevating form over substance, Defendants argue that the Court lacks power to strike exhibits to their Motion to Dismiss, either pursuant to Rule 12 as sought by Plaintiff, or pursuant to FRE 201 which Defendants state in their opposition to the Motion to Strike is their sole basis for seeking the Court's consideration of the Disputed Exhibits. MTS Opp. at 1-2. Yet, Defendants do not dispute that the Court may grant Plaintiffs' Motion to Strike under Rule 12(d) or FRE 201— nor could they.  *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) (striking motion to dismiss exhibits pursuant to Rule 12(d)); *Micholle v. Ophthotech, Corp.*, 2019 WL 4464802, at *11, n. 13 (S.D.N.Y. Sept. 18, 2019) (striking motion to dismiss exhibits pursuant to FRE 201). Furthermore, federal district courts have "inherent authority" "to strike any filed paper"

---

[5] *Gagnon* does not support Defendants because the documents at issue contained public disclosures of Vivitrol's relapse rate, a statement directly at issue in the case, unlike here. *Gagnon*, 368 F. Supp. 3d at 763. Moreover, the documents in *Gagnon* were not considered "for the truth of their contents." *Id. Gagnon* actually supports Plaintiffs because the court struck other documents, such as Forms 4 that were "unnecessary to this Court's decision." *Id.* at 764. Like *Gagnon*, *Gissin* concerned documents important to the merits of the dispute and is therefore inapposite. *Gissin v. Endres*, 739 F. Supp. 2d 488, 497 (S.D.N.Y. 2010) (judicially noticing press release announcing newly secured credit facility where alleged misrepresentations regarded liquidity).

they find "improper." *See, e.g.*, *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2015 WL 4757601, at \*3 (S.D.N.Y. Aug. 12, 2015); *Nat. Res. Def. Council v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012) (collecting cases); *In re Bear Stearns Cos., Inc., Securities, Derivative, and ERISA Litigation*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011). The Motion to Strike is therefore procedurally proper.

Thus, whether the Court strikes the Disputed Exhibits pursuant to Plaintiff's Motion to Strike or disregards them of its own accord, the result will be unchanged: the Disputed Exhibits cannot be considered. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 235 (2d Cir. 2016) (holding district court erred in considering documents outside the complaint); *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 295 (S.D.N.Y. 2018) (declining to take judicial notice of extraneous materials); *Szulik v. Tagliaferri*, 966 F. Supp. 2d 339, 356-357 (S.D.N.Y. 2013) (declining to consider extrinsic documents not cited by or relied on by plaintiffs).

## CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's motion to strike **Exhibits 42, 43, 45,** and **46** to the Wu Declaration in their entirety, including all reference thereto.

DATED: January 20, 2023                                        Respectfully submitted,

                                        **LEVI & KORSINSKY, LLP**

                                        By: */s/Shannon L. Hopkins*
                                        Shannon L. Hopkins (SH-1887)
                                        Gregory M. Potrepka (GP-1275)
                                        1111 Summer Street, Suite 403
                                        Stamford, CT 06905
                                        Telephone: (203) 992-4523
                                        Facsimile: (212) 363-7171
                                        shopkins@zlk.com
                                        gpotrepka@zlk.com

                                        *Counsel for Lead Plaintiff and Lead Counsel for the Class*