**VIA ECF**

August 18, 2023

<span style="color:blue">The Bankruptcy stay is lifted. The Court will take under advisement the question whether it should impose a discretionary stay and expects to deliver an opinion the week of September 17, 2023. The parties are to submit a joint letter no later than September 18, 2023 on the impact of the confirmation plan, if any, on the request to stay this action.</span>

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

<span style="color:blue">08/21/2023</span>

**Re:**    *In re AppHarvest Securities Litigation,* Case No. 21-cv-7985-LJL

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Dear Judge Liman:

Lead Plaintiff Alan Narzissenfeld ("Plaintiff") and Defendants Jonathan Webb, David Lee, and Loren Eggleton ("Individual Defendants" and with Plaintiff, the "Parties") jointly write pursuant to the Court's Order dated August 2, 2023:

> Defendant AppHarvest, Inc. has filed a notice of suggestion of bankruptcy and automatic stay of proceedings. Dkt. No. 98. The Notice of Suggestion refers to the corporate defendant but not to the Individual Defendants (Jonathan Webb, Loren Eggleton, and David Lee). Counsel for the Plaintiff and the Individual Defendants are directed to meet and confer and inform the Court by August 18, 2023, of the effect of the bankruptcy on this matter and whether there is any reason that this matter should not be stayed in its entirety pending the completion of the bankruptcy proceedings against AppHarvest, Inc., with the parties to report every 90 days on the status of the bankruptcy matter.

ECF No. 99.

The Parties agree that, under the Bankruptcy Code, this case is automatically stayed as to AppHarvest, Inc. ("AppHarvest"), the debtor. *See* 11 U.S.C. § 362(a)(1). However, the Parties disagree about "whether there is any reason this matter should not be stayed in its entirety pending completion of the bankruptcy proceedings against AppHarvest, Inc."

Plaintiff's position is that (1) the automatic stay does not apply to the Individual Defendants; and (2) comity counsels against extending the automatic stay because any request should have been made by the Debtor (which is not the case here given the automatic stay) in the bankruptcy court (which AppHarvest has not done); and (3) the court should not enter a discretionary stay as the Individual Defendants bear the burden of establishing extraordinary circumstances warranting a stay, which they have not come close to showing.

Defendants' position is that (1) the automatic stay applies to the Individual Defendants, and (2) even if it doesn't, the Court can and should exercise its discretion to stay the action in its entirety to conserve resources and promote judicial economy, particularly where, as here, there is a scheduled bankruptcy confirmation hearing less than four weeks away (*i.e.*, on September 14, 2023).

1

**PLAINTIFF'S POSITION**:[1]

### A.    The Automatic Stay Does Not Apply to the Individual Defendants

It is axiomatic that the automatic stay under section 362(a)(1) of the Bankruptcy Code arising in the bankruptcy case of one defendant does not apply to non-bankrupt defendants. *See Teachers Ins. & Annuity Assoc. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Abouelmakarem v. MDNMA Inc.*, 2022 WL 4240818, at *1 (S.D.N.Y. Aug. 17, 2022) (Liman, J.) ("The automatic stay generally applies only to the debtor."). While an automatic stay can be extended to non-debtor co-defendants, it "normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Abouelmakarem*, 2022 WL 4240818, at *1 (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)). This is rare as "[E]xtensions of the stay to protect non-debtor parties are the exception, not the rule, and are generally not favored." *Rodriguez v. AMGP Rest. Corp.*, 2018 WL 4378164, *1 (E.D.N.Y. June 5, 2018) (citing cases); *see also Coscarelli v. ESquared Hosp. LLC*, 2021 WL 293163, *3 (S.D.N.Y. Jan. 28, 2021) ("Courts in this district have construed the unusual circumstances exception 'narrowly'."); *Desouza v. Plusfunds Group, Inc.*, 2006 WL 2168478, *2 (S.D.N.Y. Aug. 1, 2006) ("courts will generally not extend the automatic stay of proceedings pursuant to §362(a)(1) to non-debtor co-defendants").

