<u>**VIA ECF**</u>                                                                                    September 15, 2023

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re:**    *In re AppHarvest Securities Litigation,* Case No. 21-cv-7985-LJL

Dear Judge Liman:

Lead Plaintiff Alan Narzissenfeld ("Plaintiff") and Defendants Jonathan Webb, David Lee, and Loren Eggleton ("Individual Defendants" and, with Plaintiff, the "Parties") jointly write regarding the above-referenced action (the "Action") pursuant to the Court's Order dated August 21, 2023, which stated that:

> The Bankruptcy stay is lifted. The Court will take under advisement the question whether it should impose a discretionary stay and expects to deliver an opinion the week of September 17, 2023. The parties are to submit a joint letter no later than September 18, 2023 on the impact of the confirmation plan, if any, on the request to stay this action.

ECF No. 99 (the "August 21 Order"). The Parties advise the Court that they met and conferred and jointly move for entry of the [Proposed] Order Granting Partial Stay, filed contemporaneously herewith.

As grounds for the relief requested, the Parties state as follows:

1)      After the Court entered the August 21 Order, Lead Counsel for Plaintiff and Plaintiff's bankruptcy counsel met and conferred with counsel for the debtor, AppHarvest, Inc. ("Debtor"), regarding the effect of the confirmation plan, if any, on Plaintiff's and the Class's claims against the Individual Defendants. As a result of these discussions, the Debtor agreed to include the following language in the Debtor's proposed confirmation order, which carves out Plaintiff's claims against the Individual Defendants, both individually and on behalf of the putative class, from the Debtor's proposed third-party release (the "Confirmation Order Proposed Class-Wide Opt-Out"):

> **Release Opt-Out for the Lead Plaintiff and Class**. Notwithstanding anything to the contrary set forth in the Plan, Disclosure Statement, solicitation procedures order [ECF No. 72], Plan Supplement or this Confirmation Order, Alan Narzissenfeld ("Lead Plaintiff"), the court-appointed lead plaintiff in the securities class action pending in the United States District Court for the Southern District of New York under the caption, *In re AppHarvest Securities Litigation*, Case No. 1:21-cv-07985 (the "Securities Litigation"), together with each member of the putative class Lead Plaintiff represents in the Securities Litigation (as may be redefined or

certified, the "Proposed Class"), is hereby deemed to have opted out of the Third Party Release contained in Article IX.B. of the Plan with respect to all claims asserted or to be asserted against any non-Debtor party in the Securities Litigation (the "Opt-Out Claims"), and shall not be required to execute, complete, or deliver the Release Opt-Out forms in respect of the Opt-Out Claims. Lead Plaintiff and the Proposed Class shall not be deemed Releasing Parties with respect to the Opt-Out Claims.

*See In re AppHarvest Products, LLC*, No. 23-90745 (Bankr. S.D. Tex.) ("Bankr. Dkt."), ECF No. 345 at ¶5.

2) In addition to the Confirmation Order Proposed Class-Wide Opt-Out, Plaintiff and the Debtor agreed to the following language to be included in the proposed confirmation order regarding the preservation of records (the "Confirmation Order Proposed Preservation Clause"):

**Document Preservation.** Until the entry of a final order of judgment or settlement in the Securities Litigation (as defined in paragraph [___] of this Order), the Debtors, Purchaser(s), Plan Administrator, and any other transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain such Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the lead plaintiff in the Securities Litigation at least 60 days' advance written notice and an opportunity to

*Id..*

3) The bankruptcy court's confirmation order was entered on September 14, 2023, and adopted the language of the Confirmation Order Proposed Class-Wide Opt-Out and the Confirmation Order Proposed Preservation Clause verbatim. Bankr. Dkt., ECF No. 471 at ¶132, ¶136.

