**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re AppHarvest Securities Litigation

Case No. 1:21-cv-07985-LJL

**CLASS ACTION**

**DECLARATION OF GREGORY M. POTREPKA IN**
**SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Gregory M. Potrepka, declare as follows:

1.      I am a member of good standing of the bars of the States of Connecticut and New York. I am a partner with the law firm of Levi & Korsinsky, LLP, Lead Counsel for Plaintiff in the above-captioned litigation.[1] I am over 18 years of age and am fully competent to make this declaration. I have personal knowledge of the facts stated herein, or they are known to me in my capacity as an attorney with Levi & Korsinsky, LLP, and each of them is true and correct.

2.      I submit this declaration in support of Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 23, for an order: (1) preliminarily approving of the proposed Settlement as set forth in the Stipulation and Agreement of Settlement dated February 20, 2024; (2) certifying the proposed Settlement Class for settlement purposes only, and appointing Lead Plaintiff as class representative and Lead Plaintiff's Counsel as Settlement Class Counsel, for settlement purposes only; (3) approving the retention of Strategic Claims Services as the Claims Administrator; (4) approving the proposed form, content, and method of dissemination of the Notice, Claim Form, Postcard Notice, and Summary Notice substantially in the same form as Exs. A-1, A-2, A-3, and A-4 annexed to the Stipulation, as the best notice practicable under the circumstances and they

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation.

comply with due process, Rule 23, and the PSLRA; and (5) setting a schedule for (i) providing notice to the Settlement Class, (ii) Settlement Class members to submit a claim, object to any part of the settlement, or request exclusion therefrom; (iii) filing of Lead Plaintiff's motion for Final Approval of the Settlement and Lead Counsel's request for attorneys' fees and expenses; and (iv) the Settlement Hearing, at which the Court will consider final approval of the Settlement, as well as approval of the Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses.

3.      Attached as Exhibit 1 hereto is a true and correct copy of the Stipulation and Agreement of Settlement dated February 20, 2024;

a.  Attached as Exhibit A thereto is a true and correct copy of the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement;

b.  Attached as Exhibit A-1 thereto is a true and correct copy of the Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion For Attorneys' Fees and Expenses;

c.  Attached as Exhibit A-2 thereto is a true and correct copy of the Proof of Claim and Release;

d.  Attached as Exhibit A-3 thereto is a true and correct copy of the Postcard Notice;

e.  Attached as Exhibit A-4 thereto is a true and correct copy of the Summary Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion For Attorneys' Fees and Expenses;

f.  Attached as Exhibit B thereto is a true and correct copy of the [Proposed] Final Order and Judgment;

4.       Attached as Exhibit 2 hereto is a highlighted and excerpted copy of the Order Approving the Debtors' Disclosure Statement and Confirming the Amended Joint Plan of Liquidation of Appharvest Products, LLC and its Debtor Affiliates, in the Bankruptcy Action, *In Re AppHarvest Products, LLC*, Case No. 23-90745-DRJ, Dkt. No 471 (S.D. Tex. Bankr. Sep. 14, 2023);

5.       Attached as Exhibit 3 hereto is a highlighted and excerpted copy of Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements 2022 Review and Analysis*, Cornerstone Research;

6.       Attached as Exhibit 4 hereto is a highlighted and excerpted copy of the joint declaration in support of plaintiff's motion for final approval of plan of allocation, in *In re Lehman Brothers Sec. & ERISA Litig.*, Case No. 1:08-cv-05523-LAK-GWG, Dkt. No. 551 (S.D.N.Y Mar. 11, 2014);

7.       Attached as Exhibit 5 hereto is a true and correct copy of the order approving plan of allocation in *In re Lehman Brothers Sec. & ERISA Litig.*, Case No. 1:08-cv-05523-LAK-GWG, Dkt. No. 570 (S.D.N.Y Apr. 16, 2014);

8.       Attached as Exhibit 6 hereto is a highlighted and excerpted copy of the transcript of the settlement hearing in *Moshell v. Sasol Ltd.*, Case No. 1:20-cv-01008-JPC, Dkt. No. 220. (S.D.N.Y. Sept. 26, 2022);

9.       Attached as Exhibit 7 hereto is a true and correct résumé of Levi & Korsinsky, LLP;

10.      After consulting with experts, Lead Counsel estimates that under a hypothetical best-case scenario where Lead Plaintiff could proceed to trial and prevail on all claims asserted over the entire Settlement Class Period from February 1, 2021 through August 10, 2021—Lead Plaintiff's and the Settlement Class's maximum theoretical, aggregate damages would be

approximately $104 million in damages for AppHarvest common stock, and approximately $8 million in damages for AppHarvest warrants, for a combined total of approximately $112 million in damages;

11.    After consulting with experts, Lead Counsel estimates that if Lead Plaintiff prevailed on all claims asserted in the Operative Complaint from May 26, 2021 through August 10, 2021, Lead Plaintiff's and the Class's maximum theoretical, aggregate damages would be approximately $33 million for AppHarvest common stock and $3 million for AppHarvest warrants, for a combined total of approximately $36 million in damages.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 20, 2024 at Stamford, Connecticut.

*/s/ Gregory M. Potrepka*
Gregory M. Potrepka
