# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL<br><br>**<u>CLASS ACTION</u>** |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FORATTORNEYS' FEES AND EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED APPHARVEST INC. ("APPHARVEST" OR THE "COMPANY"), SECURITIES DURING THE PERIOD FROM FEBRUARY 1, 2021 AND AUGUST 10, 2021, INCLUSIVE, (THE "SETTLEMENT CLASS PERIOD") AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS"), YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4,850,000.00 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-appointed Lead Plaintiff, Alan Narzissenfeld, ("Lead Plaintiff"), that have been asserted on behalf of the Settlement Class against Jonathan Webb, ("Webb"), Loren Eggleton ("Eggleton"), and David Lee ("Lee," collectively with Webb and Eggleton, the "Individual Defendants," and together with AppHarvest, the "Defendants"). It releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated February 20, 2024 (the "Stipulation").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2024** | The only way to get payment. You must submit a claim form, either online at www.strategicclaims.net/apph/ no later than 11:59 p.m. EST on _____, 2024 or postmarked no later than _____, 2024. See Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING AN OPT OUT FORM BY _____, 2024** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Individual Defendants or the other Released Defendant Parties concerning the Released Claims. See Question 11 below for details. |
| **OBJECT BY _____, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application. If you object, you will still be a member of the Settlement Class. See Questions 15-16 below for details. |
| **ATTEND A HEARING ON _____, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2024** | Ask to speak in Court at the Settlement Hearing about the Settlement. See Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $4,850,000.00 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages ___ below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Lead Plaintiff's consulting damages expert's estimate of potentially damaged AppHarvest securities under the Plan of Allocation described below, Lead Plaintiff estimates this represents an average recovery of $0.14 per share of AppHarvest common stock and $0.07 per warrant, respectively, (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), based on the estimated number of allegedly damaged shares of AppHarvest securities held through an alleged corrective disclosure that was statistically significant. If the Court approves the Fee and Expense Application (discussed below), including deduction of estimated attorneys' fees and expenses, Plaintiffs estimate the average recovery would be approximately $0.10 per allegedly damaged share and $0.05 per damaged warrant. **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or acquired AppHarvest securities during the Settlement Class Period; and (iv) whether and when the Settlement Class Member sold or disposed of AppHarvest securities. See the Plan of Allocation beginning on page __ for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to be Litigated**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Individual Defendants. The issues

on which the Parties disagree include, for example: (i) whether the Individual Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of AppHarvest securities were allegedly artificially inflated during the Settlement Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of AppHarvest securities during the Settlement Class Period; and (v) whether or not the Individual Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

4.    The Individual Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to the Individual Defendants' actions or omissions. While Lead Plaintiff believes the claims are meritorious, Lead Plaintiff recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.    Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-quarter (25%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $250,000.00 plus accrued interest. If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be, per Plaintiffs' estimate, approximately $0.04 per allegedly damaged share of AppHarvest common stock and $0.02 per allegedly damaged AppHarvest warrant. A copy of the Fee and Expense Application will be posted on **www.strategicclaims.net/apph/** after it has been filed with the Court.

**Reasons for the Settlement**

6.    For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the expense and length of continued proceedings necessary to prosecute the Action through discovery, class certification, summary judgment, trial and appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel are also cognizant of the fact that AppHarvest filed for Chapter 11 bankruptcy, of the remaining insurance available to the Individual Defendants, and of the risks of enforcing a judgment against the Individual Defendants after trial. For the Individual Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Levi & Korsinsky, LLP, Gregory M. Potrepka, 1111 Summer Street, Suite 403, Stamford, CT 06905, www.zlk.com, 203-992-4523.

8.    Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator, Strategic Claims Services, at the address below, or Lead Counsel, or visiting the Settlement website at **www.strategicclaims.net/apph/**.

