# Exhibit 2

APPH 0001

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 14, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| APPHARVEST PRODUCTS, LLC, *et al.*[1] | Case No. 23-90745 (DRJ) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING THE DEBTORS' DISCLOSURE
STATEMENT AND CONFIRMING THE AMENDED JOINT PLAN OF
LIQUIDATION OF APPHARVEST PRODUCTS, LLC AND ITS DEBTOR AFFILIATES**
(Related to Docket No. 458)

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

having[2]:

a. executed that certain Restructuring Support Agreement (the "RSA") by and among the Debtors, the Mastronardi Parties, and the Consenting Stakeholders, as such may be further amended, modified, or supplemented from to time, in accordance with its terms, which provided that the Debtors would meet certain budgetary and timing milestones in a subsequent bankruptcy, among other things, in exchange for the Mastronardi Parties' and the Consenting Stakeholders' support of the Debtors' proposed plan of liquidation;

b. commenced, on July 23, 2023 (the "Petition Date"), these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

---

[1] The Debtors in this chapter 11 case, together with the last four digits of the Debtors' federal tax identification number, are: AppHarvest Operations, Inc. (5929), AppHarvest, Inc. (2965), AppHarvest Farms, LLC (7067), AppHarvest Morehead Farm, LLC (1527), AppHarvest Richmond Farm, LLC (0632), AppHarvest Berea Farm, LLC (3140), AppHarvest Pulaski Farm, LLC (2052), AppHarvest Development, LLC (None), Rowan County Development, LLC (0700), AppHarvest Technology, Inc. (4868), AppHarvest Products, LLC (5929), and AppHarvest Foundation, LLC (None). The Debtor's service address is 500 Appalachian Way, Morehead, KY 40351.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Plan or Disclosure Statement (each as defined below), as applicable. The rules of interpretation set forth in Section I.B of the Plan shall apply herein.

c. continued to operate their businesses and manage their properties during these Chapter 11 Cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

d. filed, on July 24, 2023 or shortly thereafter, the:

  i. *Disclosure Statement Relating to the Joint Chapter 11 Plan of Liquidation of AppHarvest Products, LLC and its Debtor Affiliates* [Docket No. 27] (as may be amended, supplemented, or modified from time to time thereafter and including all exhibits and schedules thereto, the "Disclosure Statement");

  ii. *Joint Plan of Liquidation of AppHarvest Products, LLC and its Debtor Affiliates* [Docket No. 26] (as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto, the "Plan");

  iii. *Debtors' Emergency Motion for Entry of an Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing; (II) Conditionally Approving the Disclosure Statement; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation Procedures; (V) Approving the Combined Notice; and (VI) Granting Related Relief* [Docket No. 17];

  iv. *Declaration of Gary Broadbent, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Proceedings* [Docket No. 19]; and

  v. *Declaration of Thomas Studebaker in Support of (I) The Debtors' Motion to Obtain Postpetition Financing; and (II) Other First Day Pleadings* [Docket No. 28];

e. filed, on July 24, 2023, the *Debtors' Emergency Motion for Entry of an Interim and Final Order (I) Approving Transfer Between the Debtors and Mastronardi Berea LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019 and (II) Granting Related Relief* [Docket No. 25], seeking approval of the terms of the Berea Term Sheet and the Berea Transfer, which was approved by the Court's interim order dated July 25, 2023 [Docket No. 71] and final order dated September 1, 2023 [Docket No. 356];

f. obtained, on July 25, 2023, the *Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing;(II) Conditionally Approving the Disclosure Statement; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation Procedures; (V) Approving the Combined Notice; and (VI) Granting Related Relief* [Docket No. 72] (the "Scheduling Order"), conditionally approving the Disclosure Statement, and approving the solicitation procedures ("Solicitation Procedures") and related notices, forms, and ballots (collectively, the "Solicitation Packages");

g. filed, on July 26, 2023, the *Debtors' Emergency Motion for Entry of an Order (I)(A) Approving Bidding Procedures; (B) Approving the Selection of the Stalking Horse Purchaser; (C) Approving the Debtors' Entry into the Stalking Horse APA and*

2

APPH 0003

that such Cause of Action represents a colorable claim against a Debtor, Plan Administrator, Exculpated Party, or Released Party and is not a Claim that the Debtors released under the Plan, which request must attach the complaint or petition proposed to be filed by the requesting party and (b) obtaining from the Court specific authorization for such party to bring such Cause of Action against any such Debtor, Plan Administrator, Exculpated Party, or Released Party. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Court before filing any such amendment in the court where such complaint or petition is pending. The Court will have sole and exclusive jurisdiction to determine whether a Cause of Action is colorable and, only to the extent legally permissible, will have jurisdiction to adjudicate the underlying colorable Cause of Action.

