# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>*In re Lehman Brothers Equity/Debt Securities Litigation*, 08-CV-5523 (LAK) | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE |

**JOINT DECLARATION OF DAVID STICKNEY AND DAVID KESSLER IN SUPPORT OF (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT ERNST & YOUNG LLP AND APPROVAL OF PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

We, David Stickney of the law firm of Bernstein Litowitz and David Kessler of the law firm of Kessler Topaz, submit this joint declaration in support of (A) Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Ernst & Young LLP and Approval of Plan of Allocation and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Joint Declaration"). We are partners in our respective law firms and have actively supervised and participated in the prosecution of this Action since its inception. As a result, we have personal knowledge of all material matters related to this Action. The statements in this declaration are made based on our personal knowledge unless otherwise indicated.[1]

## I. INTRODUCTION

1. The purpose of this declaration is to set forth, with respect to EY, the background of the Action, its procedural history, the factual investigation, discovery, and negotiations that led to the Settlement.

2. The Settlement with EY is for $99 million in cash, which was deposited into an interest-bearing escrow account for the benefit of the Settlement Class on December 18, 2013. The terms of the Settlement are set forth in the Stipulation. The Settlement, if approved, will resolve this Action in its entirety. Combined with the D&O Settlement and the UW Settlements, this recovery from EY brings the total recovery for Lehman investors obtained by Lead Counsel through this Action to $615,218,000.00.

3. As explained below, we believe that the proposed Settlement with EY represents a significant recovery for the Settlement Class that is fair, reasonable and warrants Court approval.

4. In February 2009, Lead Counsel obtained a tolling agreement from EY to preserve the rights of class members while Lead Counsel pursued claims against Lehman's officers and directors and the underwriters of certain Lehman offerings, and Lead Counsel investigated potential claims against Lehman's outside auditor. Following publication of the Examiner's

---

[1] All terms with initial capitalization not otherwise defined herein or in the "Table of Abbreviations" set forth above, shall have the meanings ascribed to them in the Stipulation of Settlement and Release dated as of November 20, 2013 (ECF Nos. 535-1 and 535-2).

1

The following is a list of the exhibits attached hereto, which are also discussed below:

| EX. | DESCRIPTION |
|---|---|
| 1 | Affidavit of Jose C. Fraga Regarding (A) Mailing of the EY Notice and EY Claim Form; (B) Publication of the EY Summary Notice; (C) Report on Requests for Exclusion Received to Date; and (D) Report on Requests for Removal from the Excluded List by Individual Action Plaintiffs ("Fraga Aff.") |
| 2 | Schedule of Plaintiffs' Counsel's Lodestar and Expenses in Connection with the EY Settlement |
| 2-A | Declaration of David R. Stickney in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Bernstein Litowitz Berger & Grossmann LLP |
| 2-B | Declaration of David Kessler in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Kessler Topaz Meltzer & Check, LLP |
| 2-C | Declaration of James J. Sabella in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Grant & Eisenhofer P.A. |
| 2-D | Declaration of Mark A. Strauss in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Kirby McInerney LLP |
| 2-E | Declaration of Jonathan Gardner in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Labaton Sucharow LLP |
| 2-F | Declaration of Deborah R. Gross in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Law Offices of Bernard M. Gross, P.C. |
| 2-G | Declaration of Marvin L. Frank in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Murray Frank LLP |
| 2-H | Declaration of Robert Roseman in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Spector Roseman Kodroff & Willis, PC |
| 2-I | Declaration of Joseph E. White, III, in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses in Connection with the Ernst & Young LLP Settlement, Filed on Behalf of Saxena White P.A. |
| 3 | Schedule of Expenses by Category – EY Settlement |
| 4 | Aggregate Proposed Compensation Compared to Aggregate Lodestar of Plaintiffs' Counsel |

only three requests for exclusion from the Settlement Class have been received (*see* Fraga Aff. ¶13); and only three potential objections have been received.[5]

### C.      Plan Of Allocation

83.      As set forth in the Notice, Plaintiffs have proposed a plan for allocating the proceeds of the Settlement among members of the Settlement Class who (i) previously submitted valid Claim Forms to the Claims Administrator in connection with the D&O Settlement or UW Settlements or (ii) submit timely and valid Claim Forms to the Claims Administrator in connection with this Settlement, in accordance with the requirements established by the Court, and which are approved for payment.  The objective of the proposed Plan of Allocation is to equitably distribute the net proceeds of the Settlement to those members of the Settlement Class who suffered losses as a result of the alleged misrepresentations alleged in the Action.

84.      The proposed Plan of Allocation was prepared in consultation with Plaintiffs' damages consulting expert and is largely based on the plan developed and approved in connection with the D&O Settlement.  It is the opinion of Lead Counsel that the Plan of Allocation is fair, reasonable and adequate to the Settlement Class.

85.      The Plan of Allocation (the "Plan") is set forth in Appendix D to the Notice.  Under the Plan, a Recognized Loss or Recognized Gain will be calculated for (i) each share of common stock purchased or acquired during the Settlement Class Period; (ii) each share of Lehman common stock purchased or acquired in the June 9, 2008 Secondary Offering; (iii) each share of Lehman Preferred Stock (listed in Exhibit 2 to the Plan) purchased or acquired during the Settlement Class Period; (iv) each unit of Lehman Senior Unsecured Notes (including "Principal

---

[5] To date, objections have been received from Raymond Gao (ECF No. 545), who also submitted an objection in connection with the D&O Settlement which the Court found to be without merit (ECF No. 345), and Robert J. Kreps (ECF No. 1377 in 09-md-02017-LAK).  Lead Counsel have also received a correspondence from William Brady which they are treating as an objection. Despite the fact that two of the individuals fail to provide the required documentation confirming their status as a Settlement Class Member, Lead Counsel will file these objections and similar correspondence and address them, along with any additional objections received following this submission, as well as the requests for exclusion, in connection with Lead Plaintiffs' reply papers to be filed with the Court on April 8, 2014, as provided in the Notice Order.

Protection" Notes and other Structured Notes) and Subordinated Notes (listed in Exhibit 3 to the Plan) purchased or acquired during the Settlement Class Period; (v) each exchange-traded call option on Lehman common stock purchased or acquired during the Settlement Class Period; and (vi) each exchange-traded put option on Lehman common stock sold or written during the Settlement Class Period. For transactions in common stock and options, the Recognized Losses (and Recognized Gains) are generally calculated pursuant to the Plan based on differences in the amount of artificial inflation (or deflation) in the securities on the date of purchase and the date of sale (if any). For transactions in Lehman Preferred Stock, Lehman Senior Unsecured Notes and Subordinated Notes, and Lehman common stock purchased or acquired in the June 9, 2008 Secondary Offering, the Recognized Losses (and Recognized Gains) are calculated based on the Section 11 measure of damages and are generally based on the difference between the purchase price (not to exceed the issue price) of the security and either the sale price or the price on the date suit was filed.[6]

86.    The Plan also takes into account the Court's dismissal of certain claims asserted by the Settlement Class for acquisitions made prior to the issuance of EY's review report on Lehman's Form 10-Q filed with the SEC on July 10, 2008. Accordingly, as explained in the Notice (p. 19), the Recognized Loss, Recognized Gain, Trading Loss and Trading Gain calculations for (i) purchases of Lehman Securities (other than Lehman exchange-traded options) and (ii) sales of Lehman exchange-traded options between June 12, 2007 and July 10, 2008, inclusive, will be multiplied by 10% to reflect the substantially lower likelihood of success on the dismissed claims, which would be viable only if the Court's dismissal was reversed on appeal, and such claims would then face the additional risk of proof due to passage of time.

---

[6] There is no Recognized Loss or Recognized Gain if the Lehman common stock, Lehman Preferred Stock, or Lehman Senior Unsecured Notes and Subordinated Notes were sold before June 9, 2008, or if the call options were sold, exercised or expired (or put options were re-purchased, exercised or expired) before June 6, 2008.

