# Exhibit 5

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>*In re Lehman Brothers Equity/Debt Securities Litigation*, 08-CV-5523 (LAK) | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE<br><br> |

## [PROPOSED] ORDER APPROVING
## PLAN OF ALLOCATION FOR THE EY NET SETTLEMENT FUND

This matter came on for hearing on April 16, 2014 (the "Settlement Hearing"), on Plaintiffs'

motion to determine, among other things, whether the proposed plan of allocation for the EY Net

Settlement Fund should be approved. The Court having considered all matters submitted to it at the

Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing

substantially in the form approved by the Court was mailed to all persons and entities reasonably

identifiable as members of the Settlement Class, and that a summary notice of the Settlement

Hearing substantially in the form approved by the Court was published in the national edition of *The*

*Wall Street Journal* and *Investor's Business Daily* pursuant to the specifications of the Court; and the

Court having considered and determined the fairness and reasonableness of the proposed plan of

allocation (the "Plan of Allocation").

IT IS HEREBY ORDERED, that:

1.      This Order approving the proposed Plan of Allocation incorporates by reference the

definitions in the Stipulation of Settlement and Release dated as of November 20, 2013, between

Plaintiffs, on behalf of the Settlement Class, and Defendant Ernst & Young LLP ("EY") (the

"Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in

the Stipulation.

2.    The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.    Notice of Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    Over 930,000 copies of the Notice, which included the proposed Plan of Allocation, were disseminated to potential members of the Settlement Class or their nominees. Only two objections to the proposed Plan of Allocation by potential Settlement Class Members were submitted, which the Court has considered and found to be without merit.

5.    The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the EY Net Settlement Fund among members of the Settlement Class with due consideration having been given to administrative convenience and necessity.

6.    The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Plaintiffs.

7.    There is no just reason for delay in the entry of this Order, and immediate entry by the

Clerk of the Court is expressly directed.

SO ORDERED this ___16___ day of ___April___, 2014.

_____
The Honorable Lewis A. Kaplan
United States District Judge

3