# Exhibit 6

M8IBBAGH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ROBERT VICTOR BAGLEY, *et al*,

                  Plaintiffs,

          v.                          20 Civ. 1008 (JPC)

DAVID EDWARD CONSTABLE, *et al*,

                  Defendants.
                                      Conference
------------------------------x
                                      New York, N.Y.
                                      August 18, 2022
                                      9:30 a.m.

Before:

                  HON. JOHN P. CRONAN,

                                      District Judge


                     APPEARANCES

HAGENS BERMAN SOBOL SHAPIRO, LLP
      Attorneys for Plaintiffs
BY:  LUCAS E. GILMORE, ESQ.

WEIL, GOTSHAL & MANGES, LLP
      Attorneys for Defendants
BY:  NICOLE PRUNETTI, ESQ.
      LUNA BARRINGTON, ESQ.

M8IBBAGH

(Case called; appearances noted)

THE COURT:  Good morning.  Before we begin and before I forget, under our current protocols in the courthouse when counsel is speaking or at the table, you're welcome to take off your mask.  You're certainly not required to.  If you're more comfortable doing so, we're allowed to do that.

We're here on a motion for approval of a class action settlement, as well as a plan allocation.  The motion is brought by the court-appointed lead plaintiff, David Cohn, and the additional class representative Chad L. Moshell on behalf of themselves and the class.  I'll refer to them collectively as the plaintiffs.  I've reviewed the filings including the materials in support of the motion and the proposed allocation and the proposed attorneys' fees.

First of all, I'm aware of no objections, but let me confirm that.  I think the reply brief from August 11 reported there still had been no objections to this settlement or requested attorneys' fees.  Is that still the case?

MR. GILMORE:  That is correct, your Honor.

THE COURT:  That's defendant's understanding as well?

MS. PRUNETTI:  Yes.

THE COURT:  Did that include any state or federal official?  Has there been any objection from a state or federal official to the settlement?

MR. GILMORE:  No, there has not, your Honor.

M8IBBAGH

adequate as well.  It tracks the standard method routinely approved in securities class action cases.  The claims administrator SCS will review and process all claims received, and provide claimants with an opportunity to cure any deficiency or request judicial review of the denial of their claims, and will ultimately mail or wire authorized claimants there *pro rata* share of the Net Settlement Fund as calculated under the plan.  That is set forth in the Berman declaration at paragraph 48 through 53.  And Judge McMahon in *Christian Asia Company*, which I mentioned earlier, 2019 WL 5257534, found a similar process to be appropriate when she approved the settlement in that case.  And I also note that none of the settlement will revert to Sasol, ensuring that the class will receive the full amount of the relief.

Rule 23(e)(2)(C)(iii) considers the terms of any proposed award of attorneys' fees, including the timing of any payment.  I've considered the request of attorneys' fee and find that the proposed award and timing is fair, reasonable, and accurate.  As I will detail later, the propose 22 percent in attorneys' fees, and $431,703.42 in litigation expenses are reasonable given the work that plaintiffs' counsel, their investment resources in the case, their prosecution of the action for the benefit of the class, the risk that they faced in the litigation, and the overall benefit of the settlement achieved.  Again the cite for that is *Christine Asia Company*.

M8IBBAGH

Importantly, the settlement agreement does not hinge on me approving the requested fees and expenses, and neither the plaintiffs nor lead counsel may terminate the settlement based on this Court's or any Appellate Court's ruling with respect to the attorneys' fees.  That's at paragraph 19 of the stipulation and agreement of settlement.  And several courts have found that to be a significant consideration, including *Christine Asia Company* and *Hudson's Bay*, which is at 2022 WL 2063864.

Rule 23(e)(2(C)(iv) considers any agreement that must be identified under Rule 23(e(3).  Rule 23(e)(3), in turn, requires the parties seeking judicial approval of a class settlement to file a statement identifying any agreement made in connection with the proposal.  As this rule makes clear, this statement need not describe the side agreement's terms, but rather only identify the agreement.  The only side agreement that the parties entered into was a confidential supplemental agreement which allows defendants to terminate the defendant if too many class members request exclusion.  And that's at paragraph 40 of the stipulation and agreement settlement.  Since the parties adequately identified side agreement under 23(e)(3) in its quite typical language, I find this requirement met as well.

The plan of allocation distributes the Net Settlement Fund among authorized claimants based on the date in which they

M8IBBAGH

purchases Sasol ADRs.  I find that this treatment proposed treats class members equitably relative to each other.  The plan would be as follows: 4 percent for the period of March 10, 2015 to September 6, 2015, inclusive; 23 percent for the period of September 7, 2015 to June 5, 2016, inclusive; 25 percent for the period of June 6, 2016 to February 26, 2017, inclusive; 44 percent for the period of February 27, 2017 to August 15, 2019, inclusive; and 4 percent for the period of August 16, 2019 to January 13, 2020, inclusive.

I asked Mr. Gilmore some additional questions this morning about the proposed plan allocation, and he explained, as well as in the submissions I received advance of this hearing, that the division is due to the relative weakness of the claims of individuals who purchased early in the settlement class period, and also the risk that the final disclosure event which occurred on January 14, 2022, would be dismissed.  He explained the basis for the division based on the date when purchases of Sasol ADRs were made.  And I find this allocation to treat class members equitable relative to each other.

Plaintiffs' counsel also cite settlements approved in this district that employed a similar method of dividing the settlement funds based on the strengths of the case.  For example, *In re American Bank Note Holographics*, 127 F.Supp 2d 418, which was a Southern District of New York case from 2001. There, the court commented that allocation formulas, including

M8IBBAGH

certain discounts for certain securities are recognized as an appropriate means to reflect comparative strengths and values of different categories in the claims.

I find that this allocation plan treats class members equitably relative to each other for purposes of Rule 23(e)(2)(D).  Plans like the one here are standard in securities class actions.  And courts routinely say that they are equitable.  And that makes sense.  The plan permits all authorized claimants to receive their *pro rata* share of the Net Settlement Fund based on the amount of their recognized loss calculated under the plan of allocation.  And allocation formulas are commonly used in this district to reflect the relative strengths and weaknesses of different types of claims. And I just mentioned a citation for that which is *In re American Bank Note Holographics*.

I'll now turn to the remaining *Grinnell* factors.  In reviewing the settlement, I've considered all the *Grinnell* factors and find that they point to affirming the class settlement.  In analyzing the Rule 23(e)(2)'s factors moments ago, I applied many of the *Grinnell* factors, including the complexity, expense, and likely duration of the litigation, the stage of the proceedings and the amount of discovery, the risk of establishing liability and damages, and the risk of maintaining class action through trial.

I will now address the remaining *Grinnell* factors.

M8IBBAGH

let you know, but we should be able to make that change pretty easily.  I will also enter the order, which is at docket number 216-2.  That's a proposed order approving additional allowance for the administration of the settlement to allow for up to $100,000 in additional costs and expenses for the claims administrator, thus increasing the cost allowance to $250,000. I believe that covers everything. Is there anything further from counsel?

MR. GILMORE:  Nothing further.  We certainly appreciate the Court's attention and detail to the papers.

THE COURT:  Thank you.

MS. PRUNETTI:  Nothing further from the defendants.

THE COURT:  I certainly appreciate the excellent work from the parties and the submissions here and glad that you all were able to get to where you sit. I hope you all have a good rest of the day.  Take care.

(Adjourned)