### B.    AppHarvest – the Only Bankrupt Defendant – Has Not Asked the Bankruptcy Court to Extend the Automatic Stay to the Individual Defendants.

The decision to extend equitable relief to protect non-debtor parties in connection with the bankruptcy case of a co-defendant should be left to the "unfettered authority" of the bankruptcy court. *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985). Moreover, such relief can only be sought through an adversary proceeding commenced in the bankruptcy court by AppHarvest in connection with its bankruptcy case. *See* Fed. R. Bankr. P. 7001(7) (requiring any proceeding seeking injunctive relief in bankruptcy to be commenced as an adversary proceeding). Even then, such relief is available only upon a clear evidentiary showing by AppHarvest that "*extraordinary*" circumstances justify such relief. *See, e.g.*, *In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5928, at *26-27 (Bankr. E.D.N.Y. Dec. 21, 2012) ("It is not enough for the movant to show some limited risk, or that there is a theoretical threat to the reorganization, because it is always the case that a lawsuit against principals of the Debtor *could* have *some* effect on the reorganization.") (emphasis in original).

"Examples [of exceptions to the general rule] delineated by the Second Circuit include: (1) a claim to establish an obligation of which the debtor is a guarantor; (2) a claim against the debtor's insurer; and (3) actions where there is such identity between the debtor and the third-party

---

[1]    Although, as discussed below, the decision to extent the automatic stay to non-debtors such as the Individual Defendants is solely within the purview of the bankruptcy court where AppHarvest's liquidating chapter 11 case is pending, this Court "has jurisdiction to consider whether the automatic stay applies automatically here." *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 194 n.1 (S.D.N.Y. 2016) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985)).

defendant that the debtor may be said to be the real party defendant…" *Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 224 (E.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Queenie*, 321 F.3d at 288).

No such extraordinary circumstances exist here, and in any event, neither AppHarvest nor the Individual Defendants (who would likely have no standing to do so anyway) have instituted an adversary proceeding in the bankruptcy court. The Individual Defendants are seeking an end-run around the procedures and rules of the bankruptcy court which should not be countenanced.

As Judge McMahon held in a securities class action under nearly identical circumstances:

[I]t is for the Bankruptcy Court in the first instance to assess whether to extend the automatic stay to individual officers / directors. . . . ***Unless and until some determination is made by the only court in a position to make the call – the court overseeing the reorganization – we continue.***

*Guevoura Fund Ltd. v. Sillerman*, No. 15-cv-07192-CM, ECF No. 93 (S.D.N.Y. Feb. 8, 2016) (emphasis added).

The Individual Defendants have not identified any exceptional circumstances applicable to this Action, and none of the exceptions "delineated by the Second Circuit" would apply. No claim in the operative complaint seeks to "establish an obligation"—Plaintiff only asserts claims predicated on violations of the federal securities laws. Further, Plaintiff has not asserted any claims against AppHarvest's insurer. Nor can the Individual Defendants establish that AppHarvest is a "real party defendant."  Even if they could, claims against AppHarvest arising from purchases or sales of its securities are subordinated pursuant to section 510(b) of the Bankruptcy Code (including not only the claims asserted in this Action, but any indemnification claims the Individual Defendants might try to assert) [2] and are not entitled to any distribution under AppHarvest's chapter 11 plan of liquidation.

Indeed, the Individual Defendants have not identified *any* connection whatsoever between themselves and AppHarvest's liquidating chapter 11 case. There is no connection.[3] None of the Individual Defendants were significant beneficial owners of AppHarvest, and Defendant Lee (who the Court sustained claims against in its decision on the motion to dismiss) is no longer employed by AppHarvest. Moreover, while Plaintiff is not aware of whether Defendants Webb and Eggleton

---

[2]    Contingent indemnification claims are also subject to mandatory disallowance under section 502(e)(1)(B) of the Bankruptcy Code.