4) After Plaintiff and the Debtor agreed to the Confirmation Order Proposed Class-Wide Opt-Out and the Confirmation Order Proposed Preservation Clause, Plaintiff learned that certain third parties would not agree to including language identical to the Confirmation Order Proposed Preservation Clause in the proposed order relating to the sale of the Morehead Facility (which is the subject of this Action and was the only revenue-generating AppHarvest facility during the putative class period). Accordingly, Plaintiff, the Debtor, and the purchaser of the Morehead Facility, through their respective counsel, agreed to the following language to be included in the Debtor's proposed order regarding the sale of the Morehead Facility (the "Morehead Sale Order"):

**Certain Securities Litigation Matters**. Until the entry of a final order of judgment or settlement in the in the securities class action pending in the United States District Court for the Southern District of New York under the caption, In re AppHarvest Securities Litigation, Case No. 1:21-cv-07985 (the "Securities Litigation"), the Debtors,

Plan Administrator, and any other transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relating to the productivity of the Morehead facility between October 2020 through 2021, including with respect to staffing and labor productivity, wherever located or stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain the Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the lead plaintiff in the Securities Litigation ("Lead Plaintiff") at least 60 days' advance written notice and an opportunity to object and be heard by a court of competent jurisdiction; ***provided that, the obligations set forth in the foregoing sentence shall not apply to the Purchaser or its lessee***; and provided further that, the Purchaser shall make good faith efforts to ensure that the Debtors and Plan Administrator retain copies of the Potentially Relevant Books and Records following the closing of the Sale, including by alerting the Purchaser's lessee of the existence of this Order. In the event Lead Plaintiff timely objects to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved until the earlier of (a) a final order of the Bankruptcy Court or other court of competent jurisdiction and (b) the date the party in possession, custody, or control of such Potentially Relevant Books and Records provides originals or true copies thereof to counsel for Lead Plaintiff. Further, ***nothing in this Order or any transaction documents approved in connection herewith (including the Stalking Horse APA) shall be construed as precluding or otherwise limiting Lead Plaintiff's right to seek discovery of any documents related to the Securities Litigation or serving document preservation subpoenas on any party in connection therewith***.

 *See* Bankr. Dkt. at ECF No. 408, ¶36 (emphasis added).

5)      On September 6, 2023, the Court approved the sale of AppHarvest's Morehead Facility. *See* Bankr. Dkt. at ECF No. 410. On September 12, 2023, the bankruptcy court entered the negotiated Morehead Sale Order language verbatim. *Id.* at 432 at ¶36.

6)      The Parties have agreed to explore a resolution of this Action through private mediation with Michelle Yoshida, Esq., of Phillips ADR Enterprises, P.C. The Parties have scheduled a full-day, in-person mediation with Ms. Yoshida on October 25, 2023.

7)      The Parties believe that judicial economy would be served by partially staying this Action until November 8, 2023, which is 14 days after the scheduled mediation. However, the Parties request that this Action not be stayed with respect to discovery of information controlled by third parties.

8)      Due to the automatic stay required by the PSLRA (*see* 15 U.S.C. § 78u-4(b)(3)(B)), Plaintiff's counsel was not authorized to issue subpoenas on relevant third parties until the resolution of any motion to dismiss. Moreover, as a result of the sale of the Morehead Facility, certain potentially relevant documents, records, and tangible things may no longer be under the control of the Debtor or Plan Administrator (including potentially relevant documents controlled by the Purchaser and/or its lessee). Accordingly, consistent with the Morehead Sale Order, Plaintiff

believes that it is necessary to issue "preservation subpoenas" on third parties to protect the retention of potentially relevant documents.

**Wherefore**, the Parties respectfully request the Court enter the accompanying [Proposed] Order Granting Partial Stay, allow the Parties to take discovery of third parties (including the issuance of preservation subpoenas), and otherwise partially stay this action until November 8, 2023.

Respectfully,

/s/ *Gregory M. Potrepka*
Gregory M. Potrepka
Counsel for Lead Plaintiff

/s/ *Peter M. Adams*
Peter M. Adams
Counsel for Defendants

CC:     All Counsel of Record

4