In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

## BASIC INFORMATION

### 1. Why was I directed to this Notice?

9. You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired securities of AppHarvest, Inc., during the Settlement Class Period of February 1, 2021 and August 10, 2021, inclusive, and may be a Settlement Class Member. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get those benefits. Your receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form that is available on the Settlement website at www.strategicclaims.net/apph/**. *See* **Question 8 below.**

10. The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11. The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL. The Action is assigned to the Honorable Lewis J. Liman, United States District Judge.

### 2. What is this case about and what has happened so far?

12. AppHarvest is a former controlled environment agriculture company run by Defendant Webb as Chief Executive Officer, Defendant Eggleton as Chief Financial Officer, and Defendant Lee as President. Throughout the Settlement Class Period, AppHarvest's only operating farm was located in Morehead, Kentucky. Plaintiff alleges that throughout the Settlement Class Period, the Individual Defendants publicly disseminated false and misleading statements concerning labor and productivity issues AppHarvest experienced at the Morehead farm which, unbeknownst to investors, negatively affected the Company's operating results and prospects. Lead Plaintiff alleges that the truth was revealed on August 11, 2021, when AppHarvest and the Individual Defendants reported, among other items, the Company's financial results for the fiscal quarter ended June 30, 2021. Lead Plaintiff alleges that this news caused the prices of publicly traded AppHarvest securities to significantly depreciate, and thereby, caused economic harm to the Settlement Class.

13. On September 24, 2021, a purported securities class action was filed in the United States District Court for the Southern District of New York captioned *Ragan v. AppHarvest, Inc., et al.*, Case No. 1:21-cv-07985 (S.D.N.Y) (the "*Ragan* Action") on behalf of all investors who purchased or otherwise acquired AppHarvest securities between May 17, 2021 and August 10, 2021, inclusive. On November 22, 2021, a similar securities class action captioned *Plymouth County Retirement Association v. AppHarvest, Inc., et al.*, Case No. 1:21-cv-09676 (S.D.N.Y.) (the "*Plymouth County* Action") was also filed in this Court seeking the same relief against the same defendants on behalf all investors who purchased or otherwise acquired AppHarvest securities between October 9, 2020 and August 10, 2021, inclusive.

14. On December 13, 2021, the Court issued an Opinion and Order: (i) consolidating the *Ragan* and *Plymouth County* Actions (ii) amended the case caption of the consolidated *Ragan* and *Plymouth County* Actions to *In re AppHarvest Securities Litigation* and ordered that every subsequent filings be made under Master File No. 21-cv-7985-LJL; (iii) appointing Alan Narzissenfeld as Lead Plaintiff; and (iv) appointing Levi & Korsinsky, LLP as Lead Counsel.

15. On March 2, 2022, Lead Plaintiff filed his First Consolidated Amended Class Action Complaint, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and United States Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants, on behalf of himself and all other persons or entities other than Defendants who purchased or otherwise acquired securities of AppHarvest between February 1, 2021 and August 10, 2021, inclusive, and were damaged thereby. Defendants moved to dismiss the First Consolidated Amended Class Action Complaint on May 2, 2021.

16. On July 22, 2022, the Court granted Lead Plaintiff permission to amend the First Consolidated Amended Class Action Complaint.

17. On August 12, 2022, Lead Plaintiff filed the operative Second Consolidated Amended Class Action Complaint (the "Operative Complaint"), which alleges violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, against Defendants, on behalf of himself and all other persons or entities other than Defendants who purchased or otherwise acquired securities of AppHarvest between February 1, 2021 and August 10, 2021, inclusive, and were damaged thereby.

18. On September 23, 2022, Defendants moved to dismiss the Operative Complaint.

19. On July 23, 2023, AppHarvest filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas, which is jointly administered with bankruptcy proceedings filed by entities affiliated with AppHarvest and captioned *In re AppHarvest Products, LLC*, Case No. 23-90745(DRJ).

20. On July 31, 2023, the Court issued an Opinion and Order granting in part, and denying in part Defendants' motion to dismiss the Operative Complaint. The Opinion and Order dismissed Lead Plaintiff's claims against Webb and Eggleton.