131. **Release of Liens**. Except as otherwise provided herein or in the DIP Loan Documents, any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estate shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Debtors and their successors and assigns. For the avoidance of doubt, upon and after the Effective Date, the DIP Loan Documents and the DIP Liens (as defined in the DIP Orders) over the DIP Facility Collateral shall remain in full force and effect; *provided* that (i) the DIP Liens shall be released upon the complete and final liquidation or other disposition of the DIP Facility Collateral and, at such point, (ii) any deficiency claims with respect to the DIP Claims, if

applicable, shall be automatically waived.  If any Holder of an Other Secured Claim or any agent for such Holder has filed or recorded publicly any Liens and/or security interests to secure such Holder's Other Secured Claim, as soon as practicable on or after the Effective Date, such Holder (or the agent for such holder) shall take any and all steps requested by the Plan Administrator that are necessary or desirable to record or effectuate the cancellation and/or extinguishment of such Liens and/or security interests, including the making of any applicable filings or recordings, and the Plan Administrator shall be entitled to make any such filings or recordings on such holder's behalf.  No Lien Release will affect the recovery of any Holder of a Claim in Class 1 under the Plan.

132.    **Release Opt-Out for Lead Plaintiff.**  Notwithstanding anything to the contrary set forth in the Plan, Disclosure Statement, solicitation procedures order [ECF No. 72], Plan Supplement or this Confirmation Order, Alan Narzissenfeld ("Lead Plaintiff"), the court-appointed lead plaintiff in the securities class action pending in the United States District Court for the Southern District of New York under the caption, *In re AppHarvest Securities Litigation*, Case No. 1:21-cv-07985 (the "Securities Litigation"), together with each member of the putative class Lead Plaintiff represents in the Securities Litigation (as may be redefined or certified, the "Proposed Class"), is hereby deemed to have opted out of the Third Party Release contained in Article IX.B. of the Plan with respect to all claims asserted or to be asserted against any non-Debtor party in the Securities Litigation (the "Opt-Out Claims"), and shall not be required to execute, complete, or deliver the Release Opt-Out forms in respect of the Opt-Out Claims.  Lead Plaintiff and the Proposed Class shall not be deemed Releasing Parties with respect to the Opt-Out Claims.

133.    **Securities and Exchange Commission.**  Notwithstanding any provision herein to the contrary, no provision of the Plan: (a) releases any non-Debtor Person or Entity (including any

60

Released Party) from any Claim or Cause of Action of the United States Securities and Exchange Commission (the "SEC"); or (b) enjoins, limits, impairs, or delays the SEC from commencing or continuing any Claims, Causes of Action, proceedings, or investigations against any non-Debtor Person or Entity (including any Released Party) in any forum.

134.    **Term of Injunctions or Stays.**  Except as otherwise provided in the Plan or this Confirmation Order, to the maximum extent permitted by applicable law and subject to the Court's post-confirmation jurisdiction to modify the injunctions and stays under the Plan: (a) all injunctions with respect to or stays against an action against property of the Debtors or the Debtors' Estates arising under or entered during these Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, and in existence on the date this Confirmation Order is entered, shall remain in full force and effect until such property is no longer property of the Debtors or the Debtors' Estates; and (b) all other injunctions and stays arising under or entered during these Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code shall remain in full force and effect until the earliest of (i) the date that these Chapter 11 Cases are closed pursuant to a Final Order of the Court, or (ii) the date that these Chapter 11 Cases are dismissed pursuant to a Final Order of the Court.  All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect indefinitely.