115.    In addition, as detailed above, in prosecuting the claims against EY Lead Counsel obtained, reviewed, and analyzed over 26 million pages of documents from EY, the Lehman Estate, and various other third parties such as the three major credit ratings agencies, Lehman's secured creditors and counterparties to the Repo 105 transactions and Lehman's potential strategic partners.  In order to effectively and efficiently review and analyze the voluminous documents from multiple sources, a document management system was engaged.  Lead Plaintiffs retained Epiq Systems to host the database.  Duplication of many of these documents obtained in discovery was also necessary for the effective prosecution of the claims against EY, including, but not limited to, in preparation for the over fifty depositions taken.  Included in the expense request above is $1,794,350.77 for reimbursement of expenses related to the document management system, and $130,409.41 for reimbursement of Plaintiffs' Counsel's internal and external copying costs.  *See* Exhibit 3 attached hereto.

116.    In addition, Plaintiffs' Counsel were required to travel – including on three continents for the over fifty depositions – in connection with prosecuting the claims against EY, and thus incurred the related costs of airline tickets, meals and lodging.  Included in the expense request above is $258,215.47 for travel expenses necessarily incurred for the prosecution of the claims against EY.  *See* Exhibit 3 attached hereto.

117.    As set forth in the Stipulation, approval of the Settlement is independent from approval of Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.  Any determination with respect to Lead Counsel's application for an award

of attorneys' fees and reimbursement of Litigation Expenses will not affect the Settlement, if approved.

We declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 11th day of March, 2014.

34

APPH 0007

_/s/ David R. Stickney_
DAVID R. STICKNEY


_/s/ David Kessler_
DAVID KESSLER

35

APPH 0008

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>*In re Lehman Brothers Equity/Debt Securities Litigation,* 08-CV-5523-LAK | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE |

**AFFIDAVIT OF JOSE C. FRAGA REGARDING (A) MAILING OF THE EY NOTICE AND EY CLAIM FORM; (B) PUBLICATION OF THE EY SUMMARY NOTICE; (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE; AND (D) REPORT ON REQUESTS FOR REMOVAL FROM THE EXCLUDED LIST BY INDIVIDUAL ACTION PLAINTIFFS**

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NASSAU       )

Jose C. Fraga, being duly sworn, deposes and says:

1.      I am the Senior Director of Operations for The Garden City Group, Inc. ("GCG"), headquartered at 1985 Marcus Avenue, Suite 200, Lake Success, New York 11042.   The following statements are based on my personal knowledge and information provided by other experienced GCG employees working under my supervision.

2.      Pursuant to the Court's Order Concerning Proposed Settlement with Defendant Ernst & Young LLP dated December 3, 2013 (ECF. No. 542) (the "EY Notice Order"), GCG was appointed as the Claims Administrator in connection with the settlement reached with Ernst & Young LLP (the "EY Settlement") in the above-captioned action (the "Action").[1]

---

[1] All terms with initial capitalizations not otherwise defined herein shall have the meanings ascribed to them in the EY Notice Order.

APPH 0010

3.     GCG was previously appointed as the Claims Administrator in connection with the settlement reached with the director and officer defendants (the "D&O Settlement") and the settlements reached with the settling underwriter defendants (the "UW Settlement") pursuant to the Court's December 15, 2011 Order Concerning Proposed Settlement with the Director and Officer Defendants (ECF No. 306) and the Court's December 15, 2011 Order Concerning Proposed Settlement with the Settling Underwriter Defendants (ECF No. 307) (together, the "2011 Notice Orders"). Pursuant to the 2011 Notice Orders and as more fully described in the (i) Affidavit of Stephen J. Cirami Regarding (A) Mailing of the Notices and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date dated March 8, 2012 (ECF No. 343-2) and (ii) Supplemental Affidavit of Stephen J. Cirami dated April 4, 2012 (ECF No. 380) (together, the "Prior GCG Mailing Affidavits"), GCG mailed the notices and claim form for the D&O and UW Settlements, along with a cover letter (the "D&O and UW Settlements Notice Packet") to potential members of the D&O and UW Settlement Classes beginning on January 18, 2012.

**MAILING OF THE EY NOTICE AND EY CLAIM FORM**

4.     Pursuant to the EY Notice Order, GCG has disseminated the Notice of Pendency of Class Action and Proposed Settlement with Defendant Ernst & Young LLP, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "EY Notice") and Proof of Claim (the "EY Claim Form") (collectively, the EY Notice and EY Claim Form are referred to herein as the "EY Notice Packet") to potential members of the EY Settlement Class. A copy of the EY Notice Packet is attached hereto as Exhibit A.

5.     On December 18, 2013, GCG mailed a total of 826,180 EY Notice Packets to potential members of the EY Settlement Class whose names and addresses were received by

2

GCG in connection with the D&O and UW Settlements.[2]  Specifically, GCG mailed EY Notice Packets to (i) 765,691 potential members of the EY Settlement Class who did not previously submit a valid Claim Form in connection with the D&O or UW Settlements and (ii) 60,489 members of the EY Settlement Class who submitted a valid Claim Form in connection with the D&O or UW Settlements.   The EY Notice Packets disseminated to those members of the EY Settlement Class who submitted valid Claim Forms in connection with the D&O or UW Settlements also included a cover letter informing the recipients that their previously submitted claim would automatically be deemed an eligible claim with respect to the transaction(s) in the Lehman securities covered by the EY Settlement for which their claim was previously approved, so long as the approved transaction(s) calculate to an Overall Recognized Claim under the Plan of Allocation for the EY Settlement.[3] GCG also mailed 28,560 EY Notice Packets to brokerage firms, banks, institutions and other nominees that had previously requested D&O and UW Settlements Notice Packets so that they could forward them to their customers.

6.    As in most class actions of this nature, the large majority of potential class members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  GCG maintains a proprietary database with names and addresses of the largest and most common U.S. banks, brokerage firms, and

---

[2] *See* Prior GCG Mailing Affidavits.  ECF No. 343-2 at ¶¶3-12; ECF No. 380 at ¶¶2-3.

[3] In addition, GCG caused emails to be sent to each institutional investor, law firm and claim filing company that submitted claims electronically in the D&O or UW Settlements.  The emails contained a copy of the EY Notice Packet and provided similar information as in the cover letter described above.  The emails also provided the recipients with a spreadsheet advising which, if any, of their claims were eligible in the D&O or UW Settlements and therefore would automatically be deemed eligible with respect to the transaction(s) in the Lehman securities covered by the EY Settlement, so long as the approved transaction(s) calculate to an Overall Recognized Claim under the Plan of Allocation for the EY Settlement.

nominees, including national and regional offices of certain nominees (the "Nominee Database"). GCG's Nominee Database is updated from time to time as new nominees are identified, and others go out of business. At the time of the initial mailing for the EY Settlement, the Nominee Database contained 2,028 mailing records. On December 18, 2013, GCG caused the EY Notice Packet to be mailed to the 2,028 mailing records contained in GCG's Nominee Database. The EY Notice informs persons or entities who purchased Lehman Securities (as that term is defined in the EY Notice) as a nominee for a beneficial owner that they must provide names and addresses for all of their beneficiaries who are members of the EY Settlement Class to the extent that these names and addresses were not previously provided to GCG in connection with the D&O and UW Settlements. To the extent that that this information was not previously provided to GCG, the EY Notice instructs nominees that they must, within 14 days after receipt of the EY Notice, either (i) provide the names and addresses of such persons and entities to GCG, or (ii) send a copy of the EY Notice Packet by first class mail to the beneficial owners of such Lehman Securities. *See* EY Notice at page 9.

7.    As of March 5, 2014, GCG has received an additional 56,882 names and addresses of potential members of the EY Settlement Class (after exact duplicate mailing records were removed) from individuals or from brokerage firms, banks, institutions and other nominees requesting that EY Notice Packets be mailed to such persons. Also, GCG has received requests from brokers and other nominee holders for 3,200 EY Notice Packets to be mailed to such brokers and nominee holders so that they could forward them to their customers. All such requests have been complied with in a timely manner.

8.    As of March 5, 2014, an aggregate of 916,850 EY Notice Packets have been disseminated to potential members of the EY Settlement Class or nominees by first-class mail or

4

bulk mail.  In addition, GCG has re-mailed 4,072 EY Notice Packets to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were provided to GCG by the U.S. Postal Service.