[3]    The Individual Defendants' claim, on the one hand, that the SAC lacks "particularization as to the specific role played by each defendant" such that the Individual Defendants purportedly cannot determine which statements are attributed to them is belied by their concession, on the other hand, that "Defendant Lee made" a statement surviving the motion to dismiss. Regardless, the Individual Defendants' argument is groundless. The SAC is painstakingly detailed and identified the speaker(s) of every misstatement alleged. To the extent that AppHarvest may have also be said to have "made" a statement jointly with the Individual Defendants (or to the extent AppHarvest was alleged to have been liable through respondeat superior), ***that does not prevent the Individual Defendants from being independently liable and subject to suit***.

are still performing any services for AppHarvest, the company is pursuing a chapter 11 plan of liquidation. Thus, any connection that might exist between Webb and Eggleton and the Debtor would soon be severed in any event.

Additionally, where, like here, "the non-debtor defendant is independently liable to a plaintiff for misconduct—e.g., where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors." *Hong v. Mommy's Jamaican Mkt. Corp.*, 2023 WL 3568807, at *2 (S.D.N.Y. May 18, 2023) (Liman, J.) (quoting *Zavala v. Trece Corp.*, 2019 WL 8405574, at *1 (S.D.N.Y. Apr. 23, 2019)). The purpose of the automatic stay is to protect AppHarvest as the debtor, not the non-debtor Individual Defendants. Accordingly, in securities class actions like this one, Second Circuit courts routinely continue proceedings against non-bankrupt individual defendants after a corporate defendant has filed for bankruptcy. *See e.g., In re Dynegy, Inc.*, 770 F.3d 1064, 1066 (2d Cir. 2014) (bankruptcy "prompted an automatic stay of the securities class action in the district court as to Dynegy Inc. but not the three individual defendants."); *Royal Bank of Scot. Grp.*, 564 B.R. at 196 (automatic stay resulting from corporate defendant's bankruptcy did not apply to co-defendants).[4]

The Individual Defendants' main argument is that AppHarvest's bylaws require indemnification and advancement of defense costs. However, the Individual Defendants have not provided ***any*** proof beyond mere speculation that they would not be advanced defense costs if this litigation proceeds.[5] Nor do not the Individual Defendants argue that they cannot obtain a comfort order if they want one, or that they believe they are unable to obtain one. Further, the Individual Defendants offer zero proof that continued litigation of this Action will have "an immediate adverse economic consequence for the debtor's estate." It will not, as evidenced by the fact that AppHarvest has not sought to stay the Action in the bankruptcy court.

## C.    The Court Should Not Enter a Discretionary Stay

Finally, although the burden to demonstrate whether a discretionary stay should be entered (which the Individual Defendants have not met) falls entirely on the Individual Defendants, the facts of this case militate against a discretionary stay. Because of the PSLRA, discovery has necessarily been stayed since this case's inception. Now that Defendants' motion to dismiss has been decided, the case is ripe to advance. Plaintiff is prepared to proceed with discovery and believes further stay of proceedings would prejudice the putative Class which militates against staying the Action. *See Applestein v. Kleinhendler*, 2021 WL 493424, at *3 (E.D.N.Y. Feb. 10, 2021) (declining to stay proceedings pending resolution of chapter 11 bankruptcy because "plaintiff's private interests in proceeding expeditiously with this civil action would be prejudiced"); *Exp.-Imp. Bank of U.S. v. Hi-Films S.A de C.V.*, 2010 WL 3743826, *12 (S.D.N.Y. Sept. 24, 2010) (denying discretionary stay as "courts generally give weight to a plaintiff's strong

---

[4]    *See also Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 U.S. Dist. LEXIS 136152, at *6-*13; *Thomson Kernaghan & Co. v. Global Intellicom, Inc.*, 2000 U.S. Dist. LEXIS 6650, at *43- *49 (S.D.N.Y. May 17, 2000); *Gray v. Hirsch*, 230 B.R. 239, 242-244 (S.D.N.Y. Jan. 8, 1999).