21. On August 1, 2023, Defendants filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings.

22. On October 25, 2023, Lead Plaintiff's counsel and counsel for the Individual Defendants engaged in a full-day mediation session before Michelle Yoshida, Esq., of Phillips ADR, a well-respected and highly experienced mediator. In advance of the mediation session, Lead Plaintiff and the Individual Defendants exchanged detailed mediation statements along with supporting exhibits. Lead Plaintiff and the Individual Defendants ended the October 25, 2023 mediation without reaching a resolution of the Action. In the weeks following the mediation, Lead Plaintiff and the Individual Defendants continued to negotiate a possible settlement. On December 14, 2023, the Parties agreed to Ms. Yoshida's personal mediator's double-blind proposal to resolve the claims in the Action.

23. Lead Counsel represents that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) AppHarvest's public filings with the SEC; (ii) publicly available information, including press releases, news articles, interview transcripts, and other public statements issued by or concerning Defendants; (iii) reports of securities and financial analysts concerning AppHarvest and the industry in which it operates; (iv) interviews with individuals who are former employees of AppHarvest; (v) retention of loss causation and damages experts and specialized bankruptcy counsel; (vi) review of pertinent court filings, including filings in AppHarvest's bankruptcy proceedings; and (vii) the applicable law governing the claims and potential defenses.

| **3. Why is this a class action?** |
| --- |

24. In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the Settlement Class.

| **4. What are the reasons for the Settlement?** |
| --- |

25. The Court did not finally decide in favor of Lead Plaintiff or the Individual Defendants. Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit, however, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

26.     The Individual Defendants have denied and continue to deny any allegations of wrongdoing contained in the Operative Complaint and further deny that they did anything wrong, that Lead Plaintiff or the Settlement Class suffered damages or that the price of AppHarvest securities  were artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise. The Settlement should not be seen as an admission or concession on the part of the Individual Defendants. The Individual Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

| **5. How do I know if I am part of the Settlement Class?** |
|---|

27.     Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): **all persons and entities that purchased or otherwise acquired securities of AppHarvest, Inc., during the period from February 1, 2021 and August 10, 2021, inclusive, and were injured thereby.**

28.     Receipt of a Postcard Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in AppHarvest securities. Please check your records to see if you are a member of the Settlement Class.

| **6. Are there exceptions to the definition of the Settlement Class and to being included?** |
|---|

29.     Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (1) the Individual Defendants; (2) the Individual Defendants' immediate family members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; and (4) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity.

30.     Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

**THE SETTLEMENT BENEFITS**

| **7. What does the Settlement provide?** |
|---|

31.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, the Individual Defendants have agreed to create a $4,850,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| **8. How can I receive a payment?** |
|---|

32.     To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form can be obtained from the website dedicated to the Settlement: **www.strategicclaims.net/apph/**. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at **(866) 274-4004** or e-mailing **info@strategicclaims.net**. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically to the Claims Administrator so that it is **postmarked or received no later than _____, 2024, or you can submit the claim form online at www.strategicclaims.net/apph/ no later than 11:59 p.m. EST on _____, 2024.**

| **9. When will I receive my payment?** |
|---|

33.     The Court will hold a Settlement Hearing on **_____, 2024** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals

which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

| **10. What am I giving up to receive a payment or stay in the Settlement Class?** |
|---|

34. If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties." Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Individual Defendants about the Released Claims. It also means that all of the Court's Orders will apply to you and legally bind you and you will release your claims against the Individual Defendants.