135.    **Nonseverability of Plan Provisions.**  Each term and provision of the Plan is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the consent of the Debtors and the Plan Administrator; and (c) non-severable and mutually dependent.

136.    **Preservation of Books and Records.**  Until the entry of a final order of judgment or settlement in the Securities Litigation (as defined in paragraph 132 of this Order), the Debtors,

APPH 0006

Purchaser(s), Plan Administrator, and any other transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain such Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the lead plaintiff in the Securities Litigation at least sixty (60) days' advance written notice and an opportunity to object and be heard by a court of competent jurisdiction. In the event Lead Plaintiff timely objects to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved until the earlier of (a) a final order of the Court or other court of competent jurisdiction and (b) the date the party in possession, custody, or control of such Potentially Relevant Books and Records provides originals or true copies thereof to counsel for Lead Plaintiff.

137.    **Notice of Subsequent Pleadings.** Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in these Chapter 11 Cases after the Effective Date is required to be served upon only the following parties: (a) the U.S. Trustee; (b) any party known to be directly affected by the relief sought by such pleadings; and (c) any party that specifically requests additional notice in writing to the Debtors or the Plan Administrator, as applicable, or files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Debtors' Notice and Claims Agent shall not be required to file updated service lists.

138.    **Post-Confirmation Reports.** The Debtors shall file all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the

**APPH 0007**

Effective Date, each of the Debtors and the Plan Administrator, as applicable, shall remain obligated file post-confirmation quarterly reports and to pay quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the U.S. Trustee shall not be required to File a Proof of Claim or any other request for payment of quarterly fees.

139. **Post-Confirmation Modifications.** Following the entry of this Confirmation Order, the Debtors or the Plan Administrator may, upon order of the Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

140. **Governing Law.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control), and corporate governance matters.

141. **Applicable Non-Bankruptcy Law.** The provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law or any requirements related thereto.

APPH 0008

142.    **Government Approvals Not Required.**  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state, federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan and the Disclosure Statement, any certifications, documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

143.    **Reporting.**  After entry of this Confirmation Order, the Debtors or the Plan Administrator, as applicable, shall have no obligation to file with the Court, serve on any parties, or otherwise provide any party with any other report that the Debtors were obligated to provide under the Bankruptcy Code or an order of the Court, including obligations to provide (a) any reports to any parties otherwise required under the "first" and "second" day orders entered in these Chapter 11 Cases and (b) monthly operating reports (even for those periods for which a monthly operating report was not filed before the Effective Date); *provided* that the Debtors or Plan Administrator, as applicable, will comply with the U.S. Trustee's quarterly reporting requirements.

144.    **Notice of Effective Date.**  The Debtors or the Plan Administrator, as applicable, shall serve notice of entry of this Confirmation Order, of the occurrence of the Effective Date, and of appliable deadlines (the "Notice of Effective Date") in accordance with Bankruptcy Rules 2002 and 3020(c) on all parties served with notice of the Combined Hearing within seven (7) Business Days after the Effective Date; *provided* that no notice of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.  For those parties

64

receiving electronic service, filing on the docket is deemed sufficient to satisfy such service and notice requirements.

145.    The Notice of Effective Date will have the effect of an order of the Court, will constitute sufficient notice of the entry of this Confirmation Order to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.    The above-referenced notices are adequate under the particular circumstances of these Chapter 11 Cases and no other or further notice is necessary.

146.    **Substantial Consummation.**  On the Effective Date, the Plan shall be deemed to be substantially consummated (within the meaning set forth in section 1101 of the Bankruptcy Code) pursuant to section 1127(b) of the Bankruptcy Code.

147.    **Dissolution of the Committee.**  Following the Effective Date, the Committee shall survive for the limited purposes of exercising its rights under Article IV.D of the Plan or seeking a release of the Dalsem Distribution Reserve in accordance with the terms of Article VI.P of the Plan.

148.    **Effect of Conflict.**  This Confirmation Order supersedes any Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.  If there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order govern and control.

149.    **Final Order.**  For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by this Court.  This Confirmation Order is a Final Order and shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.

150.    **Retention of Jurisdiction.**  The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and related to, these Chapter 11 Cases, including the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

**Signed:  September 14, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

66