## PUBLICATION OF THE EY SUMMARY NOTICE

9.    Pursuant to the EY Notice Order, GCG Communications, the media division of GCG, caused the Summary Notice of Pendency of Class Action and Proposed $99 Million Cash Settlement with Defendant Ernst & Young LLP, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "EY Summary Notice") to be published once in the national edition of *The Wall Street Journal* and in *Investor's Business Daily*.  Attached hereto as Exhibit B is the affidavit of Jeb Smith, the Advertising Clerk of the Publisher of *The Wall Street Journal*, attesting to the publication of the EY Summary Notice in that newspaper on January 2, 2014.  Attached hereto as Exhibit C is the affidavit of Stephan Johnson for the publisher of *Investor's Business Daily*, attesting to the publication of the EY Summary Notice in that newspaper on January 2, 2014.

## TELEPHONE HOTLINE

10.    Beginning on or about December 18, 2013, GCG established and continues to maintain a toll-free telephone number (1-888-499-2911) and interactive voice response system to accommodate inquiries from potential members of the EY Settlement Class and to respond to frequently asked questions.  The telephone hotline dedicated to the EY Settlement is accessible 24 hours a day, 7 days a week.  Callers to the toll-free telephone number during regular business hours have the option of speaking with a call center representative.  All inquiries have been and continue to be promptly responded to.

5

## WESBITE

11.    GCG    established    and    maintains    a    website (www.LehmanSecuritiesLitigationSettlement.com) dedicated to the prior D&O and UW Settlements and the EY Settlement to assist potential members of the settlement classes. On or about December 18, 2013, GCG updated the settlement website to include information regarding the EY Settlement and important deadlines in connection therewith  – i.e., deadlines for submitting a request for exclusion from the EY Settlement Class, submitting a request for removal from the excluded list for Individual Action Plaintiffs, filing an objection, filing a notice of intention to appear and submitting a Proof of Claim, as well as the date and time of the Court's Settlement Fairness Hearing in connection with the EY Settlement. Pursuant to the EY Notice Order, on or before December 18, 2013, GCG posted the EY Notice, the EY Claim Form and the EY Summary Notice on the settlement website, as well as a copies of the Third Amended Class Action Complaint for Violations of the Federal Securities Laws, the EY Notice Order, the Stipulation of Settlement and Release and a list of eligible securities. In addition, the settlement website contains a link to a document with detailed instructions for persons and entities who wish to submit their claims electronically. The address for the settlement website was set forth in the published EY Summary Notice, the EY Notice and in the EY Claim Form. The settlement website is accessible 24 hours a day, 7 days a week.

12.    As instructed by Co-Lead Counsel, GCG made certain non-substantive improvements to the EY Notice and EY Claim Form, and those improved versions were made available on the settlement website beginning on January 3, 2014.

6

## REPORT ON EXCLUSION REQUESTS RECEIVED TO DATE

13.    The EY Notice informs potential members of the EY Settlement Class that requests for exclusion are to be mailed, addressed to *In re: Lehman Brothers Equity/Debt Securities Litigation – EY Settlement*, c/o GCG, Claims Administrator, P.O. Box 10025, Dublin, OH 40317-6625, such that they are received by GCG no later than March 25, 2014.  The EY Notice also sets forth the information that must be included in each request for exclusion.  GCG has been monitoring all mail delivered to the Post Office Box.  As of March 5, 2014, GCG has received three requests for exclusion. GCG will submit a supplemental affidavit after the March 25, 2014 deadline to request exclusion that addresses all requests for exclusion received.

## REPORT ON REQUESTS FOR REMOVAL FROM THE EXCLUDED LIST BY INDIVIDUAL ACTION PLAINTIFFS

14.    The EY Notice informs those plaintiffs named in one of the Individual Actions listed on Appendix C to the EY Notice and excluded by definition from the EY Settlement Class (the "Individual Action Plaintiffs"), that they can request to participate in the EY Settlement by requesting removal from the list of excluded individuals and entities, and that by doing so, they are agreeing to (i) forego their participation in the Individual Action and (ii) not object to any aspect of the Settlement, including the terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation or Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. As set forth in the EY Notice, such request for removal must be made in writing and must be received by the Clerk of the Court, United States District Court for the Southern District of New York; Co-Lead Counsel and Counsel for EY by March 25, 2014.

15.    Co-Lead Counsel have informed GCG that, to date, two such requests for removal by Individual Action Plaintiffs have been received.  GCG will address all such requests for

7

removal in its supplemental affidavit to be filed with the Court after the March 25, 2014 deadline.

_____
Jose C. Fraga

Sworn to before me this
6th day of March, 2014

_____
Notary Public

VANESSA M. VIGILANTE
Notary Public, State of New York
No. 01VI6143817
Qualified in Queens County
My Commission Expires 4-17-2014

8

APPH 0017

# EXHIBIT A

APPH 0018

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH DEFENDANT ERNST & YOUNG LLP, SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**IF YOU PURCHASED OR ACQUIRED THE LEHMAN SECURITIES DESCRIBED BELOW, YOU COULD RECEIVE A PAYMENT FROM A SETTLEMENT WITH ERNST & YOUNG LLP**

*A U.S. Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice addresses the settlement reached with Ernst & Young LLP ("EY") in the class action lawsuit *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-CV-5523-LAK (S.D.N.Y.) (the "Action").  This notice is directed at all investors who (a) purchased or otherwise acquired Lehman securities identified in Appendix A hereto, (b) purchased or otherwise acquired Lehman Structured Notes identified in Appendix B hereto, and/or (3) purchased or otherwise acquired Lehman common stock or call options and/or sold Lehman put options ("Lehman Securities") during the period between June 12, 2007 and September 15, 2008, through and inclusive (the "Settlement Class").

- *See* Question 8 below for a list of individuals and entities excluded by definition from the Settlement Class.  **Please Note**: If you are a plaintiff named in one of the actions listed on Appendix C hereto (the "Individual Actions"), you are excluded from the Settlement Class, *unless* you request removal from the excluded list in accordance with Question 18 below.

- The Settlement amount is $99,000,000 in cash ("Settlement Amount") plus interest (the "Settlement Fund") for the benefit of the Settlement Class.   Estimates of average recovery per damaged security are set forth on Appendix E hereto.  Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, how many Settlement Class Members submit claims or have previously submitted claims in connection with the D&O Settlement or UW Settlements (as defined below) in this Action, when and the prices at which their Lehman Securities were purchased, acquired or sold, and what security they purchased, acquired or sold.  In addition, as set forth in Question 20 below, Co-Lead Counsel will seek approval for attorneys' fees of $29.7 million, plus interest thereon, and for reimbursement of Litigation Expenses in an amount not to exceed $5 million, plus interest thereon.   Co-Lead Counsel's application for reimbursement of Litigation Expenses may include the reasonable costs and expenses of Plaintiffs (as defined in Question 1 below) directly related to their representation of the Settlement Class.  The requested fees represent an amount which is less than the lodestar incurred by Plaintiffs' Counsel for such services on behalf of the Settlement Class.  The hours utilized to calculate this lodestar have not been included in any prior fee submission in this Action.  If the Court approves Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, the average cost per damaged security will be as set forth on Appendix E hereto.

- If the Settlement is approved by the Court, it will result in (i) the distribution of the Settlement Fund, minus certain Court-approved fees, costs and expenses as described herein, to investors who submit Proof of Claim Forms ("Claim Forms") or have previously submitted valid Claim Forms in connection with the D&O Settlement or UW Settlements; (ii) the release of EY and certain other related parties from further lawsuits that are based on, arise out of, or relate in any way to the facts and claims alleged, or that could have been alleged, in the Action; and (iii) the dismissal with prejudice of EY.  The Settlement also avoids the costs and risks of further litigation against EY.