[5]    Not to mention, any demand for indemnification and advancement would itself be subject to the automatic stay and any indemnification claim arising from this Action would be subordinated under section 510(b) of the Bankruptcy Code and, to the extent contingent, subject to mandatory disallowance under section 502(e)(1)(b).

interest in proceeding with its litigation") (citing cases).

The Individual Defendants inaccurately trivialize the effects of a discretionary stay. The stay they are requesting would, at a minimum: further prolong the Individual Defendants' time to file an answer and therefore the time to close the pleadings; delay Plaintiff's ability to take discovery—including from the Individual Defendants and relevant third parties; and delay the Rule 26(f) and Rule 16 conferences and entry of a case management order and associated deadlines which will necessarily advance the Action. These facts cut against entry of a discretionary stay, particularly where the Individual Defendants have not demonstrated any extraordinary reasons justifying a stay. *See Rankine v. Levi Strauss & Co.*, 2023 WL 3582323, *7 (S.D.N.Y. May 22, 2023) ("[I]f there is *even a fair possibility* that the stay for which he prays will work damage to some one else, the movant must make out a clear case of hardship or inequity in being required to go forward.") (emphasis added).

The Individual Defendants' conclusory statement that AppHarvest will "bear the burden of discovery" is both inaccurate and a red herring.  As an initial matter, a potential burden on AppHarvest is not the Individual Defendants' concern to raise, and AppHarvest itself has not sought to extend the automatic stay or any other injunctive relief for the sake of the Individual Defendants. Moreover, there is no dispute that the automatic stay applies to AppHarvest, preventing any discovery for the time being without relief from the Bankruptcy Court.

Finally, AppHarvest is seeking confirmation of a chapter 11 plan of liquidation and soon will cease to be a going concern. Thus, even if the Individual Defendants had standing to assert that a theoretical discovery burden on AppHarvest warrants a stay, that assertion would fall flat.

***

Wherefore, the Individual Defendants' request for extension of the automatic stay or for entry of a discretionary stay should be denied.

## DEFENDANTS' POSITION:

Pending resolution of the bankruptcy, this case should be stayed in its entirety for two independent reasons: (A) the bankruptcy automatic stay of proceedings extends to the Individual Defendants, and (B) even if it does not, the Court can and should exercise its discretion and stay the Action as to the Individual Defendants because AppHarvest's bankruptcy proceedings may impact this litigation and the bankruptcy confirmation hearing is less than four weeks away (*i.e.*, September 14, 2023).

### A.    The Automatic Stay Extends to the Individual Defendants.

It is true that the automatic stay generally applies only to debtors like AppHarvest. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). But, as Plaintiff notes, courts routinely extend the automatic stay "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Hernandez v. Immortal Rise, Inc.*, 2014 WL 991715, at *4 (E.D.N.Y. Mar. 13, 2014) (citations omitted). In the Second Circuit, courts have

5

held that claims will have immediate adverse economic consequences for the debtor's estate under three scenarios: (1) there is a claim to establish an obligation of which the debtor is a guarantor; (2) there is a claim against the debtor's insurer; and (3) actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant…" *Uto*, 444 B.R. at 224. Contrary to Plaintiff's assertions above, two of the three are applicable here.

### 1.    AppHarvest Is Contractually Obligated to Provide Indemnification and Advancement to the Individual Defendants.

The Second Consolidated Amended Class Action Complaint ("SAC," ECF No. 76) asserts claims against the Individual Defendants that require AppHarvest to indemnify them and advance expenses, which in turn triggers a claim by AppHarvest against the Company's directors and officers ("D&O") insurance policy. (*See* Declaration of Peter M. Adams ("Adams Decl."), ¶ 5.) AppHarvest's Amended and Restated Bylaws provides:

> **Directors and Executive Officers.** The corporation shall indemnify its directors and executive officers (for the purposes of this Article XI, "executive officers" shall have the meaning defined in Rule 3b-7 promulgated under the 1934 Act) to the fullest extent permitted by the DGCL or any other applicable law as it presently exists or may hereafter be amended, who were or are made a party or are threatened to be made a party or are otherwise involved in proceeding, by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was a director or officer of the corporation, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person; provided, however, that the corporation may modify the extent of such indemnification by individual contracts with its directors and executive officers, in which case such contract shall supersede and replace the provisions hereof. . .