(a) **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, asserted or unasserted, discoverable or undiscoverable, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, including those that are concealed or  hidden, regardless of legal or equitable theory, that (i) arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, filings, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been involved, set forth, referred to, or alleged by Lead Plaintiff and any other Settlement Class Member in the Action, whether arising under federal, state, local, common or foreign law, or any other law, rule, or regulation, whether individual or class in nature, (ii) that concern, arise out of, are based upon, or relate to the purchase, acquisition, holding, sale, or disposal of AppHarvest securities during the Settlement Class Period, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment; or (iii) Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein, or both. Released Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Bankruptcy, including, but not limited to, claims brought by Lead Plaintiff and/or Settlement Class Members; and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b) **"Released Defendant Parties"** The Released Defendant Parties shall include (i) the Individual Defendants and each and all of their present or former affiliates, predecessors, heirs, executors, administrators, successors and assigns, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them or any trust of which an Individual Defendant is the settlor or which is for the benefit of the Individual Defendant and any entity in which an Individual Defendant has a controlling interest, and (ii) each and all of the present and former parents, subsidiaries, divisions, affiliates, successors of AppHarvest and each and all of  the present or former employees, officers, directors, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them.

(c) "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Individual Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the Individual Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have, to the fullest extent permitted by law, expressly waived and relinquished any and all

provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or the Individual Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and the Individual Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and the Individual Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement

35. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Individual Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36. If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Individual Defendants may terminate the Settlement if Persons who purchased in excess of a certain amount of shares of AppHarvest securities seek exclusion from the Settlement Class.**

| **11. How do I exclude myself from the Settlement Class?** |
| --- |

37. To exclude yourself from the Settlement Class, you must transmit by United States Postal Service or e-mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL (S.D.N.Y)." **You cannot exclude yourself by telephone**. Each request for exclusion must also: (i) state the name, mailing address, telephone number, and e-mail address of the person or entity requesting exclusion; (ii) state the number of publicly traded AppHarvest common shares or warrants purchased, acquired, and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be **post-marked if by mail, or e-mailed, no later than _____, 2024,** to:

EXCLUSIONS – In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
email: info@strategicclaims.net

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

38.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Individual Defendants and the other Released Defendant Parties in the future, assuming your claims are timely and otherwise valid. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

| 12. If I do not exclude myself, can I sue the Individual Defendants and the other Released Defendant Parties for the same thing later? |
| --- |

39.    No. Unless you properly exclude yourself, you will give up any rights to sue the Individual Defendants and the other Released Defendant Parties for any and all Released Claims.

| 13. If I exclude myself, can I get money from the proposed Settlement? |
| --- |

40.    No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
| --- |

41.    The Court appointed the law firm of Levi & Korsinsky, LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
| --- |

42.    Lead Counsel has not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-quarter (25%) of the Settlement Fund, which will include any accrued interest. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $250,000.00, plus accrued interest.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| 15. How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

43.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

44.    Any objection to the proposed Settlement, Lead Counsel's request for fees and Litigation Expenses. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number "*In re AppHarvest Inc., Securities Litigation*, Case No. 1:21-cv-7985-LJL (S.D.N.Y)," and (b) be submitted to the Court either by mailing or hand-delivering them to the Ruby J. Krajick,

Clerk of Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

45.    Any objection must state: (i) the full name, mailing address, telephone number, and e-mail address of the person or entity objecting; (ii) contain a statement of the objection and all grounds supporting it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of publicly traded AppHarvest common shares or warrants the person or entity purchased, acquired, and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.

46.    If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If you intend to appear at the Final Approval Hearing through counsel, your objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection.

47.    Copies of any written objection, Notice of Intention to Appear and all supporting papers and briefs must also be mailed by, or delivered by e-mail, such that it is *received* by, each of the following no later than _____, 2024:

| **Lead Counsel** | **Individual Defendants' Counsel** |
|---|---|
| LEVI & KORSINSKY, LLP | COOLEY LLP |
| Gregory M. Potrepka | Peter M. Adams |
| 1111 Summer Street, Suite 403 | 10265 Science Center Drive |
| Stamford, CT 06905 | San Diego, CA 92121-1117 |
| gpotrepka@zlk.com | padams@cooley.com |

### 16. What is the difference between objecting and seeking exclusion?

48.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affects you.