- This Settlement is in addition to the following settlements previously reached in the Action: (i) the settlements reached with certain of the underwriters of certain Lehman offerings for a total of $426,218,000 approved by the Court on May 2, 2012 (the "UW Settlements"), (ii) the settlement with certain of Lehman's directors and officers during the relevant period for $90,000,000 approved by the Court on May 24, 2012 (the "D&O Settlement"), and (iii) the $120,000,000 proposed settlement reached on behalf of certain investors in certain Lehman structured products regarding the claims against UBS Financial Services, Inc. ("UBS") (the "SNP Settlement").  *See* Question 6 below for more details regarding these settlements.

- **If you previously submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you need not submit another Claim Form in order to participate in this Settlement with EY.**  Your previously submitted Claim Form will be processed in connection with this Settlement.  **If you did not submit a valid Claim Form in connection with the D&O Settlement or UW Settlements, you must submit a Claim Form now in order to be potentially eligible to participate in this Settlement.**

- **If you submitted a claim form exclusively in the SNP Settlement, you must submit a new Claim Form now in order to be potentially eligible to participate in this Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form Postmarked No Later Than April 17, 2014** | The only way to receive a payment.  Instructions as to how to request a Claim Form are contained below.<br><br>**If you previously submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you need not submit another Claim Form in connection with this Settlement.**  *See* Question 13 below. |
| **Exclude Yourself By March 25, 2014** | Receive no payment.  This is the only option that *potentially* allows you to ever bring or maintain your own lawsuit against EY and the other released parties, or to be part of another lawsuit, concerning the claims being resolved in this Settlement.  *See* Question 16 below. |
| **Request Removal From the Excluded List If You Are a Plaintiff Named in an Individual Action By March 25, 2014** | The only way to participate in this Settlement and be potentially eligible to receive a payment if you are a plaintiff named in one of the Individual Actions included on Appendix C hereto. |
| **Object By March 25, 2014** | Write to the Court about why you do not like the Settlement or any aspect thereof. |
| **Go to a Hearing on April 15, 2014 at 4:30 p.m.** | Ask to speak in Court about the fairness of the Settlement or any aspect thereof. |
| **Do Nothing** | If you do nothing, and you did not submit a valid Claim Form in connection with the prior D&O Settlement or the prior UW Settlements, you will receive no payment and give up your rights.  If, however, you previously submitted a valid Claim Form in connection with the prior D&O Settlement or the prior UW Settlements, that Claim Form will be processed in connection with this Settlement. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  If it does, it will take time to process all of the Claim Forms and to distribute payments.  Please be patient.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ................................................................................................................................ **PAGE 3**
1.    Why was this Notice issued?
2.    What is this lawsuit about?
3.    Why is this a class action?
4.    Why is there a settlement?
5.    Are the other defendants included in this Settlement?
6.    What are the other settlements in connection with this Action?

**WHO IS IN THE SETTLEMENT** ................................................................................................................ **PAGE 4**
7.    How do I know if I am part of the Settlement?
8.    Are there exceptions to being included?
9.    I am still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ................................................................................. **PAGE 5**
10.    What does the Settlement provide?
11.    How much will my payment be?
12.    What am I giving up as part of the Settlement?
13.    How can I get a payment?
14.    When will I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS** .................................................................. **PAGE 6**
15.    If I exclude myself, can I get money from this Settlement?
16.    If I do not exclude myself, can I sue later?
17.    How do I get out of the Settlement?

**REMOVING YOURSELF FROM THE EXCLUDED LIST IF YOU ARE A PLAINTIFF NAMED IN ONE OF THE INDIVIDUAL ACTIONS** ................................................................................................................. **PAGE 7**
18.    If I am a plaintiff named in one of the Individual Actions listed on Appendix C hereto and excluded from the Settlement Class can I choose to participate in the Settlement?

**THE LAWYERS REPRESENTING YOU** ................................................................................................... **PAGE 7**
19.    Do I have a lawyer in this case?
20.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ....................................................................................................... **PAGE 8**
21.    How do I tell the Court if I do not like the Settlement?
22*.*    What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**................................................................................................................. **PAGE 8**

      23.      When and where will the Court decide whether to approve the Settlement?

      24.      Do I have to come to the fairness hearing?

      25.      May I speak at the fairness hearing?

**IF YOU DO NOTHING**.................................................................................................................................. **PAGE 9**

      26.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ................................................................................................................. **PAGE 9**

      27.      How do I get more information?

**INFORMATION FOR BROKERS AND OTHER NOMINEES** .......................................................................... **PAGE 9**

      28.  What if I bought Lehman Securities for a beneficial owner?

**BASIC INFORMATION**

| 1. Why was this Notice Issued? |
|---|

A U.S. Court authorized this Notice to inform you about a settlement reached with one of the defendants in this class action lawsuit. This Notice explains the lawsuit, the Settlement and your legal rights and options in connection with the Settlement before the Court decides whether to give "final approval" to the Settlement. The Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York is presiding over the case known as *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-CV-5523-LAK. The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the plaintiffs are (i) Court-appointed Lead Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund and (ii) the Court-appointed Class Representative Oklahoma Firefighters Pension and Retirement System (collectively, the "Plaintiffs" or "Settlement Class Representatives"). The defendant who has agreed to settle is EY. The proposed Settlement discussed in this Notice will resolve all claims against EY and certain other released parties only. As discussed below in Question 6, separate settlements have been reached with the other defendants in the Action.

Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement. If you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you will be required to submit the Claim Form that is included with this Notice, as described in Question 13 below, unless you already submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements. **If you submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you do not need to submit another Claim Form. Your previously submitted Claim Form will be processed in connection with this Settlement.**

| 2. What is this lawsuit about? |
|---|

The operative complaint in the Action, the Third Amended Class Action Complaint dated April 23, 2010 (the "Complaint"), asserts (i) claims under Sections 11, 12 and/or 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, against EY, Lehman Brothers Holdings Inc.'s auditor during the relevant time period, certain current and/or former Lehman officers and directors, and certain underwriters of certain Lehman offerings, and (ii) claims under Sections 10, 20 and/or 20A of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j, 78t(a), 78t(A), against EY and certain former Lehman officers. The Complaint alleges, among other things, that during the relevant time period, the defendants in the Action made misrepresentations and omissions of material facts concerning certain aspects of Lehman's financial results and operations. Specifically with respect to EY, the Complaint alleges, among other things, that (i) EY falsely certified that Lehman's 2007 financial statements were prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (ii) EY falsely represented that it conducted its audits or reviews of these financials in accordance with Generally Accepted Accounting Standards; and (iii) EY falsely represented that Lehman's interim financial statements during the relevant time period required no material modification in order to conform with GAAP.

On September 8, 2011, the Court entered an order granting EY's motion to dismiss all claims asserted against it under the Securities Act, and granting EY's motion to dismiss with respect to the claims brought against it under the Exchange Act for all purchases of Lehman common stock and options made prior to July 10, 2008. By the same order, the Court denied EY's motion to dismiss with respect to the claims brought against it under the Exchange Act for all purchases of Lehman common stock and options made after July 10, 2008 through and including September 15, 2008. On October 3, 2011, EY answered the Complaint.

On February 3, 2012, Lead Plaintiffs filed a motion to certify a class action for purposes of the continuing litigation against EY. On January 23, 2013, the Court certified a class and appointed Oklahoma Firefighters Pension and Retirement System as the class representative with respect to the claims against EY. Additionally, the Court appointed Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP as Co-Lead Counsel with respect to the claims against EY.

During the course of the Action, the parties also conducted voluminous discovery, including Plaintiffs' review of over 26 million pages of documents produced by EY, other defendants and relevant third parties and obtaining testimony in over 50 depositions.

| 3. Why is this a class action? |
|---|

In a class action lawsuit, one or more persons or entities known as class representatives – in this case Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers'

Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, Operating Engineers Local 3 Trust Fund and Oklahoma Firefighters Pension and Retirement System – assert legal claims on behalf of all persons and entities with similar legal claims.[1]  Here, the Lead Plaintiffs sued on behalf of others who have similar claims.  All of these people together are referred to as the "Settlement Class" or as "Settlement Class Members."  One Court resolves the issues for all Settlement Class Members, except for any persons or entities who choose to exclude themselves from the Settlement Class (*see* Question 17 below), if the Court determines that a class action is an appropriate method to do so.