> **Expenses.** The corporation shall advance to any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he or she is or was a director or executive officer of the corporation, or is or was serving at the request of the corporation as a director or executive officer of another corporation, partnership, joint venture, trust or other enterprise, prior to the final disposition of the proceeding, promptly following request therefor, all expenses incurred by any director or executive officer in connection with such proceeding. . .

(Adams Decl., Ex. A.) The Individual Defendants' indemnification agreements with AppHarvest provide indemnification and advancement rights consistent with AppHarvest's bylaws. (Adams Decl., ¶ 4; *see id.* Ex. B.)

Here, Plaintiff asserts claims against the Individual Defendants by reason of the fact that they are current and former officers and directors of the Company. This is undisputed. (*See, e.g.*, SAC ¶ 262 ("[T]he Individual Defendants were among AppHarvest's most senior management and were acting within the scope of their employment.").) And because AppHarvest's bylaws

6

indemnify "directors and executive officers . . . to the fullest extent permitted by the DGCL" and require AppHarvest to "advance [expenses] . . . prior to the final disposition of the proceeding," which in turn triggers a claim by AppHarvest against its D&O insurance carriers, there will be an immediate adverse effect on AppHarvest's estate should the litigation proceed. *See In re Johns-Manville Corp.*, 26 B.R. 420, 435 (Bankr. S.D.N.Y. 1983), *vacated in part on other grounds,* 41 B.R. 926 (S.D.N.Y. 1984) (noting that debtor's "insurance policies and proceeds thereof . . . constitute substantial property of the [debtor's] estate"). Under similar circumstances, courts have extended the automatic stay to the non-debtor defendants. *See, e.g.*, *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, 2010 WL 1193151, at *4 (E.D.N.Y. Mar. 23, 2010) (extending stay to non-debtor defendants in contempt action where bylaws of debtor company required debtor to indemnify officers to the fullest extent permitted by Delaware law).

Plaintiff's cases are inapposite as they stand for the proposition that the "***mere possibility*** of a future indemnification claim will not support application of the automatic stay." *See Bank of Scot. Grp.*, 564 B.R. at 195. In that case, the bankruptcy court declined to extend the stay where "there [was] nothing in the record to suggest that any of the non-bankrupt Defendants would be entitled to absolute indemnity, only that they might elect to pursue indemnification or contribution in the event of an unfavorable result." Likewise, in *In re FPSDA I, LLC*, the court declined to extend the stay because "neither party [] presented this Court with the first hint of information concerning whether [the debtor] has a D & O Policy," which meant the court was "not in a position to evaluate the specific threat that the continued prosecution of the [case] poses to the Debtors' estates, in light of the Indemnification Agreement."[6] 2012 WL 6681794, at *11 (Bankr. E.D.N.Y. Dec. 21, 2012). By contrast, here, there is much more than a "mere possibility"—the Company is legally required to indemnify the Individual Defendants and advance their legal fees under the Company's bylaws and pursuant to each Individual Defendant's indemnification agreement. (*See* Adams Decl., Exs. A-B.) *See In re Lomas Fin. Corp.*, 117 B.R. 64, 68 (S.D.N.Y. 1990) (extending stay where it was "undisputed that [the company's] corporate charter contain[ed] an indemnification clause, obligating [the company] to indemnify its officers. . . ."); *In re N. Star Contracting Corp.*, 125 B.R. 368, 371 (S.D.N.Y. 1991) (extending stay because debtor corporation was obligated to indemnify non-debtor defendant); *see also Majkowski v. Am. Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 586 (Del. Ch. 2006) ("Advancement . . . is a right whereby a *potential*