### THE SETTLEMENT HEARING

### 17. When and where will the Court decide whether to approve the proposed Settlement?

49.    The Court will hold the Settlement Hearing on _____, 2024 at _____, either telephonically and/or in Courtroom 15C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

50.    You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at **www.strategicclaims.net/apph/,** or periodically check the Court's website at https://www.nysd.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for

updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

---

**18. Do I have to come to the Settlement Hearing?**

51.    No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2024.**

---

**19. May I speak at the Settlement Hearing?**

52.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than _____, 2024,** a statement that you, or your attorney, intend to appear in "*In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL (S.D.N.Y)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

---

**20. What happens if I do nothing at all?**

53.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Individual Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against the Individual Defendants and the other Released Defendants' Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

---

**21. Are there more details about the Settlement?**

54.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than \_\_\_\_\_, 2024 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

55.    Subscribers to PACER can view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov. You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll-free at (866) 274-4004, e-mailing info@strategicclaims.net, visiting the Claims Administrator's website at **www.strategicclaims.net/apph/**, or by writing to In re AppHarvest Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

56.    If you purchased or otherwise acquired AppHarvest securities during the Settlement Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF A NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address and e-mail address of each such person or entity; or (b) request

additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities, or (c) request the link of the Notice and Claim Form from the Claims Administrator, and **WITHIN SEVEN (7) DAYS** of receipt, e-mail the link directly to all such persons or entities.  If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing or e-mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing or e-mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices, or the link of the Notice and Claim Form, from the Claims Administrator, and keep a record of the names and mailing addresses or e-mail addresses used. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  All communications concerning the foregoing should be addressed to the Claims Administrator: In re AppHarvest Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### A.      Introduction to the Plan of Allocation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each publicly traded share of AppHarvest common stock ("Common Stock") and each publicly traded AppHarvest warrant ("Warrants") purchased or otherwise acquired during the Settlement Class Period.[2,3] The calculation of Recognized Loss will depend upon several factors, including when AppHarvest Securities were purchased or otherwise acquired during the Settlement Class Period and in what amounts, and whether such securities were sold and, if sold, when and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably and to the extent it is economically feasible. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

The Plan of Allocation was created with the assistance of damages and financial consultants and is based on the assumption that the prices of AppHarvest Securities were artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of AppHarvest Common Stock and Warrants during the Settlement Class Period are $3.34 per share and $1.68 per warrant, respectively. The computation of the estimated alleged artificial inflation in the price of AppHarvest Securities during the Settlement Class Period is based on the fraudulent courses of conduct alleged by Lead Plaintiff and the price changes in the

---

[2] Herein, AppHarvest Common Stock and Warrants are referred to collectively as "AppHarvest Securities."

[3] Throughout the Settlement Class Period, AppHarvest Common Stock was listed on the NASDAQ Capital Market exchange under the symbol APPH and AppHarvest Warrants were listed on the NASDAQ Capital Market exchange under the symbol APPHW.

stock, net of market and industry-wide factors, in reaction to the public announcements issued prior to the market open on August 11, 2021 that allegedly corrected the fraud alleged by Lead Plaintiff. The Plan of Allocation takes into account that the relevant news on August 11, 2021 was issued prior to the market open and thus these disclosures removed artificial inflation from the price of AppHarvest Securities on August 11, 2021 (the "Corrective Disclosure Date").

The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the Defendants' alleged fraudulent statements. Thus, in order to have recoverable damages, the corrective disclosure of the alleged fraud must be the cause of the decline in the price or value of AppHarvest Common Stock or Warrants. Accordingly, if an AppHarvest Security was sold before August 11, 2021 (the Corrective Disclosure Date), the Recognized Loss for such Common Stock or Warrant is $0.00, and any loss suffered is not compensable under the federal securities laws.  In addition, the Court's Opinion and Order dated July 31, 2023, dismissed all alleged misstatements in the Operative Complaint prior to May 25, 2021, any Recognized Loss calculated for AppHarvest Securities purchased in the Settlement Class Period prior to May 25, 2021 will be reduced by 90%.