---

**4.  Why is there a settlement?**

EY has agreed to settle the Action.  The Court did not decide in favor of the Plaintiffs or EY.  The Settling Parties disagree on both liability and the amount of damages that could be won if Plaintiffs had prevailed at trial.  Specifically, the Settling Parties disagree, among other things, on (1) whether the statements made or facts allegedly omitted were material, false or misleading, (2) whether EY is otherwise liable under the securities laws for those statements or omissions, (3) the average amount of damages per security, if any, that would be recoverable if Plaintiffs were to prevail, and (4) whether the alleged misleading statements caused any part of the Plaintiffs' losses.  Based upon their investigation, formal discovery and extensive mediation efforts, and after considering (a) the attendant risks of litigation and (b) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation of Settlement and Release dated November 20, 2013 (the "Stipulation"), Plaintiffs and their lawyers believe that the Settlement is in the best interests of the Settlement Class Members.

EY has denied the claims asserted against it in the Action and denies having engaged in any wrongdoing or violation of law of any kind whatsoever.  EY has agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of EY's wrongdoing.

---

**5.  Are the other defendants included in this Settlement?**

No.  This Settlement only includes EY.

---

**6.  What are the other settlements in connection with this Action?**

Lead Plaintiffs previously obtained settlements with certain of the underwriters of certain Lehman offerings for a total of $426,218,000 which were approved by the Court on May 2, 2012, and a settlement with certain of Lehman's directors and officers during the relevant period for $90,000,000 which was approved by the Court on May 24, 2012.  On June 10, 2013, the Court entered an order approving distributions to eligible settlement class members in connection with the D&O Settlement and UW Settlements.  **As explained in Question 13 below, if you previously submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you do not have to submit a Claim Form in connection with this Settlement.**

Additionally, on August 8, 2013, certain of the named plaintiffs reached a settlement for $120,000,000 on behalf of a class of certain investors in certain Lehman structured products regarding the claims against UBS.  Following a hearing, on September 11, 2013, the plaintiffs filed an amended stipulation of proposed settlement (the "SNP Settlement").  On September 16, 2013, the Court preliminarily certified a settlement class for purposes of the proposed SNP Settlement, authorized notice to be disseminated to the SNP Class, and scheduled a settlement hearing for December 10, 2013.  More information regarding the SNP Settlement can be found by visiting www.LehmanSPSettlement.com.  **If you submitted a claim form exclusively in the SNP Settlement, you must submit a new Claim Form now in order to participate in this Settlement.**

### WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

---

**7.  How do I know if I am part of the Settlement?**

Judge Kaplan has determined that everyone who fits the following description is a Settlement Class Member, unless you are excluded from the Settlement Class as described in Question 8 below:  ***All investors who (a) purchased or otherwise acquired Lehman Securities identified in Appendix A hereto, (b) purchased or otherwise acquired Lehman Structured Notes identified in Appendix B hereto, and/or (c) purchased or otherwise acquired Lehman common stock or call options and/or sold Lehman put options during the period between June 12, 2007 and September 15, 2008, through and inclusive.***

---

**8.  Are there exceptions to being included?**

Yes.  Excluded from the Settlement Class are (i) the named defendants in the Complaint, (ii) Lehman, (iii) the executive officers and directors of each Defendant or Lehman, (iv) any entity in which any Defendant or Lehman have or had a controlling interest,

---

[1] Additional named plaintiffs in this Action are Brockton Contributory Retirement System; Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters; Police and Fire Retirement System of the City of Detroit; American European Insurance Company; Belmont Holdings Corp.; Marsha Kosseff; Stacey Oyler; Montgomery County Retirement Board; Fred Telling; Stuart Bregman; Irwin and Phyllis Ingwer; Carla LaGrassa; Teamsters Allied Benefit Funds; Francisco Perez; Island Medical Group PC Retirement Trust f/b/o Irwin Ingwer; Robert Feinerman; John Buzanowski; Steven Ratnow; Ann Lee; Sydney Ratnow; Michael Karfunkel; Mohan Ananda; Ronald Profili; Grace Wang; Stephen Gott; Juan Tolosa; Neel Duncan; Nick Fotinos; Arthur Simons; Richard Barrett; Shea-Edwards Limited Partnership; Miriam Wolf; Harry Pickle (trustee of Charles Brooks); Barbara Moskowitz; Rick Fleischman; Karim Kano; David Kotz; Ed Davis; and Joe Rottman.

(v) members of any Defendant's immediate families, (vi) the plaintiffs named in the actions listed on Appendix C hereto (the "Individual Actions") who do not request removal from the excluded list in accordance with Question 18 below (the "Individual Action Plaintiffs"); (vii) any person or entity that has (a) litigated claims in any forum against EY arising out of the purchase of Lehman Securities during any portion of the Settlement Class Period and received a judgment, or (b) settled and released claims against EY arising out of the purchase of Lehman Securities during any portion of the Settlement Class Period (as identified on a confidential exhibit that will be produced by EY on a confidential basis to the Claims Administrator, but shall not be provided to Co-Lead Counsel or Lead Plaintiffs or to any other person or entity); and (viii) the legal representatives, heirs, successors or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in this Notice.

**Please Note: If you are a plaintiff named in one of the Individual Actions listed on Appendix C hereto, please see Question 18 below.**

| 9.  I am still not sure if I am included. |
| --- |

If you are not sure whether you are a Settlement Class Member, you may visit www.LehmanSecuritiesLitigationSettlement.com or you can contact the Claims Administrator for the Settlement, The Garden City Group, Inc. ("GCG") by writing to *In re Lehman Brothers Equity/Debt Securities Litigation – EY Settlement*, c/o GCG, P.O. Box 10025, Dublin, OH 43017-6625 or by calling (888) 499-2911. You may also want to contact your broker to see if you bought the Lehman Securities eligible to participate in the Settlement.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 10.  What does the Settlement provide? |
| --- |

A Settlement Fund for $99,000,000 has been established.  If the Settlement is approved, the Settlement Fund, less Court-awarded attorneys' fees and Litigation Expenses, the costs of administering the Settlement and taxes, if any (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members.

| 11.  How much will my payment be? |
| --- |

The proposed Plan of Allocation provides for distribution of the Net Settlement Fund to Authorized Claimants.  Each person claiming to be a claimant entitled to share in the Net Settlement Fund ("Authorized Claimant") shall have either: (i) previously submitted a valid Claim Form to the Claims Administrator in connection with the D&O Settlement or UW Settlements; or (ii) submitted a timely and valid Claim Form to the Claims Administrator in connection with this Settlement, signed under penalty of perjury and supported by such documents as specified in the Claim Form as are reasonably available to the Authorized Claimant, and such claim has been approved for payment from the Net Settlement Fund.

All Claim Forms must be postmarked no later than April 17, 2014 addressed as follows:

*In re Lehman Brothers Equity/Debt Securities Litigation – EY Settlement*
**c/o GCG**
**Claims Administrator**
**P.O. Box 10025**
**Dublin, OH 43017-6625**

Unless otherwise ordered by the Court, any Settlement Class Member who has not submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements and fails to submit a properly completed and signed Claim Form in connection with this Settlement within such period as may be ordered by the Court shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to the provisions of the Stipulation entered into by the Settling Parties and the final judgment entered by the Court.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Settling Parties, or another plan of allocation, without further notice to Settlement Class Members.

The proposed Plan of Allocation, which is subject to Court approval, is attached as Appendix D to this Notice.  Please review the Plan of Allocation carefully.

**Please Note**:  The Court previously dismissed certain of the claims that were asserted by the Settlement Class for acquisitions made prior to July 10, 2008, due to a failure to establish falsity and a lack of scienter on EY's part during that portion of the Settlement Class Period.  Because those claims were previously dismissed, it is far less likely that Plaintiffs could prevail on those claims. Accordingly, as set forth in the Plan of Allocation attached as Appendix D hereto, Recognized Loss, Recognized Gain, Trading Loss and Trading Gain calculations for:  (i) sales of Lehman exchange-traded put options, and (ii) purchases of Eligible Securities (other than Lehman exchange-traded put options), between June 12, 2007 and July 10, 2008, inclusive, will be multiplied by 10% to reflect the lesser likelihood of success on the dismissed claims (*i.e.*, the amount will be adjusted downward so that the adjusted amount used in calculating a claimant's *pro rata* recovery is 10% of the unadjusted amount).