---

[6] All of Plaintiff's cases are inapposite. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (Second Circuit addressed whether stay should be extended to non-debtor defendant to prevent plaintiff from later using offensive collateral estoppel against debtor and distinguished cases where stay was extended to non-debtors due to debtors' indemnity obligations); *Abouelmakarem v. MDNMA Inc.*, 2022 WL 4240818, at *1 (S.D.N.Y. Aug. 17, 2022) (did not address indemnification of directors and officers and non-debtor defendants did not seek a stay nor attempt to show that stay should be extended); *Rodriguez v. AMGP Rest. Corp.*, 2018 WL 4378164, *1 (E.D.N.Y. June 5, 2018) (did not address indemnification of directors and officers and non-debtor defendants moved for extension of automatic stay on basis that they were central to the debtor's reorganization efforts and that all discovery in the case will be of the debtor but that was inaccurate); *Coscarelli v. ESquared Hosp. LLC*, 2021 WL 293163, *3 (S.D.N.Y. Jan. 28, 2021) (non-debtor defendants sought to extend stay on basis that claims against them were inextricably intertwined with claims against debtor but "that is not the relevant standard"; did not address indemnification of former directors and officers); *Desouza v. Plusfunds Group, Inc.*, 2006 WL 2168478, *2 (S.D.N.Y. Aug. 1, 2006) (non-debtor defendants did not establish that all of plaintiffs' claims were derivative of non-debtor defendants' director status).

indemnitee has the ability to force the company to pay his litigation expenses *as they are incurred* regardless of whether he will ultimately be entitled to indemnification." (second emphasis added)).

Plaintiff also argues that courts generally do not extend the automatic stay where the non-debtor defendant may be independently liable or a joint tortfeasor with the debtor. But once again, Plaintiff's cases on this point are easily distinguishable. *See Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999) (declining to extend stay to non-debtor defendant because the debtors "need not indemnify" him); *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 WL 4783008, at *3-*4 (S.D.N.Y. Sept. 25, 2014) (declining to extend stay to non-debtor defendant because he likely would not be entitled to indemnification under New York law given plaintiff's allegations that he "made deliberately false statements," "altered company records," and "gained a financial profit by . . . transfer[ing] hundreds of thousands of dollars from [debtor] to his personal bank account"); *Thomson Kernaghan & Co. v. Glob. Intellicom, Inc.*, 2000 WL 640653, at *15 (S.D.N.Y. May 17, 2000) (declining to extend the stay to non-debtor defendant "[b]ecause the claims against [him] are not derivative of his status as [a director and officer of the debtor]"). And at least one court has observed that this rule is often applied "to co-defendants in . . . []joint employment[] cases under the FLSA." *Hernandez v. Immortal Rise, Inc.*, 2014 WL 991715, at *4 (E.D.N.Y. Mar. 13, 2014); *see Hong v. Mommy's Jamaican Mkt. Corp.*, 2023 WL 3568807, at *2 (S.D.N.Y. May 18, 2023) (declining to extend automatic stay to non-debtor because they were co-defendants in a joint employment case under the FLSA).[7]

Finally, Plaintiff contends that the decision to extend the stay should be made by the bankruptcy court in the first instance and cites *In re Baldwin-United Corp. Litig.*, 765 F.2d 343 (2d Cir. 1985), for support. However, there, the Second Circuit was evaluating whether it was appropriate for the district court to enjoin the debtor from seeking an extension of the automatic stay from the bankruptcy court. 765 F.2d at 347. The Second Circuit held that where there was a conflict between the bankruptcy court and the district court regarding a stay, "the equities favor maintenance of the unfettered authority of the Bankruptcy Court." *Id*. at 347-48. And contrary to Plaintiff's argument, the Second Circuit recognized that the "District Court in the instant litigation had jurisdiction to determine the scope of the [automatic] stay." *Id*. Nor does Plaintiff's citation to Judge McMahon's decision in *Guevoura Fund v. Sillerman*, help him. There, the non-debtor defendants did not argue that the automatic stay should extend to them, and—unlike here—the lead plaintiff claimed it would be severely prejudiced if the case were stayed as it could be years before its claims would be resolved. No. 15-cv-07192-CM, ECF Nos. 89, 91 (S.D.N.Y. Feb. 8, 2016).