The "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for AppHarvest Securities. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on AppHarvest Securities purchased during the Settlement Class Period and held as of the end of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such security and its average price during the 90-Day Lookback Period. The Recognized Loss on AppHarvest Securities purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

A Recognized Loss will be calculated as set forth below for each share of AppHarvest Common Stock and each AppHarvest Warrant purchased or otherwise acquired during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

Please note that the approval of the Settlement is separate from, and not conditioned on, the Court's approval of the Plan of Allocation. You do not need to make any of these calculations yourself. The Claims Administrator will make all of these calculations for you.

### B.    Calculating Recognized Loss for AppHarvest Common Stock

For each share of AppHarvest Common Stock purchased or otherwise acquired during the Settlement Class Period, i.e., February 1, 2021 through August 10, 2021, inclusive, the Recognized Loss per share shall be calculated as follows (the Recognized Loss per share for purchases made prior to May 25, 2021 will also be multiplied by 10%):

I.    For each share of AppHarvest Common Stock purchased during the Settlement Class Period that was subsequently sold prior to August 11, 2021, the Recognized Loss per share is $0.00.

II.    For each share of AppHarvest Common Stock purchased during the Settlement Class Period that was subsequently sold during the period August 11, 2021 through November 8, 2021, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is the lesser of:
   a.   $3.34; or
   b.   the purchase price minus the sale price; or
   c.   the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 1 below.

III.   For each share of AppHarvest Common Stock purchased during the Settlement Class Period that was still held as of the close of trading on November 8, 2021, the Recognized Loss per share is the lesser of:
   a.   $3.34; or
   b.   the purchase price minus the average closing price for AppHarvest Common Stock during the 90-Day Lookback Period, which is $6.73.

| Table 1 | | | | | |
| --- | --- | --- | --- | --- | --- |
| 90-Day Lookback Value by Sale/Disposition Date for AppHarvest Common Stock | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 8/11/2021 | $8.51 | 9/10/2021 | $7.81 | 10/11/2021 | $7.25 |
| 8/12/2021 | $8.36 | 9/13/2021 | $7.79 | 10/12/2021 | $7.21 |
| 8/13/2021 | $8.11 | 9/14/2021 | $7.77 | 10/13/2021 | $7.18 |
| 8/16/2021 | $7.85 | 9/15/2021 | $7.76 | 10/14/2021 | $7.15 |
| 8/17/2021 | $7.71 | 9/16/2021 | $7.75 | 10/15/2021 | $7.12 |
| 8/18/2021 | $7.66 | 9/17/2021 | $7.74 | 10/18/2021 | $7.09 |
| 8/19/2021 | $7.53 | 9/20/2021 | $7.73 | 10/19/2021 | $7.06 |
| 8/20/2021 | $7.48 | 9/21/2021 | $7.70 | 10/20/2021 | $7.02 |
| 8/23/2021 | $7.52 | 9/22/2021 | $7.68 | 10/21/2021 | $6.99 |
| 8/24/2021 | $7.55 | 9/23/2021 | $7.66 | 10/22/2021 | $6.96 |
| 8/25/2021 | $7.57 | 9/24/2021 | $7.63 | 10/25/2021 | $6.93 |
| 8/26/2021 | $7.62 | 9/27/2021 | $7.60 | 10/26/2021 | $6.90 |
| 8/27/2021 | $7.66 | 9/28/2021 | $7.57 | 10/27/2021 | $6.87 |
| 8/30/2021 | $7.72 | 9/29/2021 | $7.54 | 10/28/2021 | $6.85 |
| 8/31/2021 | $7.77 | 9/30/2021 | $7.51 | 10/29/2021 | $6.83 |
| 9/1/2021 | $7.81 | 10/1/2021 | $7.48 | 11/1/2021 | $6.82 |
| 9/2/2021 | $7.84 | 10/4/2021 | $7.44 | 11/2/2021 | $6.80 |
| 9/3/2021 | $7.84 | 10/5/2021 | $7.41 | 11/3/2021 | $6.79 |
| 9/7/2021 | $7.84 | 10/6/2021 | $7.37 | 11/4/2021 | $6.77 |
| 9/8/2021 | $7.84 | 10/7/2021 | $7.34 | 11/5/2021 | $6.75 |
| 9/9/2021 | $7.83 | 10/8/2021 | $7.30 | 11/8/2021 | $6.73 |