5

| 12.  What am I giving up as part of the Settlement? |
|---|

If the Settlement is approved by the Court and becomes final, you will be releasing EY and certain parties related to EY (*i.e.*, the "Released Parties" as set forth in paragraph 1(ii) of the Stipulation) for all of the "Settled Claims."  Generally speaking, "Settled Claims" are those claims brought in this case or that could have been brought in the case and relate to the  Settlement Class Member's purchase, acquisition or holding of Lehman Securities during the Settlement Class Period.  "Settled Claims" is defined in legal terms at paragraph 1(kk) of the Stipulation.  The Stipulation is available at www.LehmanSecuritiesLitigationSettlement.com.  Please read it carefully.

| 13.  How can I get a payment? |
|---|

**If you are a Settlement Class Member and you submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, your previously submitted Claim Form will be processed in connection with this Settlement.  YOU DO NOT NEED TO SUBMIT ANOTHER CLAIM FORM.**  If you are unsure about whether you submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you may contact The Garden City Group, Inc. at P.O. Box 10025, Dublin, OH 43017-6625 or by calling (888) 499-2911.

Submission of a claim form in the SNP Settlement will not be sufficient to allow for you to participate in this Settlement and thus, even if you submitted a valid claim form in connection with the SNP Settlement but did not submit a Claim Form in connection with the D&O Settlement or UW Settlements, you must submit a new Claim Form in order to be potentially eligible to participate in this Settlement.

**If you did not submit a valid Claim Form in connection with the D&O Settlement or UW Settlements, you must submit a Claim Form and the necessary supporting documentation to establish your potential eligibility to share in the Net Settlement Fund.**  A Claim Form is included with this Notice, or you may visit the website maintained by the Claims Administrator, www.LehmanSecuritiesLitigationSettlement.com, to request that a Claim Form be mailed to you.  Submitting a Claim Form does not necessarily guarantee that you will receive a payment.  Please refer to the attached Plan of Allocation for further information on how Plaintiffs propose the Net Settlement Fund will be allocated.

Please retain all records of your ownership of and transactions in Lehman Securities, as they may be needed to document your claim.

| 14.  When will I get my payment? |
|---|

If the Settlement is approved, it will take time for the Claims Administrator to review all of the Claim Forms that are submitted and to decide pursuant to the Plan of Allocation how much each claimant should receive.  This could take many months.  Please check the website for updates.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, but you want to keep the right to *potentially* sue or continue to sue EY on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement Class.  This is sometimes referred to as "opting out" of the settlement class.  *See* Question 17 below.  Co-Lead Counsel and Lead Plaintiffs offer no opinion as to whether you will be able to sue or participate in any other actions against EY related to the claims in this Action if you exclude yourself from the Settlement Class as further explained in response to Question 16 below.

| 15.  If I exclude myself, can I get money from the Settlement? |
|---|

No. If you exclude yourself from the Settlement Class, you will not be able to request a payment from this Settlement Class, and you cannot object to this Settlement.  You will not be bound by anything that happens in this lawsuit with respect to EY, and you may be able to sue EY on your own in the future.  **Please Note:  If you previously requested exclusion from one or both of the settlement classes certified by the Court in connection with the D&O Settlement or UW Settlements, you are not automatically excluded from the Settlement Class described here.  If you wish to exclude yourself from this Settlement Class, you must submit a request for exclusion in accordance with the instructions set forth in Question 17 below.**

| 16.  If I do not exclude myself, can I sue later? |
|---|

No.  Unless you exclude yourself, you give up any right you may *potentially* have to sue EY or any of the other released parties for the claims being released by this Settlement.  If you have a pending lawsuit relating to the claims being released in the Action against EY, you should speak to your lawyer in that case immediately.

**Should you elect to exclude yourself from the Settlement Class, you should understand that EY will have the right to assert any and all defenses it may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  Although EY has decided to settle the Action in its entirety in order to eliminate the burden and expense of continued litigation, EY will retain and is not waiving in any way the right to assert that any subsequent claims asserted by any individual Settlement Class Members who exclude themselves from the Settlement Class are time-barred, are otherwise subject to dismissal, or otherwise lack merit.  You should discuss these issues with a lawyer.**

Appendix D

## PLAN OF ALLOCATION FOR THE NET SETTLEMENT FUND

**A.    Preliminary Matters**

Pursuant to the Settlement reached with EY, EY has caused to be paid $99 million in cash (the "Settlement Amount"). The Settlement Amount and the interest earned thereon is the "Gross Settlement Fund." The Gross Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, notice and administration expenses, and taxes and tax expenses, is the "Net Settlement Fund." The Net Settlement Fund will be distributed to Settlement Class Members who either (i) previously submitted valid Proof of Claim Forms ("Claim Form") to the Claims Administrator in connection with the D&O Settlement or UW Settlements,[1] or (ii) submit timely and valid Claim Forms to the Claims Administrator in connection with this Settlement, in accordance with the requirements established by the District Court, and which are approved for payment from the Net Settlement Fund (collectively "Authorized Claimants"), and whose payment from the Net Settlement Fund equals or exceeds ten dollars ($10.00).

The objective of the proposed plan of allocation set forth below (the "Plan of Allocation") is to equitably distribute the Net Settlement Fund to those Authorized Claimants who suffered losses as a result of the misstatements alleged in the Action. The calculations made pursuant to the Plan of Allocation, which has been developed in consultation with Lead Plaintiffs' damages consulting expert, are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations made pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Settlement Class Members pursuant to the Settlement. The calculations made pursuant to the Plan of Allocation are only a method to weigh the claims of Settlement Class Members against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is the plan that is being proposed to the Court for approval by Lead Plaintiffs and Co-Lead Counsel which was prepared by their damages consulting expert in connection with the D&O Settlement. The Court may approve the Plan of Allocation as proposed or may modify it without further notice to the Class. EY had no involvement in the proposed Plan of Allocation.

Any Orders regarding any modification to the Plan of Allocation will be posted on the settlement website, www.LehmanSecuritiesLitigationSettlement.com. Court approval of the Settlement is independent from Court approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Each person or entity claiming to be an Authorized Claimant, who has not yet submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements must submit a Claim Form in connection with this Settlement, signed under penalty of perjury and supported by such documents as specified in the Claim Form as are reasonably available to the Authorized Claimant, postmarked on or before April 17, 2014 to the address set forth in the accompanying Claim Form. *If you previously submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you should not submit a new Claim Form as the prior Claim Form will be utilized.* If you are unsure about whether you submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, you may contact The Garden City Group, Inc. at P.O. Box 10025, Dublin, OH 43017-6625 or by calling (888) 499-2911.

If you are entitled to a payment from the Net Settlement Fund, your share of the Net Settlement Fund will depend on, among other things, (i) the total amount of Recognized Claims resulting from valid Claim Forms submitted or which were previously submitted in connection with the D&O Settlement or UW Settlements, (ii) the type and amount of Lehman Securities you purchased, acquired and/or sold during the Settlement Class Period, and (iii) the dates on which you purchased, acquired and/or sold such Eligible Securities (as defined below).

By following the Plan of Allocation below, you can calculate your "Overall Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Claim Forms has passed and upon a motion to the Court. **At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Settlement.**

Unless the Court otherwise orders, any Settlement Class Member who fails to submit a valid Claim Form by the deadline or has not previously submitted a valid Claim Form in connection with the D&O Settlement or UW Settlements, and who does not request exclusion from the Settlement Class in accordance with the requirements set forth in Question 17 of the Notice of Pendency of Class Action and Proposed Settlement with Defendant Ernst & Young LLP, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") shall be forever barred from receiving payment(s) pursuant to the Settlement but will be subject to the provisions of the Stipulation of Settlement and Release dated November 20, 2013 and the Settlement embodied therein, including the terms of any judgments entered and releases given.