---

[7]   Plaintiff also cites *See e.g., In re Dynegy, Inc.*, 770 F.3d 1064, 1066 (2d Cir. 2014). But in that case, the Second Circuit merely observed that the district court declined to extend the automatic stay to the non-debtor defendants and the opinion contains no analysis of whether that was appropriate. 770 F.3d at 1066-71.

**2.      There Is Such Identity Between AppHarvest and the Individual Defendants that AppHarvest May Be Said to Be the Real Party Defendant.**

The automatic stay should also apply to the Individual Defendants because "there is such identity between the debtor and the [Individual Defendants] that the debtor may be said to be the real party defendant." *Queenie*, 321 F.3d at 288.

First, as pled in the SAC, many of Plaintiffs' allegations "address[] . . . misconduct by all defendants without much, if any, particularization as to the specific role played by each defendant." *Tuller v. Tintri, Inc.*, 2018 WL 4385652, at *2 (N.D. Cal. Sept. 14, 2018); *see, e.g.* SAC ¶11 ("Defendants made remarkably false and misleading statements. . ."); *id.* ¶¶13, 72, 114, 118, 264 ("Defendants knew. . .); *id.* ¶54 ("Defendants claimed. . ."). For that reason, "one could [not] parse between a determination as to the liability of the Non-Debtors as compared to a determination as to the liability of the Debtor" and a stay "is in the interest of efficiency and will avoid relitigation of the issues presented." *Tuller*, 2018 WL 4385652, at *2-3.

Second, only one challenged statement survived dismissal and the SAC attributes that statement to AppHarvest. *In re AppHarvest Sec. Litig.*, 2023 WL 4866233, at *34 (S.D.N.Y. July 31, 2023). Defendant Lee made this statement, but the SAC alleges the Individual Defendants acted as AppHarvest "agents," (SAC ¶ 313) and that the statement was "published on AppHarvest's Investor Relations webpage," (SAC ¶ 215). Thus, a finding against Defendant Lee as to that statement would implicate AppHarvest as well.

Third, if Plaintiff's claims proceed as to the Individual Defendants, AppHarvest will nevertheless bear the burden of discovery unless Plaintiff agrees to limit discovery to documents or data that are solely within the Individual Defendants' personal possession. *See Chen v. Lilis 200 W. 57th Corp.*, 2021 WL 6427575, at *2 (S.D.N.Y. Dec. 2, 2021) (extending automatic stay to non-debtor individuals because "discovery of the Debtor Defendants' records will be essential in order for the Non-Debtor Defendants to mount a defense"). "[R]equiring [AppHarvest] to supply such records would 'have an immediate adverse economic consequence.'" *Id.* (quoting *Queenie*, 321 F.3d at 287).

**B.      The Court Can and Should Exercise Its Discretion and Stay This Case as to the Individual Defendants.**

Even if the automatic stay does not extend to the Individual Defendants, the Court has inherent authority to exercise its discretion and stay the case in its entirety pending resolution of AppHarvest's bankruptcy.

"Where the automatic stay does not apply, a court may still invoke its discretionary authority to stay the proceedings against [non-bankrupt co-defendants]." *MBE Capital Partners LLC v. AVPOL Int'l LLC*, 2019 WL 568587, at *3 (S.D.N.Y. Feb. 11, 2019). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). District courts stay

cases when it would promote "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation.'" *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