The Recognized Loss is equal to the Recognized Loss per share multiplied by the number of shares.

### C.    Calculation of Recognized Loss for AppHarvest Warrants

For each AppHarvest Warrant purchased or otherwise acquired during the Settlement Class Period, i.e., February 1, 2021 through August 10, 2021, inclusive, the Recognized Loss per warrant shall be calculated as follows (the Recognized Loss per warrant for purchases made prior to May 25, 2021 will also be multiplied by 10%):

I.    For each AppHarvest Warrant purchased during the Settlement Class Period that was subsequently sold prior to August 11, 2021, the Recognized Loss per warrant is $0.00.

II.   For each AppHarvest Warrant purchased during the Settlement Class Period that was subsequently sold during the period August 11, 2021 through November 8, 2021, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per warrant is the lesser of:
      a. $1.68; or
      b. the purchase price minus the sale price; o
      c. the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

III.  For each AppHarvest Warrant purchased during the Settlement Class Period that was still held as of the close of trading on November 8, 2021, the Recognized Loss per warrant is the lesser of:
      a. $1.68; or
      b. the purchase price minus the average closing price for AppHarvest Warrant during the 90-Day Lookback Period, which is $1.47.

| Table 2 90-Day Lookback Value by Sale/Disposition Date for AppHarvest Warrants | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 8/11/2021 | $2.15 | 9/10/2021 | $1.86 | 10/11/2021 | $1.65 |
| 8/12/2021 | $2.02 | 9/13/2021 | $1.86 | 10/12/2021 | $1.64 |
| 8/13/2021 | $1.90 | 9/14/2021 | $1.85 | 10/13/2021 | $1.63 |
| 8/16/2021 | $1.82 | 9/15/2021 | $1.84 | 10/14/2021 | $1.62 |
| 8/17/2021 | $1.77 | 9/16/2021 | $1.84 | 10/15/2021 | $1.61 |
| 8/18/2021 | $1.78 | 9/17/2021 | $1.84 | 10/18/2021 | $1.60 |
| 8/19/2021 | $1.75 | 9/20/2021 | $1.83 | 10/19/2021 | $1.58 |
| 8/20/2021 | $1.74 | 9/21/2021 | $1.82 | 10/20/2021 | $1.57 |
| 8/23/2021 | $1.76 | 9/22/2021 | $1.82 | 10/21/2021 | $1.56 |
| 8/24/2021 | $1.76 | 9/23/2021 | $1.81 | 10/22/2021 | $1.55 |
| 8/25/2021 | $1.76 | 9/24/2021 | $1.80 | 10/25/2021 | $1.54 |
| 8/26/2021 | $1.78 | 9/27/2021 | $1.79 | 10/26/2021 | $1.53 |
| 8/27/2021 | $1.78 | 9/28/2021 | $1.78 | 10/27/2021 | $1.52 |
| 8/30/2021 | $1.81 | 9/29/2021 | $1.77 | 10/28/2021 | $1.51 |
| 8/31/2021 | $1.83 | 9/30/2021 | $1.75 | 10/29/2021 | $1.51 |
| 9/1/2021 | $1.84 | 10/1/2021 | $1.74 | 11/1/2021 | $1.50 |
| 9/2/2021 | $1.85 | 10/4/2021 | $1.73 | 11/2/2021 | $1.50 |
| 9/3/2021 | $1.86 | 10/5/2021 | $1.71 | 11/3/2021 | $1.49 |
| 9/7/2021 | $1.86 | 10/6/2021 | $1.70 | 11/4/2021 | $1.48 |
| 9/8/2021 | $1.86 | 10/7/2021 | $1.68 | 11/5/2021 | $1.48 |
| 9/9/2021 | $1.86 | 10/8/2021 | $1.67 | 11/8/2021 | $1.47 |