**B.    Definitions**

This Plan of Allocation is based on the following definitions (listed alphabetically), among others:

1.    "Authorized Claimant" is a Settlement Class Member who either (i) previously submitted a valid Claim Form to the Claims Administrator in connection with the D&O Settlement or UW Settlements; or (ii) submits a timely and valid Claim Form to the Claims Administrator in connection with this Settlement, in accordance with the requirements established by the District Court, and who is approved for payment from the Net Settlement Fund.

---

[1] The term UW Settlements refers collectively to the settlements reached with certain underwriter Defendants approved by the Court on May 2, 2012, and the term D&O Settlement refers to the settlement reached with certain Lehman directors and officers approved by the Court on May 24, 2012. *See* Question 6 of the Notice.

2.    "Deflation" means the amount by which the price of a put option was underpriced on each day of the Settlement Class Period because of the alleged misrepresentations as determined by Lead Plaintiffs' damages consulting expert.

3.    "Distribution Amount" is the actual amount to be distributed to an Authorized Claimant from the Net Settlement Fund.

4.    "Inflation" is the amount by which the price of Lehman common stock and exchange-traded call options were overpriced on each day of the Settlement Class Period as determined by Lead Plaintiffs' damages consulting expert.

5.    "Overall Recognized Claim" is the total of an Authorized Claimant's Net Recognized Losses (defined below) for all of the Eligible Securities (as set forth below).

6.    "Purchase" is the acquisition of an Eligible Security by any means other than a purchase transaction conducted for the purpose of covering a "short sale" transaction.

7.    "Sale" is the disposition of an Eligible Security by any means other than a "short sale" transaction.

8.    "Secondary Offering" refers to the secondary public offering of Lehman common stock on June 9, 2008.

9.    "Settlement Class Period" means the period between June 12, 2007 and September 15, 2008, through and inclusive, as applicable to transactions in common stock and exchange-traded call and put options.

10.    "Unit" is the measure by which the security is denominated (*i.e.*, share, option contract, note).

## C.    Eligible Securities

The Lehman securities covered by the Settlement and for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund (the "Eligible Securities") include the following:

- Common stock;
- Preferred stock listed on Exhibit 2;
- Senior unsecured notes (including "Principal Protection" Notes and other Structured Notes) and subordinated notes listed on Exhibit 3; and
- Exchange-traded call and put options listed on Exhibit 4.

*FIFO Matching*:   If a Settlement Class Member has more than one purchase/acquisition or sale of Eligible Securities, all purchases/acquisitions and sales of like securities shall be matched on a First In, First Out ("FIFO") basis, such that sales will be matched against purchases/acquisitions of the same security in chronological order, beginning first with the opening positions, if any, and then with the earliest purchase/acquisition made during the Settlement Class Period.  Note: Short sales and purchases to cover short sales (whether they occurred before, during, or after the Settlement Class Period) are not included when calculating an Authorized Claimant's Recognized Loss or Recognized Gain.  Short sales and purchases to cover short sales are, however, included when calculating an Authorized Claimant's Trading Losses/Gains.

*Date of Transaction*:   Purchases or acquisitions and sales of Eligible Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

*Commissions and Other Trading Expenses*:  Commissions or other trading expenses that an Authorized Claimant incurred in connection with the purchase or acquisition and sale of an Eligible Security will not be included when calculating an Authorized Claimant's Recognized Loss or Recognized Gain.

*Treatment of the Acquisition or Disposition of an Eligible Security by Means of a Gift, Inheritance or Operation of Law*: The receipt or grant by gift, inheritance or operation of law of an Eligible Security shall not be deemed a purchase, acquisition or sale of an Eligible Security for the calculation of an Authorized Claimant's Recognized Loss or Recognized Gain, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/sale of any Eligible Security, unless (i) the donor or decedent purchased or acquired such Eligible Security during the Settlement Class Period; (ii) no Claim Form was submitted on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Eligible Security; and (iii) it is specifically so provided in the instrument of gift or assignment.

*Holding Value in Lieu of Pricing Information:* To determine the appropriate measurement of damages under Section 11(e) of the Securities Act of 1933, the Plan uses October 28, 2008 as the date when a suit alleging such claims was initially brought. Where information is unavailable to determine the October 28, 2008 closing price for certain senior unsecured notes, the closing price is determined by averaging the closing prices of the senior unsecured notes where such pricing information is available (as reflected on Exhibit 3).  Likewise, where pricing information is unavailable to determine the October 28, 2008 closing price for certain subordinated notes, the closing price is determined by averaging the closing prices of the subordinated notes where such pricing is available (as reflected on Exhibit 3).

*Calculating Net Recognized Loss or Net Recognized Gain:*  An Authorized Claimant's Recognized Loss will be offset by the Authorized Claimant's Recognized Gain, resulting in a Net Recognized Loss or a Net Recognized Gain for each Eligible Security. For all Eligible Securities, an Authorized Claimant's Net Recognized Loss and Net Recognized Gain will be added together to compute an Overall Net Recognized Loss or an Overall Net Recognized Gain.  In the event an Authorized Claimant has an Overall Net Recognized Gain, *i.e.*, the total Net Recognized Gain for all Eligible Securities exceeds the Overall Net Recognized Loss for all Eligible Securities, the Authorized Claimant will not have a Recognized Claim and will not be eligible to receive a distribution from the Net Settlement Fund.

*Calculating Trading Gains and Losses:*  An Authorized Claimant's Trading Loss will be offset by the Authorized Claimant's Trading Gain, resulting in a Net Trading Loss or a Net Trading Gain for each Eligible Security.  For all Eligible Securities, an Authorized Claimant's Net Trading Loss and Net Trading Gain will be added together to compute an Overall Trading Loss or an Overall Trading Gain.  If an Authorized Claimant has an Overall Trading Gain, *i.e.*, the Net Trading Gains for all Eligible Securities exceed the Net

18

APPH 0026

Trading Losses for all Eligible Securities, the Authorized Claimant will not have a Recognized Claim and will not be eligible to receive a distribution from the Net Settlement Fund. If an Authorized Claimant has an Overall Trading Loss that is less than the Authorized Claimant's Overall Net Recognized Loss, as defined above, then the Overall Net Recognized Loss shall be limited to the Authorized Claimant's Overall Trading Loss.

*Calculating an Authorized Claimant's Overall Recognized Claim*: An Authorized Claimant's Overall Recognized Claim will be calculated by multiplying the Net Settlement Fund by a fraction, the numerator of which is the Authorized Claimant's Overall Recognized Losses (limited to Overall Trading Loss as described above) for all transactions in all Eligible Securities, and the denominator of which is the aggregate Recognized Losses (limited to Overall Trading Loss as described above) of all Authorized Claimants for all transactions in all Eligible Securities.

*Purchases, Acquisitions or Sales of Lehman Securities between June 12, 2007 and July 10, 2008, inclusive:* Recognized Loss, Recognized Gain, Trading Loss and Trading Gain calculations for: (i) sales of Lehman exchange-traded put options, and (ii) purchases of Eligible Securities (other than Lehman exchange-traded put options), between June 12, 2007 and July 10, 2008, inclusive, will be multiplied by 10% (*i.e.,* the amount will be adjusted downward so that the adjusted amount used in calculating a claimant's *pro rata* recovery is 10% of the unadjusted amount).

**D.    Recognized Losses for Lehman Common Stock Purchased/Acquired during the Settlement Class Period (Other than Lehman Common Stock Purchased/Acquired in the June 9, 2008 Secondary Offering)**

For each share of Lehman common stock purchased/acquired during the Settlement Class Period (other than common stock purchased or acquired in the Secondary Offering), the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a)    *if sold before June 9, 2008*, there is no Recognized Loss or Recognized Gain;

b)    *if sold between June 9, 2008 and September 14, 2008 (inclusive)*, the Recognized Loss or Recognized Gain is the inflation per share on the date of purchase *minus* the inflation per share on the date of sale (as shown on Exhibit 1);

c)    *if held through September 14, 2008*, the Recognized Loss or Recognized Gain is the inflation per share on the date of purchase (as shown on Exhibit 1).[2]

**E.    Recognized Losses for Lehman Common Stock Purchased/Acquired in the June 9, 2008 Secondary Offering**

For Lehman common stock purchased/acquired in the Secondary Offering, the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a)    *if sold between June 9, 2008 and October 28, 2008 (inclusive),* the Recognized Loss or Recognized Gain is $28 per share (the offering price per share) *minus* the sale price per share;

b)    *if still held as of the close of trading on October 28, 2008,* the Recognized Loss is $27.94, which represents $28 per share (the offering price per share) *minus* $0.06 per share (the closing price per share on October 28, 2008).