Here, the proposed stay of this entire case (pending resolution of the bankruptcy) is warranted because it will conserve judicial resources and will not prejudice Plaintiff (or the putative class). The bankruptcy confirmation hearing is scheduled for September 14, 2023. (*In re AppHarvest Products, LLC*, No. 23-90745 (Bankr. S.D. Tex.) ("Bankr. Dkt."), ECF No. 72). If the plan is approved, the release therein could impact the size of the class, as it provides for the release of all claims against current and former directors and officers of AppHarvest and binds all AppHarvest equity holders "who do not affirmatively opt out of the releases." (*See* Bankr. Dkt., ECF No. 26.) Further, if Plaintiff objects to the plan or scope of the release, that too may affect this case. And even in the absence of a stay, the Individual Defendants will likely need to petition the bankruptcy court for an order allowing AppHarvest's D&O insurance carriers to fund the Individual Defendants' defense costs pursuant to AppHarvest's bylaws and indemnification agreements with the Individual Defendants. (*See supra*.) In other words, there will be a delay in the litigation regardless. Accordingly, staying the Action in its entirety and allowing the bankruptcy proceedings to play out would avoid the need to repeatedly revisit the bankruptcy's effect on this case and will, thereby, conserve resources and promote judicial economy.

Plaintiff claims that a stay would prolong the Individual Defendants' time to file an answer and delay Plaintiff's ability to take discovery. But he does not assert that such delays would result in undue prejudice. Nor can he, as only a modest stay is required here—the bankruptcy proceedings are scheduled to take place during the next month. Indeed, Plaintiff does not even try to explain how a short delay to close the pleadings and begin discovery would prejudice him. While Plaintiff also notes that discovery in this case has already been delayed since its inception, that delay was mandatory pursuant to the PSLRA and should not be laid at Defendants' feet. This case is, therefore, unlike *Applestein v. Kleinhendler*, which Plaintiff cites for support. There, the court declined to stay the entire action because "neither adoption of a Chapter 11 plan nor resolution of the claims in the adversary proceeding appear[ed] imminent" and the "risk of prejudice [was] especially pronounced for [the 88 year-old plaintiff]." 2021 WL 493424, at *3 (E.D.N.Y. Feb. 10, 2021). In fact, the court expressly noted that "short delays do not unduly prejudice the plaintiff," which is precisely what is proposed here.[8] The situation here is more akin to *In re SVB Financial Group*, where the bankruptcy court extended the bankruptcy stay to the non-debtors because "at worst," the plaintiff would only have to "wait a few months to prosecute its claims," which was a "*de minimis* inconvenience." 2023 WL 2962212, at *11 (Bankr. S.D.N.Y. Apr. 14, 2023) (noting that plaintiff having to wait longer to prosecute its claims is "minimal prejudice" and that plaintiff's "vague argument" that "memories fade" with delays "is not compelling").

In addition, courts have repeatedly stayed cases as to non-debtors under circumstances that exist here. *See Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *2–3 (S.D.N.Y. Apr. 18, 2023) (staying proceedings as to individual

---

[8]    Plaintiff also cites *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, but in that case, the defendant sought to stay the action until all the defendants were served and did not explain why that was necessary or cite any authority for support. 2010 WL 3743826, at *12 (S.D.N.Y. Sept. 24, 2010).

defendant because he was "entitled to be subrogated, indemnified and/or exonerated by [the debtor] for any obligation he incurs solely by his alleged status as an officer"); *N. Am. Specialty Ins. Co. v. Cambridge Marine Constr., Inc.*, 2020 WL 13566037, at *1 (D. Conn. Apr. 9, 2020) ("Because it would be efficient and in the interests of justice to apply the stay to all defendants, the stay also will apply to K. Johnson."); *Chord Assocs. LLC v. Protech 2003-D, LLC*, 2010 WL 1257874, at *13 (E.D.N.Y. Mar. 25, 2010) (staying proceedings as to individual defendants because "the claims are undifferentiated as to the debtor versus non-debtor Defendants" and "the resources to defend the actions belong to [the debtor]").

***

Accordingly, for the reasons stated above, Plaintiff's objection should be overruled and the Court should stay this Action in its entirety pending resolution of AppHarvest's bankruptcy.

Respectfully,


*/s/ Gregory M. Potrepka*                        */s/ Aric H. Wu*
Gregory M. Potrepka                              Aric H. Wu
Counsel for Lead Plaintiff                       Counsel for Defendants



CC:    All Counsel of Record