The Recognized Loss is equal to the Recognized Loss per warrant multiplied by the number of warrants.

### D.    General Provisions Applicable to the Plan of Allocation

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in Claims varies widely from case to case.

A purchase or sale of AppHarvest Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance or Operation of Law: If a Settlement Class Member acquired AppHarvest Securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that AppHarvest Common Stock or Warrants were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

If a Settlement Class Member made more than one purchase/acquisition or sale of any AppHarvest Security during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. With respect to AppHarvest Common Stock and Warrants, Settlement Class Period sales will be matched first against any holdings as of January 31, 2021 (the last day before the Settlement Class Period begins), and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" of AppHarvest Common Stock is deemed to be the date of purchase of AppHarvest shares. The date of a "short sale" of AppHarvest Common Stock is deemed to be the date of sale of AppHarvest shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in AppHarvest Common Stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in AppHarvest Common Stock[4] and Warrants during the Settlement Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to his, her, or its overall transactions in AppHarvest Securities during the Settlement Class Period, the value of the Claimant's Recognized Loss will be set to zero, and the

---

[4] Including transactions in common stock due to the assignment or exercise of options.

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of AppHarvest Common Stock or AppHarvest Warrants purchased/acquired during the Settlement Class Period.

[6] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of AppHarvest Common Stock or AppHarvest Warrants that are made by the Claimant during the Settlement Class Period. Sales of AppHarvest Common Stock or AppHarvest Warrants that match under FIFO to positions held prior to the Settlement Class Period will be excluded from the calculation.

[7] The Claims Administrator will ascribe a "Holding Value" of $8.51 to each share of AppHarvest Common Stock and $2.15 to each AppHarvest Warrant purchased/acquired during the Settlement Class Period that was still held as of the close of trading on August 10, 2021. For common stock sold short during the Settlement Class Period and still held as of the close of trading on August 10, 2021, the Claims Administrator will ascribe a holding value for that common stock as described above, but such holding value will be multiplied by -1 (i.e., equivalent to a closing purchase of such short position).

Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in AppHarvest Securities during the Settlement Class Period, but that Market Loss was less than the Claimant's Recognized Loss as calculated above, then the Claimant's Recognized Loss will be limited to the amount of the Market Loss.

With respect to AppHarvest Common Stock purchased through the exercise of a call or put option,[8] the purchase date of the stock shall be the exercise date of the option and the purchase price shall be the closing price of AppHarvest Common Stock on the exercise date. Any Recognized Loss arising from purchases of AppHarvest Common Stock acquired during the Settlement Class Period through the exercise of an option on AppHarvest Common Stock shall be computed as provided for other purchases of AppHarvest Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her or its total Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

Defendants, their respective counsel, and all other Defendant Releasees will have no responsibility for, interest in, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶15 of the Stipulation), the Plan of Allocation, the determination, administration or calculation of Claims, the payment of any Claim, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel or any Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation or further orders of the Court. In addition, in the interest of achieving substantial justice, Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms filed.

Dated: _____, 2024          BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE
                                          SOUTHERN DISTRICT OF NEW YORK

---

[8] Including (i) purchases of AppHarvest Common Stock as the result of the exercise of a call option on AppHarvest Common Stock; and (ii) purchases of AppHarvest Common Stock by the seller of a put option on AppHarvest Common Stock as a result of the buyer of such put option exercising that put option.