**F.    Recognized Losses for Lehman Preferred Stock Purchased/Acquired During the Settlement Class Period**

For Lehman Preferred Stock listed on Exhibit 2 purchased/acquired during the Settlement Class Period, the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a)    *if sold before June 9, 2008*, there is no Recognized Loss or Recognized Gain;

b)    *if sold between June 9, 2008 and October 28, 2008 (inclusive)*, the Recognized Loss or Recognized Gain is the purchase price per share (not to exceed the respective issue price per share as shown on Exhibit 2) *minus* the sale price per share;

c)    *if still held as of the close of trading on October 28, 2008*, the Recognized Loss or Recognized Gain is the purchase price per share (not to exceed the respective issue price per share as shown on Exhibit 2) *minus* the respective closing price per share on October 28, 2008 as shown on Exhibit 2.

**G.    Recognized Losses for Lehman Senior Unsecured Notes (including "Principal Protection" Notes and other Structured Notes) and Subordinated Notes Purchased/Acquired During the Settlement Class Period**

For Lehman Senior Unsecured Notes (including "Principal Protection" Notes and other Structured Notes) and Subordinated Notes listed on Exhibit 3 purchased/acquired during the Settlement Class Period, the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a)    *if sold before June 9, 2008*, there is no Recognized Loss or Recognized Gain;

b)    *if sold between June 9, 2008 and October 28, 2008 (inclusive)*, the Recognized Loss or Recognized Gain is the purchase price per note (not to exceed the respective issue price per note as shown on Exhibit 3) *minus* the sale price per note;

c)    *if still held as of the close of trading on October 28, 2008*, the Recognized Loss or Recognized Gain is the purchase price per note (not to exceed the respective issue price per note as shown on Exhibit 3) *minus* the closing price per note on October 28, 2008 as shown on Exhibit 3.

---

[2] Due to the impact of Lehman's bankruptcy on Lehman's common stock price, the 90-day look-back period under the Private Securities Litigation Reform Act of 1995 is not being utilized as an offset.

**H.    Recognized Losses for Exchange-Traded Options on Lehman Common Stock During the Settlement Class Period**

Exchange-traded options are typically traded in units called contracts.  Each contract entitles the option buyer/owner to 100 shares of the underlying stock upon exercise or expiration.  For options, a unit is an option with one hundred shares of Lehman common stock as the underlying security.

An Authorized Claimant will be entitled to a recovery relating to such transactions in exchange-traded options on Lehman common stock *only* if the initial option transaction was either purchasing or acquiring a call option or selling or writing a put option.

For purposes of the Plan of Allocation, no damages are being attributed to Lehman common stock sold before June 9, 2008. Accordingly, Authorized Claimants who purchased exchange-traded call options or sold put options that expired before June 9, 2008 will likewise receive no compensation from the Net Settlement Fund with respect to those particular transactions.

Inflation/Deflation per option in the prices of call/put options on Lehman common stock is calculated based on the Black-Scholes option pricing model and the estimated inflation per share in Lehman common stock as identified on Exhibit 1.

Exhibit 4 displays the amount of Inflation in the prices of Lehman exchange-traded call options and Deflation in the prices of Lehman exchange-traded put options during the Settlement Class Period that have expiration dates on or after June 9, 2008 as well as the price as of the close of business on September 15, 2008 for each option.

Lehman common stock traded as the result of the exercise/assignment of an exchange-traded call option shall be treated as a purchase and/or sale of Lehman common stock on the date of exercise of the option.  The purchase price paid, or sale price received, for such Lehman common stock shall be the strike price on the option.

Lehman common stock traded as the result of the assignment/exercise of an exchange-traded put option shall be treated as a purchase and/or sale of Lehman common stock on the date of assignment.  The purchase price paid, or sale price received, for such Lehman common stock shall be the strike price on the option.

### 1.    Purchase/Acquisition of Exchange-Traded Call Options During the Settlement Class Period

For each purchase/acquisition of Lehman exchange-traded call options (listed on Exhibit 4) during the Settlement Class Period, the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a)    *if sold, exercised or expired on or before June 6, 2008*, there is no Recognized Loss or Recognized Gain;

b)    *if sold, exercised or expired after June 6, 2008 but on or before September 14, 2008*, the Recognized Loss or Recognized Gain equals the difference between the Inflation per option on the date of purchase and the Inflation per option on the date of sale, exercise or expiration as shown on Exhibit 4;

c)    *if held through September 14, 2008*, the Recognized Loss or Recognized Gain equals the Inflation per option on the date of purchase as shown on Exhibit 4.

### 2.    Sale of Exchange-Traded Put Options

For each sale or writing of Lehman exchange-traded put options (listed on Exhibit 4), the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a)    *if re-purchased, exercised or expired on or before June 6, 2008*, there is no Recognized Loss or Recognized Gain;

b)    *if re-purchased, exercised or expired after June 6, 2008 but on or before September 14, 2008*, the Recognized Loss or Recognized Gain equals the difference between the Deflation per option on the date of sale or writing and the Deflation per option on the date of re-purchase, exercise or expiration as shown on Exhibit 4;

c)    *if still sold or written after September 14, 2008*, the Recognized Loss or Recognized Gain equals the Deflation per option on the date of sale or writing as shown on Exhibit 4.

**I.    Distribution Amount**

The Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund.  In general, each Authorized Claimant will receive an amount (the "Distribution Amount") determined by multiplying the Net Settlement Fund by a fraction, the numerator of which is the Authorized Claimant's Recognized Claim and the denominator of which is the aggregate Recognized Claims of all Authorized Claimants.  The Distribution Amount received by an Authorized Claimant will exceed his, her, or its Recognized Claim only in the unlikely event that the Net Settlement Fund exceeds the aggregate Recognized Claims of all Authorized Claimants.

Payments made pursuant to this Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against the Named Plaintiffs, Plaintiffs' Counsel, EY and their respective counsel or any other Released Parties, or the Claims Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Named Plaintiffs, EY and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Gross Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Gross Settlement Fund, or any losses incurred in connection therewith.

Authorized Claimants who have not previously filed a valid Claim Form in connection with the D&O Settlement or UW Settlements and who fail to complete and file a valid and timely Claim Form shall be barred from participating in distributions from the Net Settlement Fund, unless the Court otherwise orders.  Settlement Class Members who do not either submit a request for exclusion

or submit a valid and timely Claim Form will nevertheless be bound by the Settlement and the Judgment of the Court dismissing this Action as against EY.

The Court has reserved jurisdiction to modify, amend or alter the Plan of Allocation without further notice to anyone, and to allow, disallow or adjust any Authorized Claimant's claim to ensure a fair and equitable distribution of settlement funds.

If any funds remain in the Net Settlement Fund by reason of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, including costs for fees for such re-distribution. The Claims Administrator may make further re-distributions of balances remaining in the Net Settlement Fund to such Authorized Claimants to the extent such re-distributions are cost-effective. At such time as it is determined that the re-distribution of funds which remain in the Net Settlement Fund is not cost-effective, Co-Lead Counsel shall seek an order approving the contribution of the balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations. Co-Lead Counsel's motion shall identify at least three proposed recipients. The proposed recipients shall have been selected by one or more of the following individuals: the President of the New York City Bar Association, the President of the New York State Bar Association, and the President of the American Bar Association. The proposed recipients shall not include any organization listed in the preceding sentence and shall be independent of Co-Lead Counsel so that Co-Lead Counsel does not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution. Co-Lead Counsel's motion will include a declaration detailing the means by which the proposed recipients were selected.

***Please note that the term "Overall Recognized Claim" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Fund. It is not the actual amount an Authorized Claimant can expect to recover.***