Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL<br><br>**CLASS ACTION** |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.    I am the Director of Quality Assurance of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred fifty (550) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.    Pursuant to the Court's Order Grating Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated March 6, 2024 (Dkt. No. 120, the "Preliminary Approval Order"), SCS was approved as the Claims Administrator in connection with the Settlement of the above-captioned action.[1] I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated February 20, 2024 (Dkt. No. 117-1, the "Stipulation").

3.      SCS sent the Depository Trust Company ("DTC") a Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release ("Claim Form") (collectively, the "Notice and Claim Form") for the DTC to publish on its Legal Notice System ("LENS") on March 12, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim Form is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,101 banks and brokerage companies ("Nominee Account Holders"), as well as 1,305 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On March 12, 2024, SCS caused a letter to be mailed or e-mailed to the 2,406 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send the Postcard Notice or email the link to the location of the Notice and Claim Form on the settlement website to their clients who may be beneficial purchasers/owners within 7 calendar days after receipt of Postcard Notice copies or after receipt of the link or provide SCS with a list of the names, last known addresses, and email addresses (if available) of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the link to

the location of the Notice and Claim Form on the settlement website. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.　　To provide actual notice to those persons or entities who purchased or otherwise acquired publicly traded AppHarvest Inc. ("AppHarvest") securities during the period from February 1, 2021 and August 10, 2021, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit C** is a copy of the Postcard Notice.

6.　　SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 211 persons or organizations identified in the transfer records that were provided to SCS by Lead Counsel. These records reflect the persons or entities that purchased AppHarvest securities for their own accounts, or for the account(s) of their clients, during the Settlement Class. The transfer records mailing was completed on March 14, 2024. Following this mailing, SCS received 12,625 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a request from three nominees for 19,400 Postcard Notices so that the nominee could forward them to their clients, and SCS received notification from three nominees that they mailed the Postcard Notices to 200 of their clients. To date, 32,436 Postcard Notices have been mailed to potential Settlement Class Members.[2]

7.　　Additionally, SCS received 55 email addresses from Lead Counsel and a nominee to send the direct link to the Notice and Claim Form, and SCS was notified by a nominee that they

---

[2] SCS received 37 requests from potential Settlement Class Members for the Notice and Claim Form to be mailed to them. SCS immediately mailed the Notice and Claim Forms to the potential Settlement Class Members.

emailed 69,644 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim Form on the settlement website.

8.      In total, 102,135 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Notice and Claim Form.

9.      Out of the 32,436 Postcard Notices mailed, 910 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 121, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 789 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 432 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses ("Summary Notice") was published in *Investor's Business Daily* and transmitted over *PR Newswire* on April 1, 2024, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Notice and Claim Form to be mailed to them. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries through the administration process.

**SETTLEMENT WEBSITE**

12.    On March 12, 2024, SCS established a webpage on its website at www.strategicclaims.net/apph/. The website is accessible 24 hours a day, 7 days a week.  The website contains information related to the current status; important case dates, including the Settlement Hearing date consistent with the Court's order dated April 4, 2024; the online claim filing link; and important documents such as the Notice and Claim Form, Postcard Notice, the Court's two Orders adjourning the Settlement Hearing (ECF Nos. 122 and 124), the Preliminary Approval Order, and the Stipulation.

**REPORT ON EXCLUSIONS AND OBJECTIONS**

13.    The Postcard Notice, Notice, Summary Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion are to be postmarked if mailed or emailed to SCS no later than May 22, 2024.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received three requests for exclusion.  Out of the three exclusion requests, two are valid exclusions and one is an invalid exclusion request since the claimant failed to provide the required transaction information.  SCS notified this individual of the inadequacy of the exclusion request and has not received a response.  Attached as **Exhibit E** to this declaration is a copy of the two valid exclusion requests.

14.    According to the Postcard Notice, Notice, and Summary Notice, Settlement Class Members seeking to object to the Settlement, or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application must be submitted to Lead Counsel, Individual Defendants' Counsel, and the Clerk of the Court, no later than May 22, 2024.  As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 8th day of May 2024, in Media, Pennsylvania.

Josephine Bravata

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL |
| | **CLASS ACTION** |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED APPHARVEST INC. ("APPHARVEST" OR THE "COMPANY"), SECURITIES DURING THE PERIOD FROM FEBRUARY 1, 2021 AND AUGUST 10, 2021, INCLUSIVE, (THE "SETTLEMENT CLASS PERIOD") AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS"), YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4,850,000.00 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-appointed Lead Plaintiff, Alan Narzissenfeld, ("Lead Plaintiff"), that have been asserted on behalf of the Settlement Class against Jonathan Webb, ("Webb"), Loren Eggleton ("Eggleton"), and David Lee ("Lee," collectively with Webb and Eggleton, the "Individual Defendants," and together with AppHarvest, the "Defendants"). It releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated February 20, 2024 (the "Stipulation").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAY 22, 2024** | The <u>only</u> way to get payment. You must submit a claim form, either online at www.strategicclaims.net/apph/ no later than 11:59 p.m. EST on May 22, 2024 or postmarked no later than May 22, 2024. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING AN OPT OUT FORM BY MAY 22, 2024** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Individual Defendants or the other Released Defendant Parties concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY MAY 22, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application. If you object, you will still be a member of the Settlement Class and you can still submit a claim form. *See* Questions 15-16 below for details. |
| **ATTEND A HEARING ON JUNE 12, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY MAY 22, 2024** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.    Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $4,850,000.00 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages 12-17 below.

### Estimate of Average Amount of Recovery Per Share

2.    Based on Lead Plaintiff's consulting damages expert's estimate of potentially damaged AppHarvest securities under the Plan of Allocation described below, Lead Plaintiff estimates this represents an average recovery of $0.14 per share of AppHarvest common stock and $0.07 per warrant, respectively, (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), based on the estimated number of allegedly damaged shares of AppHarvest securities held through an alleged corrective disclosure that was statistically significant. If the Court approves the Fee and Expense Application (discussed below), including deduction of estimated attorneys' fees and expenses, Plaintiffs estimate the average recovery would be approximately $0.10 per allegedly damaged share and $0.05 per damaged warrant. **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or acquired AppHarvest securities during the Settlement Class Period; and (iv) whether and when the Settlement Class Member sold or disposed of AppHarvest securities. *See* the Plan of Allocation beginning on page 12 for information on the calculation of your Recognized Claim.

### Statement of Potential Outcome of Case if the Action Continued to be Litigated

3.    The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Individual Defendants. The issues

on which the Parties disagree include, for example: (i) whether the Individual Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of AppHarvest securities were allegedly artificially inflated during the Settlement Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of AppHarvest securities during the Settlement Class Period; and (v) whether or not the Individual Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

4.    The Individual Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to the Individual Defendants' actions or omissions. While Lead Plaintiff believes the claims are meritorious, Lead Plaintiff recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.    Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-quarter (25%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $250,000.00 plus accrued interest. If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be, per Plaintiffs' estimate, approximately $0.04 per allegedly damaged share of AppHarvest common stock and $0.02 per allegedly damaged AppHarvest warrant. A copy of the Fee and Expense Application will be posted on **www.strategicclaims.net/apph/** after it has been filed with the Court.

**Reasons for the Settlement**

6.    For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the expense and length of continued proceedings necessary to prosecute the Action through discovery, class certification, summary judgment, trial and appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel are also cognizant of the fact that AppHarvest filed for Chapter 11 bankruptcy, of the remaining insurance available to the Individual Defendants, and of the risks of enforcing a judgment against the Individual Defendants after trial. For the Individual Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Levi & Korsinsky, LLP, Gregory M. Potrepka, 1111 Summer Street, Suite 403, Stamford, CT 06905, www.zlk.com, 203-992-4523.

8.    Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator, Strategic Claims Services, at the address below, or Lead Counsel, or visiting the Settlement website at **www.strategicclaims.net/apph/**.

In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

**BASIC INFORMATION**

| **1. Why was I directed to this Notice?** |
| --- |

9.    You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired securities of AppHarvest, Inc., during the Settlement Class Period of February 1, 2021 and August 10, 2021, inclusive, and may be a Settlement Class Member. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get those benefits. Your receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form that is available on the Settlement website at www.strategicclaims.net/apph/**. *See* **Question 8 below.**

10.    The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL. The Action is assigned to the Honorable Lewis J. Liman, United States District Judge.

| **2. What is this case about and what has happened so far?** |
| --- |

12.    AppHarvest is a former controlled environment agriculture company run by Defendant Webb as Chief Executive Officer, Defendant Eggleton as Chief Financial Officer, and Defendant Lee as President. Throughout the Settlement Class Period, AppHarvest's only operating farm was located in Morehead, Kentucky. Plaintiff alleges that throughout the Settlement Class Period, the Individual Defendants publicly disseminated false and misleading statements concerning labor and productivity issues AppHarvest experienced at the Morehead farm which, unbeknownst to investors, negatively affected the Company's operating results and prospects. Lead Plaintiff alleges that the truth was revealed on August 11, 2021, when AppHarvest and the Individual Defendants reported, among other items, the Company's financial results for the fiscal quarter ended June 30, 2021. Lead Plaintiff alleges that this news caused the prices of publicly traded AppHarvest securities to significantly depreciate, and thereby, caused economic harm to the Settlement Class.

13.    On September 24, 2021, a purported securities class action was filed in the United States District Court for the Southern District of New York captioned *Ragan v. AppHarvest, Inc., et al.*, Case No. 1:21-cv-07985 (S.D.N.Y) (the "*Ragan* Action") on behalf of all investors who purchased or otherwise acquired AppHarvest securities between May 17, 2021 and August 10, 2021, inclusive. On November 22, 2021, a similar securities class action captioned *Plymouth County Retirement Association v. AppHarvest, Inc., et al.*, Case No. 1:21-cv-09676 (S.D.N.Y.) (the "*Plymouth County* Action") was also filed in this Court seeking the same relief against the same defendants on behalf all investors who purchased or otherwise acquired AppHarvest securities between October 9, 2020 and August 10, 2021, inclusive.

14.    On December 13, 2021, the Court issued an Opinion and Order: (i) consolidating the *Ragan* and *Plymouth County* Actions (ii) amended the case caption of the consolidated *Ragan* and *Plymouth County* Actions to *In re AppHarvest Securities Litigation* and ordered that every subsequent filings be made under Master File No. 21-cv-7985-LJL; (iii) appointing Alan Narzissenfeld as Lead Plaintiff; and (iv) appointing Levi & Korsinsky, LLP as Lead Counsel.

15.    On March 2, 2022, Lead Plaintiff filed his First Consolidated Amended Class Action Complaint, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and United States Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants, on behalf of himself and all other persons or entities other than Defendants who purchased or otherwise acquired securities of AppHarvest between February 1, 2021 and August 10, 2021, inclusive, and were damaged thereby. Defendants moved to dismiss the First Consolidated Amended Class Action Complaint on May 2, 2021.

16.    On July 22, 2022, the Court granted Lead Plaintiff permission to amend the First Consolidated Amended Class Action Complaint.

17.    On August 12, 2022, Lead Plaintiff filed the operative Second Consolidated Amended Class Action Complaint (the "Operative Complaint"), which alleges violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, against Defendants, on behalf of himself and all other persons or entities other than Defendants who purchased or otherwise acquired securities of AppHarvest between February 1, 2021 and August 10, 2021, inclusive, and were damaged thereby.

18.    On September 23, 2022, Defendants moved to dismiss the Operative Complaint.

19.    On July 23, 2023, AppHarvest filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas, which is jointly administered with bankruptcy proceedings filed by entities affiliated with AppHarvest and captioned *In re AppHarvest Products, LLC*, Case No. 23-90745(DRJ).

20.    On July 31, 2023, the Court issued an Opinion and Order granting in part, and denying in part Defendants' motion to dismiss the Operative Complaint. The Opinion and Order dismissed Lead Plaintiff's claims against Webb and Eggleton.

21.    On August 1, 2023, Defendants filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings.

22.    On October 25, 2023, Lead Plaintiff's counsel and counsel for the Individual Defendants engaged in a full-day mediation session before Michelle Yoshida, Esq., of Phillips ADR, a well-respected and highly experienced mediator. In advance of the mediation session, Lead Plaintiff and the Individual Defendants exchanged detailed mediation statements along with supporting exhibits. Lead Plaintiff and the Individual Defendants ended the October 25, 2023 mediation without reaching a resolution of the Action. In the weeks following the mediation, Lead Plaintiff and the Individual Defendants continued to negotiate a possible settlement. On December 14, 2023, the Parties agreed to Ms. Yoshida's personal mediator's double-blind proposal to resolve the claims in the Action.

23.    Lead Counsel represents that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) AppHarvest's public filings with the SEC; (ii) publicly available information, including press releases, news articles, interview transcripts, and other public statements issued by or concerning Defendants; (iii) reports of securities and financial analysts concerning AppHarvest and the industry in which it operates; (iv) interviews with individuals who are former employees of AppHarvest; (v) retention of loss causation and damages experts and specialized bankruptcy counsel; (vi) review of pertinent court filings, including filings in AppHarvest's bankruptcy proceedings; and (vii) the applicable law governing the claims and potential defenses.

---

### 3. Why is this a class action?

24.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the Settlement Class.

---

### 4. What are the reasons for the Settlement?

25.    The Court did not finally decide in favor of Lead Plaintiff or the Individual Defendants. Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit, however, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

26.    The Individual Defendants have denied and continue to deny any allegations of wrongdoing contained in the Operative Complaint and further deny that they did anything wrong, that Lead Plaintiff or the Settlement Class suffered damages or that the price of AppHarvest securities  were artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise. The Settlement should not be seen as an admission or concession on the part of the Individual Defendants. The Individual Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

---

**5. How do I know if I am part of the Settlement Class?**

27.    Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): **all persons and entities that purchased or otherwise acquired securities of AppHarvest, Inc., during the period from February 1, 2021 and August 10, 2021, inclusive, and were injured thereby.**

28.    Receipt of a Postcard Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in AppHarvest securities. Please check your records to see if you are a member of the Settlement Class.

---

**6. Are there exceptions to the definition of the Settlement Class and to being included?**

29.    Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (1) the Individual Defendants; (2) the Individual Defendants' immediate family members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; and (4) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity.

30.    Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

---

**7. What does the Settlement provide?**

31.    In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, the Individual Defendants have agreed to create a $4,850,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

---

**8. How can I receive a payment?**

32.    To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form can be obtained from the website dedicated to the Settlement: **www.strategicclaims.net/apph/**. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at **(866) 274-4004** or e-mailing **info@strategicclaims.net**. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically to the Claims Administrator so that it is **postmarked or received no later than May 22, 2024, or you can submit the claim form online at www.strategicclaims.net/apph/ no later than 11:59 p.m. EST on May 22, 2024.**

---

**9. When will I receive my payment?**

33.    The Court will hold a Settlement Hearing on **June 12, 2024** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals

which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

> **10. What am I giving up to receive a payment or stay in the Settlement Class?**

34.     If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties." Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Individual Defendants about the Released Claims. It also means that all of the Court's Orders will apply to you and legally bind you and you will release your claims against the Individual Defendants.

(a)     **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, asserted or unasserted, discoverable or undiscoverable, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, including those that are concealed or  hidden, regardless of legal or equitable theory, that (i) arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, filings, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been involved, set forth, referred to, or alleged by Lead Plaintiff and any other Settlement Class Member in the Action, whether arising under federal, state, local, common or foreign law, or any other law, rule, or regulation, whether individual or class in nature, (ii) that concern, arise out of, are based upon, or relate to the purchase, acquisition, holding, sale, or disposal of AppHarvest securities during the Settlement Class Period, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment; or (iii) Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein, or both. Released Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Bankruptcy, including, but not limited to, claims brought by Lead Plaintiff and/or Settlement Class Members; and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b)     **"Released Defendant Parties"** The Released Defendant Parties shall include (i) the Individual Defendants and each and all of their present or former affiliates, predecessors, heirs, executors, administrators, successors and assigns, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them or any trust of which an Individual Defendant is the settlor or which is for the benefit of the Individual Defendant and any entity in which an Individual Defendant has a controlling interest, and (ii) each and all of the present and former parents, subsidiaries, divisions, affiliates, successors of AppHarvest and each and all of  the present or former employees, officers, directors, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them.

(c)     "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Individual Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the Individual Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have, to the fullest extent permitted by law, expressly waived and relinquished any and all

provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or the Individual Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and the Individual Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and the Individual Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement

35.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Individual Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36.    If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Individual Defendants may terminate the Settlement if Persons who purchased in excess of a certain amount of shares of AppHarvest securities seek exclusion from the Settlement Class.

| **11. How do I exclude myself from the Settlement Class?** |
| --- |

37.    To exclude yourself from the Settlement Class, you must transmit by United States Postal Service or e-mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL (S.D.N.Y)." **You cannot exclude yourself by telephone**. Each request for exclusion must also: (i) state the name, mailing address, telephone number, and e-mail address of the person or entity requesting exclusion; (ii) state the number of publicly traded AppHarvest common shares or warrants purchased, acquired, and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be **post-marked if by mail, or e-mailed, no later than May 22, 2024,** to:

EXCLUSIONS – In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
email: info@strategicclaims.net

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

38.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Individual Defendants and the other Released Defendant Parties in the future, assuming your claims are timely and otherwise valid. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

| **12. If I do not exclude myself, can I sue the Individual Defendants and the other Released Defendant Parties for the same thing later?** |
| :--- |

39.     No. Unless you properly exclude yourself, you will give up any rights to sue the Individual Defendants and the other Released Defendant Parties for any and all Released Claims.

| **13. If I exclude myself, can I get money from the proposed Settlement?** |
| :--- |

40.     No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| **14. Do I have a lawyer in this case?** |
| :--- |

41.     The Court appointed the law firm of Levi & Korsinsky, LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15. How will the lawyers be paid?** |
| :--- |

42.     Lead Counsel has not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-quarter (25%) of the Settlement Fund, which will include any accrued interest. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $250,000.00, plus accrued interest.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **16. How do I tell the Court that I do not like something about the proposed Settlement?** |
| :--- |

43.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

44.     Any objection to the proposed Settlement, Lead Counsel's request for fees and Litigation Expenses. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number "*In re AppHarvest Inc., Securities Litigation*, Case No. 1:21-cv-7985-LJL (S.D.N.Y)," and (b) be submitted to the Court either by mailing or hand-delivering them to the Ruby J. Krajick,

Clerk of Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

45.    Any objection must state: (i) the full name, mailing address, telephone number, and e-mail address of the person or entity objecting; (ii) contain a statement of the objection and all grounds supporting it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of publicly traded AppHarvest common shares or warrants the person or entity purchased, acquired, and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.

46.    If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If you intend to appear at the Final Approval Hearing through counsel, your objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection.

47.    Copies of any written objection, Notice of Intention to Appear and all supporting papers and briefs must also be mailed by, or delivered by e-mail, such that it is *received* by, each of the following no later than **May 22, 2024:**

| **Lead Counsel** | **Individual Defendants' Counsel** |
|---|---|
| LEVI & KORSINSKY, LLP | COOLEY LLP |
| Gregory M. Potrepka | Peter M. Adams |
| 1111 Summer Street, Suite 403 | 10265 Science Center Drive |
| Stamford, CT 06905 | San Diego, CA 92121-1117 |
| gpotrepka@zlk.com | padams@cooley.com |

---

**17. What is the difference between objecting and seeking exclusion?**

48.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affects you.

## THE SETTLEMENT HEARING

---

**18. When and where will the Court decide whether to approve the proposed Settlement?**

49.    The Court will hold the Settlement Hearing on **June 12, 2024 at 3:00 p.m.**, either telephonically and/or in Courtroom 15C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

50.    You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at **www.strategicclaims.net/apph/**, or periodically check the Court's website at https://www.nysd.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for

updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

### 19. Do I have to come to the Settlement Hearing?

51.    No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than May 22, 2024.**

### 20. May I speak at the Settlement Hearing?

52.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than May 22, 2024,** a statement that you, or your attorney, intend to appear in "*In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL (S.D.N.Y)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

53.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Individual Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against the Individual Defendants and the other Released Defendants' Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

### 22. Are there more details about the Settlement?

54.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than May 8, 2024 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

55.    Subscribers to PACER can view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov. You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll-free at (866) 274-4004, e-mailing info@strategicclaims.net, visiting the Claims Administrator's website at **www.strategicclaims.net/apph/**, or by writing to In re AppHarvest Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

56.    If you purchased or otherwise acquired AppHarvest securities during the Settlement Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF A NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address and e-mail address of each such person or entity; or (b) request

additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities, or (c) request the link of the Notice and Claim Form from the Claims Administrator, and **WITHIN SEVEN (7) DAYS** of receipt, e-mail the link directly to all such persons or entities.  If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing or e-mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing or e-mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices, or the link of the Notice and Claim Form, from the Claims Administrator, and keep a record of the names and mailing addresses or e-mail addresses used. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  All communications concerning the foregoing should be addressed to the Claims Administrator: In re AppHarvest Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### A.    Introduction to the Plan of Allocation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each publicly traded share of AppHarvest common stock ("Common Stock") and each publicly traded AppHarvest warrant ("Warrants") purchased or otherwise acquired during the Settlement Class Period.[2,3] The calculation of Recognized Loss will depend upon several factors, including when AppHarvest Securities were purchased or otherwise acquired during the Settlement Class Period and in what amounts, and whether such securities were sold and, if sold, when and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably and to the extent it is economically feasible. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

The Plan of Allocation was created with the assistance of damages and financial consultants and is based on the assumption that the prices of AppHarvest Securities were artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of AppHarvest Common Stock and Warrants during the Settlement Class Period are $3.34 per share and $1.68 per warrant, respectively. The computation of the estimated alleged artificial inflation in the price of AppHarvest Securities during the Settlement Class Period is based on the fraudulent courses of conduct alleged by Lead Plaintiff and the price changes in the

---

[2] Herein, AppHarvest Common Stock and Warrants are referred to collectively as "AppHarvest Securities."

[3] Throughout the Settlement Class Period, AppHarvest Common Stock was listed on the NASDAQ Capital Market exchange under the symbol APPH and AppHarvest Warrants were listed on the NASDAQ Capital Market exchange under the symbol APPHW.

stock, net of market and industry-wide factors, in reaction to the public announcements issued prior to the market open on August 11, 2021 that allegedly corrected the fraud alleged by Lead Plaintiff. The Plan of Allocation takes into account that the relevant news on August 11, 2021 was issued prior to the market open and thus these disclosures removed artificial inflation from the price of AppHarvest Securities on August 11, 2021 (the "Corrective Disclosure Date").

The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the Defendants' alleged fraudulent statements. Thus, in order to have recoverable damages, the corrective disclosure of the alleged fraud must be the cause of the decline in the price or value of AppHarvest Common Stock or Warrants. Accordingly, if an AppHarvest Security was sold before August 11, 2021 (the Corrective Disclosure Date), the Recognized Loss for such Common Stock or Warrant is $0.00, and any loss suffered is not compensable under the federal securities laws.  In addition, the Court's Opinion and Order dated July 31, 2023, dismissed all alleged misstatements in the Operative Complaint prior to May 25, 2021, any Recognized Loss calculated for AppHarvest Securities purchased in the Settlement Class Period prior to May 25, 2021 will be reduced by 90%.

The "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for AppHarvest Securities. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on AppHarvest Securities purchased during the Settlement Class Period and held as of the end of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such security and its average price during the 90-Day Lookback Period. The Recognized Loss on AppHarvest Securities purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

A Recognized Loss will be calculated as set forth below for each share of AppHarvest Common Stock and each AppHarvest Warrant purchased or otherwise acquired during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

Please note that the approval of the Settlement is separate from, and not conditioned on, the Court's approval of the Plan of Allocation. You do not need to make any of these calculations yourself. The Claims Administrator will make all of these calculations for you.

**B.      Calculating Recognized Loss for AppHarvest Common Stock**

For each share of AppHarvest Common Stock purchased or otherwise acquired during the Settlement Class Period, i.e., February 1, 2021 through August 10, 2021, inclusive, the Recognized Loss per share shall be calculated as follows (the Recognized Loss per share for purchases made prior to May 25, 2021 will also be multiplied by 10%):

I.     For each share of AppHarvest Common Stock purchased during the Settlement Class Period that was subsequently sold prior to August 11, 2021, the Recognized Loss per share is $0.00.

II.    For each share of AppHarvest Common Stock purchased during the Settlement Class Period that was subsequently sold during the period August 11, 2021 through November 8, 2021, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is the lesser of:

a.    $3.34; or

b.    the purchase price minus the sale price; or

c.    the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 1 below.

III.    For each share of AppHarvest Common Stock purchased during the Settlement Class Period that was still held as of the close of trading on November 8, 2021, the Recognized Loss per share is the lesser of:

a.    $3.34; or

b.    the purchase price minus the average closing price for AppHarvest Common Stock during the 90-Day Lookback Period, which is $6.73.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| 90-Day Lookback Value by Sale/Disposition Date for AppHarvest Common Stock | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 8/11/2021 | $8.51 | 9/10/2021 | $7.81 | 10/11/2021 | $7.25 |
| 8/12/2021 | $8.36 | 9/13/2021 | $7.79 | 10/12/2021 | $7.21 |
| 8/13/2021 | $8.11 | 9/14/2021 | $7.77 | 10/13/2021 | $7.18 |
| 8/16/2021 | $7.85 | 9/15/2021 | $7.76 | 10/14/2021 | $7.15 |
| 8/17/2021 | $7.71 | 9/16/2021 | $7.75 | 10/15/2021 | $7.12 |
| 8/18/2021 | $7.66 | 9/17/2021 | $7.74 | 10/18/2021 | $7.09 |
| 8/19/2021 | $7.53 | 9/20/2021 | $7.73 | 10/19/2021 | $7.06 |
| 8/20/2021 | $7.48 | 9/21/2021 | $7.70 | 10/20/2021 | $7.02 |
| 8/23/2021 | $7.52 | 9/22/2021 | $7.68 | 10/21/2021 | $6.99 |
| 8/24/2021 | $7.55 | 9/23/2021 | $7.66 | 10/22/2021 | $6.96 |
| 8/25/2021 | $7.57 | 9/24/2021 | $7.63 | 10/25/2021 | $6.93 |
| 8/26/2021 | $7.62 | 9/27/2021 | $7.60 | 10/26/2021 | $6.90 |
| 8/27/2021 | $7.66 | 9/28/2021 | $7.57 | 10/27/2021 | $6.87 |
| 8/30/2021 | $7.72 | 9/29/2021 | $7.54 | 10/28/2021 | $6.85 |
| 8/31/2021 | $7.77 | 9/30/2021 | $7.51 | 10/29/2021 | $6.83 |
| 9/1/2021 | $7.81 | 10/1/2021 | $7.48 | 11/1/2021 | $6.82 |
| 9/2/2021 | $7.84 | 10/4/2021 | $7.44 | 11/2/2021 | $6.80 |
| 9/3/2021 | $7.84 | 10/5/2021 | $7.41 | 11/3/2021 | $6.79 |
| 9/7/2021 | $7.84 | 10/6/2021 | $7.37 | 11/4/2021 | $6.77 |
| 9/8/2021 | $7.84 | 10/7/2021 | $7.34 | 11/5/2021 | $6.75 |
| 9/9/2021 | $7.83 | 10/8/2021 | $7.30 | 11/8/2021 | $6.73 |

The Recognized Loss is equal to the Recognized Loss per share multiplied by the number of shares.

### C.    Calculation of Recognized Loss for AppHarvest Warrants

For each AppHarvest Warrant purchased or otherwise acquired during the Settlement Class Period, i.e., February 1, 2021 through August 10, 2021, inclusive, the Recognized Loss per warrant shall be calculated as follows (the Recognized Loss per warrant for purchases made prior to May 25, 2021 will also be multiplied by 10%):

I.     For each AppHarvest Warrant purchased during the Settlement Class Period that was subsequently sold prior to August 11, 2021, the Recognized Loss per warrant is $0.00.

II.    For each AppHarvest Warrant purchased during the Settlement Class Period that was subsequently sold during the period August 11, 2021 through November 8, 2021, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per warrant is the lesser of:
   a.   $1.68; or
   b.   the purchase price minus the sale price; or
   c.   the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

III.   For each AppHarvest Warrant purchased during the Settlement Class Period that was still held as of the close of trading on November 8, 2021, the Recognized Loss per warrant is the lesser of:
   a.   $1.68; or
   b.   the purchase price minus the average closing price for AppHarvest Warrant during the 90-Day Lookback Period, which is $1.47.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| 90-Day Lookback Value by Sale/Disposition Date for AppHarvest Warrants | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 8/11/2021 | $2.15 | 9/10/2021 | $1.86 | 10/11/2021 | $1.65 |
| 8/12/2021 | $2.02 | 9/13/2021 | $1.86 | 10/12/2021 | $1.64 |
| 8/13/2021 | $1.90 | 9/14/2021 | $1.85 | 10/13/2021 | $1.63 |
| 8/16/2021 | $1.82 | 9/15/2021 | $1.84 | 10/14/2021 | $1.62 |
| 8/17/2021 | $1.77 | 9/16/2021 | $1.84 | 10/15/2021 | $1.61 |
| 8/18/2021 | $1.78 | 9/17/2021 | $1.84 | 10/18/2021 | $1.60 |
| 8/19/2021 | $1.75 | 9/20/2021 | $1.83 | 10/19/2021 | $1.58 |
| 8/20/2021 | $1.74 | 9/21/2021 | $1.82 | 10/20/2021 | $1.57 |
| 8/23/2021 | $1.76 | 9/22/2021 | $1.82 | 10/21/2021 | $1.56 |
| 8/24/2021 | $1.76 | 9/23/2021 | $1.81 | 10/22/2021 | $1.55 |
| 8/25/2021 | $1.76 | 9/24/2021 | $1.80 | 10/25/2021 | $1.54 |
| 8/26/2021 | $1.78 | 9/27/2021 | $1.79 | 10/26/2021 | $1.53 |
| 8/27/2021 | $1.78 | 9/28/2021 | $1.78 | 10/27/2021 | $1.52 |
| 8/30/2021 | $1.81 | 9/29/2021 | $1.77 | 10/28/2021 | $1.51 |
| 8/31/2021 | $1.83 | 9/30/2021 | $1.75 | 10/29/2021 | $1.51 |
| 9/1/2021 | $1.84 | 10/1/2021 | $1.74 | 11/1/2021 | $1.50 |
| 9/2/2021 | $1.85 | 10/4/2021 | $1.73 | 11/2/2021 | $1.50 |
| 9/3/2021 | $1.86 | 10/5/2021 | $1.71 | 11/3/2021 | $1.49 |
| 9/7/2021 | $1.86 | 10/6/2021 | $1.70 | 11/4/2021 | $1.48 |
| 9/8/2021 | $1.86 | 10/7/2021 | $1.68 | 11/5/2021 | $1.48 |
| 9/9/2021 | $1.86 | 10/8/2021 | $1.67 | 11/8/2021 | $1.47 |

The Recognized Loss is equal to the Recognized Loss per warrant multiplied by the number of warrants.

      **D.**        **General Provisions Applicable to the Plan of Allocation**

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in Claims varies widely from case to case.

A purchase or sale of AppHarvest Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance or Operation of Law: If a Settlement Class Member acquired AppHarvest Securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that AppHarvest Common Stock or Warrants were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

If a Settlement Class Member made more than one purchase/acquisition or sale of any AppHarvest Security during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. With respect to AppHarvest Common Stock and Warrants, Settlement Class Period sales will be matched first against any holdings as of January 31, 2021 (the last day before the Settlement Class Period begins), and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" of AppHarvest Common Stock is deemed to be the date of purchase of AppHarvest shares. The date of a "short sale" of AppHarvest Common Stock is deemed to be the date of sale of AppHarvest shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in AppHarvest Common Stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in AppHarvest Common Stock[4] and Warrants during the Settlement Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to his, her, or its overall transactions in AppHarvest Securities during the Settlement Class Period, the value of the Claimant's Recognized Loss will be set to zero, and the

---

[4] Including transactions in common stock due to the assignment or exercise of options.

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of AppHarvest Common Stock or AppHarvest Warrants purchased/acquired during the Settlement Class Period.

[6] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of AppHarvest Common Stock or AppHarvest Warrants that are made by the Claimant during the Settlement Class Period. Sales of AppHarvest Common Stock or AppHarvest Warrants that match under FIFO to positions held prior to the Settlement Class Period will be excluded from the calculation.

[7] The Claims Administrator will ascribe a "Holding Value" of $8.51 to each share of AppHarvest Common Stock and $2.15 to each AppHarvest Warrant purchased/acquired during the Settlement Class Period that was still held as of the close of trading on August 10, 2021.  For common stock sold short during the Settlement Class Period and still held as of the close of trading on August 10, 2021, the Claims Administrator will ascribe a holding value for that common stock as described above, but such holding value will be multiplied by -1 (i.e., equivalent to a closing purchase of such short position).

Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in AppHarvest Securities during the Settlement Class Period, but that Market Loss was less than the Claimant's Recognized Loss as calculated above, then the Claimant's Recognized Loss will be limited to the amount of the Market Loss.

With respect to AppHarvest Common Stock purchased through the exercise of a call or put option,[8] the purchase date of the stock shall be the exercise date of the option and the purchase price shall be the closing price of AppHarvest Common Stock on the exercise date. Any Recognized Loss arising from purchases of AppHarvest Common Stock acquired during the Settlement Class Period through the exercise of an option on AppHarvest Common Stock shall be computed as provided for other purchases of AppHarvest Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her or its total Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

Defendants, their respective counsel, and all other Defendant Releasees will have no responsibility for, interest in, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶15 of the Stipulation), the Plan of Allocation, the determination, administration or calculation of Claims, the payment of any Claim, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel or any Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation or further orders of the Court. In addition, in the interest of achieving substantial justice, Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms filed.

Dated:  March 6, 2024                           BY ORDER OF THE UNITED STATES
                                                DISTRICT COURT FOR THE
                                                SOUTHERN DISTRICT OF NEW YORK

---

[8] Including (i) purchases of AppHarvest Common Stock as the result of the exercise of a call option on AppHarvest Common Stock; and (ii) purchases of AppHarvest Common Stock by the seller of a put option on AppHarvest Common Stock as a result of the buyer of such put option exercising that put option.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL |
| | **CLASS ACTION** |

**PROOF OF CLAIM AND RELEASE**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *In re AppHarvest Inc., Securities Litigation,* Case No. 1:21-cv-7985-LJL.  (S.D.N.Y.) (the "Action"), you must complete and, on page 6 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    **THIS    CLAIM    FORM    MUST    BE    SUBMITTED    ONLINE    AT WWW.STRATEGICCLAIMS.NET/APPH/ NO LATER THAN MAY 22, 2024, OR, IF MAILED, BE POSTMARKED NO LATER THAN MAY 22, 2024, ADDRESSED AS FOLLOWS**:

In re AppHarvest Inc. Securities Litigation

c/o Strategic Claims Services

600 N. Jackson St., Suite 205

Media, PA 19063

Toll-free: (866) 274-4004

Fax: (610) 565-7985

info@strategicclaims.net

4.    If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated May 22, 2024 you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

1.    If you purchased or otherwise acquired publicly traded AppHarvest Inc. ("AppHarvest") securities, during the period between February 1, 2021 and August 10, 2021, (the "Settlement Class Period") and held the securities in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired AppHarvest securities during the Settlement Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.    Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of AppHarvest securities that form the basis of this claim, as well as the owner of record if different. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS**.

3.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.

Page 1 of 6

Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Parts B and C** of this form entitled "Schedule of Transactions in AppHarvest Securities" to supply all required details of your transaction(s) in AppHarvest securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of AppHarvest securities, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.    The date of covering a "short sale" of AppHarvest Common Stock is deemed to be the date of purchase of AppHarvest shares. The date of a "short sale" of AppHarvest Common Stock is deemed to be the date of sale of AppHarvest shares.

4.    Copies of broker confirmations or other documentation of your transactions must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN APPHARVEST SECURITIES.**

5.    NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/institutional-filers/ to obtain the required file layout.  Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

6.    NOTICE REGARDING ONLINE FILING:  Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/apph/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

APPHARVEST

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

| City | State | ZIP/Postal Code |
| --- | --- | --- |

| Foreign Country (only if not USA) | Foreign County (only if not USA) |
| --- | --- |

| Last Four (4) Digits of Social Security Number _____ | OR | Last Seven (7) Digits of Taxpayer Identification Number _____ |
| --- | --- | --- |

| Telephone Number (home) | Telephone Number (work) |
| --- | --- |

Email Address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)    ☐ Pension Plan    ☐ Trust
- ☐ Corporation    ☐ Estate
- ☐ IRA/401K    ☐ Other _____ (please specify)

APPHARVEST

## PART B: SCHEDULE OF TRANSACTIONS IN APPHARVEST COMMON STOCK

Complete this Part B if, and only if, you purchased/acquired AppHarvest common stock during the period between February 1, 2021 and August 10, 2021, inclusive. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above. Do not include information in this section regarding securities other than AppHarvest common stock.

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
| --- |

**1. BEGINNING HOLDINGS** – State the total number of shares of common stock held as of the close of trading on January 31, 2021. If none, write "0" or "Zero." (Must be documented.)
_____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** –Separately list each and every purchase/acquision of common stock from after the opening of trading on February 1, 2021 and through the close of trading on August 10, 2021. (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
| --- | --- | --- | --- |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of common stock purchased/acquired between August 11, 2021 and November 8, 2021, inclusive. If none, write "zero" or "0."[1] (Must be documented.)
_____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on February 1, 2021 through and including the close of trading on November 8, 2021. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
| --- | --- | --- | --- |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5. ENDING HOLDINGS –** State the total number of shares of common stock held as of the close of trading on November 8, 2021. If none, write "0" or "Zero." (Must be documented.)
_____

---

[1] **Please Note**: Information requested with respect to your purchases/acquisitions of AppHarvest common stock from after the opening of trading on August 11, 2021, through and including the close of trading on November 8, 2021, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

APPHARVEST
## PART C: SCHEDULE OF TRANSACTIONS IN APPHARVEST WARRANTS

Complete this Part C if, and only if, you purchased/acquired AppHarvest warrants during the period between February 1, 2021 and August 10, 2021, inclusive. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above. Do not include information in this section regarding securities other than AppHarvest warrants.

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
|---|

**1. BEGINNING HOLDINGS** – State the total number of warrants held as of the close of trading on January 31, 2021. If none, write "0" or "Zero." (Must be documented.) _____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** –Separately list each and every purchase/acquisition of warrants from after the opening of trading on February 1, 2021 and through the close of trading on August 10, 2021. (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Warrants Purchased | Purchase Price Per Warrant | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of warrants purchased/acquired between August 11, 2021 and November 8, 2021, inclusive. If none, write "zero" or "0."[2] (Must be documented.) _____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of warrants from after the opening of trading on February 1, 2021 through and including the close of trading on November 8, 2021. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Warrants Sold | Sale Price Per Warrant | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5. ENDING HOLDINGS –** State the total number of warrants held as of the close of trading on November 8, 2021. If none, write "0" or "Zero." (Must be documented.) _____

---

[2] **Please Note**: Information requested with respect to your purchases/acquisitions of AppHarvest warrants from after the opening of trading on August 11, 2021, through and including the close of trading on November 8, 2021, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

APPHARVEST

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible AppHarvest securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in AppHarvest securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.      As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of AppHarvest securities that occurred during the Settlement Class Period and the number of shares of securities held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                                      (Month / Year)              (City)            (State/Country)

_____          _____
Signature of Claimant                                       Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                                     Print Name of Joint Claimant, if any


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.
2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.
3. Attach only copies of supporting documentation as these documents will not be returned to you.
4. Keep a copy of your Claim Form for your records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment e-mail (or postcard if e-mail is not available).** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.
6. If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES, INC.
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

March 12, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED APPHARVEST INC. ("APPHARVEST" OR THE "COMPANY"), COMMON STOCK AND/OR WARRANTS DURING THE PERIOD FROM FEBRUARY 1, 2021 AND AUGUST 10, 2021, INCLUSIVE.

Excluded from the Settlement Class are: (1) the Individual Defendants; (2) the Individual Defendants' immediate family members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; and (4) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *In re AppHarvest Securities Litigation*<br>Case No. 1:21-cv-07985-LJL<br>Claim Filing Deadline: May 22, 2024<br>Objection Deadline: May 22, 2024<br>Exclusion Deadline: May 22, 2024<br>Settlement Hearing: June 12, 2024 | Cusip Number for Common Stock: 03783T103<br>Ticker Symbol for Common Stock: NASDAQ Capital Market Exchange: APPH<br>Cusip Number for Warrants: 03783T111<br>Ticker Symbol for Warrants: NASDAQ Capital Market Exchange: APPHW |

### PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (if available)** of your beneficial purchasers/owners and we will do the emailing of the link to the Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release("Claim Form") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have seven (7) calendar days to mail them; or
4. Request a link to the Notice and Claim Form in electronic format and email the links to each of your beneficial purchasers/owners within seven (7) calendar day after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed:**
- **$0.03 per emailed link to the Notice and Claim Form,**
- **$0.03 per name, address and email address** if you are providing us the records, OR
- **$0.03 per name and address, including materials, plus postage at the pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Form and all the important documents are available on our website at www.strategicclaims.net/apph/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,


Claims Administrator
In re AppHarvest Securities Litigation

In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

Case No. 1:21-cv-07985-LJL

Case Pending in the United States District Court for the Southern District of New York

EXHIBIT C

You have been identified as possibly a Settlement Class Member in a securities fraud class action against AppHarvest, Inc. ("AppHarvest") and its officers. You may be eligible to receive a payment from a $4,850,000 million class action settlement fund in *In re AppHarvest Inc., Securities Litigation*, Case No. 1:21-cv-7985-LJL (S.D.N.Y.). The case involves alleged material misrepresentations and omissions made to investors of AppHarvest securities in violation of the federal securities laws concerning AppHarvest's business, operations, and prospects. Additional information is contained in the detailed Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice"). To participate in the settlement you must submit a Proof of Claim and Release form (the "Claim Form) no later than May 22, 2024 to the Claims Administrator. The Claim Form and the Notice are available by visiting www.strategicclaims.net/apph/ or calling or writing the Claims Administrator noted below.

**Settlement Class Definition**: You are a Settlement Class Member if you purchased or otherwise acquired AppHarvest securities between February 1, 2021 and August 10, 2021(the "Settlement Class Period") and suffered damages as described in the Notice.

**Settlement Amount:** $4,850,000. Plaintiffs estimate this represents, approximately $0.14 per allegedly damaged share of AppHarvest common stock and $0.07 per allegedly damaged AppHarvest warrant, respectively, before attorneys' fees and expenses, based on the estimated number of allegedly damaged AppHarvest securities held through an alleged corrective disclosure that was statistically significant.

**Reasons for Settlement:** The Parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Individual Defendants. For example, the parties disagree on: (i) whether the Individual Defendants made any statements or omitted any facts that were materially false or misleading; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of AppHarvest securities were allegedly artificially inflated during the Settlement Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of AppHarvest securities during the Settlement Class Period; and (v) whether or not the allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

**Attorneys' Fees and Expenses:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-quarter (25%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $250,000.00, plus accrued interest. If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be, per Plaintiffs' estimate, approximately $0.04 per allegedly damaged share of AppHarvest common stock and $0.02 per allegedly damaged AppHarvest warrant. A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/apph/ after it has been filed with the Court.

**Your Options:** You can file a claim, object to the Settlement (with or without appearing at the Settlement Hearing and with or without hiring your own attorney), exclude yourself from the Settlement Class, or do nothing. If you object to the Settlement, you will still be a member of the Settlement Class and you can still submit a claim form. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10 WILL **NOT** BE PAID. Unless you exclude yourself from the Settlement Class, you will be bound by the Settlement and you will release any claims you may have against the Released Parties. More information, including how to object or exclude yourself, is contained in the Notice and the Claim Form.

**Deadlines:** Claims must be filed by: May 22, 2024; Settlement objections must be received by May 22, 2024; requests for exclusion from the Settlement Class must be received by May 22, 2024, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for June 12, 2024.

**Lead Plaintiff's Counsel's Representative**: The Claims Administrator, Strategic Claims Services, is available to answer questions concerning the settlement or any matter contained in the Notice. You may contact the Claims Administrator by calling (866) 274-4004, emailing info@strategicclaims.net, or writing to: In re AppHarvest Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.

**EXHIBIT D**

# AFFIDAVIT

**STATE OF NEW JERSEY** )
) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX** )

I, Keith Oechsner, being duly sworn, depose and say that I am the advertising clerk of the Publisher of

INVESTORS BUSINESS DAILY, a weekly national newspaper of general circulation throughout  the

United States, and that the notice attached to this Affidavit has been regularly

published in INVESTORS BUSINESS DAILY for National distribution for

 1   insertion(s) on the following date(s):

APR-01 2024;

ADVERTISER: AppHarvest Securities Litigation;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
 01  day of  April 2024

Notary Public



**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

In re AppHarvest Securities Litigation | Case No.1:21-cv-07985-LJL
--- | ---

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:** **All persons and entities that purchased or otherwise acquired securities of AppHarvest, Inc., during the period from February 1, 2021 and August 10, 2021, inclusive, and were injured thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Lead Plaintiff, Alan Narzissenfeld, ("Lead Plaintiff" or "Plaintiff") on behalf of himself and all members of the Settlement Class, and Jonathan Webb, ("Webb"), Loren Eggleton ("Eggleton"), and David Lee ("Lee" and collectively with Webb and Eggleton, the "Individual Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $4,850,000.00 (the "Settlement"). Plaintiff estimates this represents an average recovery of $0.14 per share of AppHarvest common stock and $0.07 per warrant, respectively, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of AppHarvest securities held through an alleged corrective disclosure that was statistically significant.

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, the Individual Defendants have agreed to create a $4,850,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

A hearing will be held before the Honorable Lewis J. Liman, on June 12, 2024 at 3:00 p.m., in Courtroom 15C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to, among other things, consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, www.strategicclaims.net/apph/, or by contacting the Claims Administrator at:

In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street., Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**LEVI & KORSINSKY, LLP**
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT 06905
203-992-4523
gpotrepka@zlk.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than May 22, 2024 to the Claims Administrator at the address above.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *post-marked if by mail, or e-mailed, no later than May 22, 2024 to the Claims Administrator.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than May 22, 2024.* Settlement Class Members who exclude themselves from the Settlement will not be able to object to the Settlement.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: MARCH 6, 2024

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

# A14
WEEK OF APRIL 1, 2024

# IPO LEADERS

INVESTORS.COM



**Kaspi.kz ADR** (KSPI)  YTD 0%  **$128.64**
51.1 M Shares  99 Comp. Rating  99 EPS  94 RS  0% ROE
Kazakhstan based co provides payments, marketplace and fintech solutions for both consumers and merchants.
Ann. EPS Growth +40%   PE 13   Avg. Daily Vol 378,400   Debt 8%
Last Qtr EPS +35%↓   Next Qtr Eps Est +26%↓   Last Qtr Sales +48%
3 Qtrs Avg Eps +43%   PreTax Mgn 0%
EPS Due: 4/22 Group 46
*Extended above profit zone from IPO base.*

**Aris Water Solutions CIA** (ARIS)  YTD +69%  **$14.15**
29.6 M Shares  99 Comp. Rating  95 EPS  95 RS  17% ROE
Provides infrastructure and solutions to directly help customers reduce their water and carbon footprints.
Ann. EPS Growth +115%   PE 16   Avg. Daily Vol 283,000   Debt 130%
Last Qtr EPS +73%↑   Next Qtr Eps Est +35%↑   Last Qtr Sales +26%
3 Qtrs Avg Eps +24%   PreTax Mgn 16%
EPS Due: 5/6 Group 65
*Clears deep base, extended from 12.37 buy point.*

**Procore Technologies Inc** (PCOR)  YTD +19%  **$82.17**
72.5 M Shares  94 Comp. Rating  81 EPS  84 RS  4% ROE
Provides cloud-based software for modernizing and digitizing construction management.
n.a.   PE 283   Avg. Daily Vol 1,271,500   Debt 4%
Last Qtr EPS +313%↑   Next Qtr Eps Est +1500%↑   Last Qtr Sales +29%
3 Qtrs Avg Eps +208%   PreTax Mgn 5%
EPS Due: 5/1 Group 58
*Extended past 70.61 handle entry of double-bottom.*

**Nu Holdings Ltd CI A Ads** (NU)  YTD +43%  **$11.93**
2558 M Shares  98 Comp. Rating  96 EPS  96 RS  -8% ROE
Brazil-based Co operating as a holding Co that provides a digital banking platform and services.
n.a.   PE 56   Avg. Daily Vol 35,264,300   Debt 0%
Last Qtr EPS +216%↓   Next Qtr Eps Est +172%↓   Last Qtr Sales +66%
3 Qtrs Avg Eps -6%
EPS Due: 5/14 Group 30
*Extended from 8.68 buy point of cup with handle.*

**monday.com Ltd** (MNDY)  YTD +20%  **$225.87**
25.2 M Shares  93 Comp. Rating  79 EPS  90 RS  -5% ROE
Israel-based Co offers cloud-based platform tools to build software applications and work management tools.
n.a.   PE 123   Avg. Daily Vol 883,800   Debt 0%
Last Qtr EPS +48%↓   Next Qtr Eps Est +157%↑   Last Qtr Sales +35%
3 Qtrs Avg Eps +484%   PreTax Mgn -5%
EPS Due: 5/13 Group 58
*Forming irregular handle with 239.22 buy point.*

**Duolingo Inc CI A** (DUOL)  YTD -3%  **$220.58**
29.3 M Shares  91 Comp. Rating  81 EPS  88 RS  3% ROE
Designs and develops digital a language-learning education platform, suggests lessons in multiple languages.
n.a.   PE 630   Avg. Daily Vol 690,200   Debt 0%
Last Qtr EPS +174%↑   Next Qtr Eps Est %↓   Last Qtr Sales +45%
3 Qtrs Avg Eps +137%   PreTax Mgn 3%
EPS Due: 5/8 Group 41
*Below 241.86 handle entry; wait for new breakout try.*

**NEXTracker** (NXT)  YTD +20%  **$56.27**
23.6 M Shares  80 Comp. Rating  97 EPS  91 RS  0% ROE
Provides intelligent, integrated solar tracker and software solutions used in solar projects globally.
Ann. EPS Growth +38%   PE 23   Avg. Daily Vol 3,771,700
Last Qtr EPS +231%↑   Next Qtr Eps Est +121%↓   Last Qtr Sales +38%
3 Qtrs Avg Eps +213%   PreTax Mgn 11%
EPS Due: 5/9 Group 185
*Weakens after topping 25% profit target from 46.55 entry.*

**Paymentus Holdings CI A** (PAY)  YTD +27%  **$22.75**
17.2 M Shares  97 Comp. Rating  96 EPS  96 RS  4% ROE
Provides a cloud-based platform for bill payment technology by an omni channel.
Ann. EPS Growth +30%   PE 71   Avg. Daily Vol 341,800   Debt 0%
Last Qtr EPS +175%↓   Next Qtr Eps Est +125%↑   Last Qtr Sales +25%
3 Qtrs Avg Eps +358%   PreTax Mgn 2%
EPS Due: 5/1 Group 46
*Hits 25% profit target from 18.79 cup entry.*

**CAVA Group** (CAVA)  YTD +63%  **$70.05**
79.5 M Shares  95 Comp. Rating  81 EPS  96 RS  0% ROE
Operates 263 restaurants across 22 states and Washington, D.C. with plans to open 44 more in 2023.
n.a.   PE 584   Avg. Daily Vol 2,376,600   Debt 0%
Last Qtr EPS +112%↓   Next Qtr Eps Est %↓   Last Qtr Sales +36%
3 Qtrs Avg Eps +153%   PreTax Mgn -10%
EPS Due: 5/29 Group 16
*Extended from cup with handle entry at 48.69.*

**Dutch Bros Inc CI A** (BROS)  YTD +4%  **$33.00**
47.6 M Shares  96 Comp. Rating  95 EPS  71 RS  20% ROE
Operates 831 drive-through coffee shops in 16 states in the United states.
Ann. EPS Growth +8%   PE 110   Avg. Daily Vol 2,112,300   Debt 127%
Last Qtr EPS +33%↓   Next Qtr Eps Est %↓   Last Qtr Sales +26%
3 Qtrs Avg Eps +83%   PreTax Mgn 6%
EPS Due: 5/8 Group 16
*Breaks out past cup with 32.31 entry; in buy range.*

**BBB Foods** (TBBB)  YTD 0%  **$23.78**
38.3 M Shares  82 Comp. Rating  91 RS  ROE
Mexico based company which operates a hard discount retail store chain in the country.
n.a.   PE 206   Avg. Daily Vol 1,198,000
Last Qtr EPS +141%↓   Next Qtr Eps Est %↓   Last Qtr Sales +59%
3 Qtrs Avg Eps +141%   PreTax Mgn
EPS Due: 5/29 Group 53
*In buy zone from 23.38 entry of 10-week line.*

**First Watch RestaurantGp** (FWRG)  YTD +22%  **$24.62**
56.9 M Shares  97 Comp. Rating  81 EPS  91 RS  5% ROE
Operates over 524 restaurants in 29 states serving breakfast, brunch, and lunch using fresh ingredients.
Ann. EPS Growth +251%   PE 60   Avg. Daily Vol 476,700   Debt 21%
Last Qtr EPS +500%↓   Next Qtr Eps Est -33%↓   Last Qtr Sales +32%
3 Qtrs Avg Eps +487%   PreTax Mgn 4%
EPS Due: 5/29 Group 16
*Hits 20% profit-taking zone from 20.95 entry.*

**Skyward Specialty Ins** (SKWD)  YTD +10%  **$37.41**
33.9 M Shares  98 Comp. Rating  91 EPS  90 RS  14% ROE
Offers commercial property and casualty products and solutions predominantly in the U.S.
Ann. EPS Growth +60%   PE 18   Avg. Daily Vol 320,600   Debt 31%
Last Qtr EPS +103%↓   Next Qtr Eps Est +58%↓   Last Qtr Sales +31%
3 Qtrs Avg Eps +78%   PreTax Mgn 12%
EPS Due: 5/7 Group 28
*In buy zone of three-weeks-tight 37.26 entry.*

**Samsara Inc CI A** (IOT)  YTD +13%  **$37.79**
177.6 M Shares  91 Comp. Rating  81 EPS  92 RS  -7% ROE
Provides an end-to-end solution that allows businesses that depend on physical operations to harness IoT data
n.a.   PE 540   Avg. Daily Vol 4,227,300   Debt 0%
Last Qtr EPS +300%   Next Qtr Eps Est %↓   Last Qtr Sales +48%
3 Qtrs Avg Eps +242%   PreTax Mgn 0%
EPS Due: 5/31 Group 58
*In buy zone above 36.91 entry of cup base.*

**T P G Inc CI A** (TPG)  YTD +4%  **$44.70**
69.5 M Shares  74 Comp. Rating  38 EPS  89 RS  1% ROE
Provides alternative asset management with capital, growth, impact, real estate and market sloution platform.
n.a.   PE 745   Avg. Daily Vol 902,400   Debt 0%
Last Qtr EPS +500%↑   Next Qtr Eps Est +292%↑   Last Qtr Sales +124%
n.a.   PreTax Mgn 4%
EPS Due: 5/7 Group 87
*Trading below 44.46 entry of cup without handle.*

**Hamilton Insurance CI B** (HG)  YTD -7%  **$13.93**
44.8 M Shares  81 Comp. Rating  81 EPS  81 RS  -6% ROE
Bermuda-based insurance company offers diverse insurance and reinsurance services to clients worldwide.
n.a.   PE 3   Avg. Daily Vol 283,600   Debt 9%
Last Qtr EPS +313%↑   Next Qtr Eps Est +77%↓   Last Qtr Sales +28%
3 Qtrs Avg Eps +122%   PreTax Mgn -2%
EPS Due: 5/29 Group 29
*No entry so far as it tries to break downtrend.*

*IBD scans for new issues that have been trading less than three years. They must have a record of strong recent earnings and sales growth as well as sponsorship among top-rated mutual funds.*

## IPO ANALYSIS

# Monday.com Nears New Entry

**BY SCOTT LEHTONEN**
INVESTOR'S BUSINESS DAILY

Artificial intelligence leader Monday.com (**MNDY**) is rapidly approaching a new buy point after finding support at a critical level in recent weeks.

With offices across the world, Monday.com has already established a global footprint. Through its workflow automation and productivity platform, the enterprise software firm works with clients across a range of fields, including marketing, sales, human resources and product development.

Through its open platform, Monday AI, the company works to enable clients to build any kind of artificial intelligence app. Still in beta and with more apps to come, its uses range from sentiment analysis to customer experience chatbots and content generation.

In its fourth-quarter earnings report on Feb. 12, the AI stock reported a profit of 65 cents a share on an adjusted basis, up 48% from a year earlier. Revenue rose 35% to $202.6 million.

Monday.com stock boasts a strong 96 out of a perfect 99 IBD Composite Rating.

On Feb. 12, the AI stock dived as much as 16.5% after the company's earnings report. Shares stemmed their slide at the 50-day moving average, which is a key support level to watch.

Over the next few weeks, the stock rebounded from that selloff, nearly setting a new high on March 21.

Now, Monday.com is approaching a 239 buy point in a cup-with-handle base and is about 5% away from that entry. A decisive move above that entry in heavy volume would be a sign of big institutional demand.

The latest buy trigger represents another entry for the AI stock.

Meanwhile, the relative strength line is holding steady around its old highs, reinforcing its role as a market leader. The RS line is an important technical indicator to watch.

## REITs

### March 28, 2024

| R/S | Acc/Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| 29 | B- | 27.6 | 4Corners | FCPT | 24.47 | 0.21 | -9 | 5.6 |
| 64 | C+ | 17.7 | AcadiaRlty | AKR | 17.01 | 0.31 | 33 | 4.2 |
| 94 | A+ | 13.9 | AcresCommRealty | ACR | 14.06 | 0.40 | -33 | 0.0 |
| 41 | D | 6.9 | AGMortgage | MITT | 6.12 | 0.11 | 63 | 11.8 |
| 31 | B | 10.6 | AgncInvest | AGNC | 9.90 | 0.11 | -16 | 14.5 |
| 22 | B- | 69.3 | AgreeRealty | ADC | 57.12 | 0.44 | -25 | 5.2 |
| 62 | B- | 235.8 | Alexanders | ALX | 217.14 | 1.23 | -13 | 8.3 |
| 59 | B- | 135.4 | AlexndriaEq | ARE | 128.91 | 1.23 | -28 | 3.9 |

| R/S | Acc/Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| 55 | D+ | 23.9 | AmerAssets | AAT | 21.91 | 0.27 | -48 | 6.1 |
| 33 | B- | 219.1 | AmerTower | AMT | 197.59 | 0.21 | -11 | 3.3 |
| 53 | B | 38.0 | AmH m4 | AMH | 36.78 | 0.53 | -53 | 2.8 |
| 16 | B- | 33.9 | AmrcldRealty | COLD | 24.92 | 0.15 | -11 | 3.5 |
| 75 | | 14.8 | AmrHlthcrReit | AHR | 14.75 | 0.39 | 12 | 6.8 |
| 80 | B | 11.6 | AngelOakMrtg | AOMR | 10.74 | -0.23 | 196 | 11.9 |
| 37 | C+ | 21.1 | AnnalyCap | NLY | 19.69 | 0.25 | -10 | 13.2 |
| 52 | C+ | 8.9 | ApartmntInv | AIV | 8.19 | 0.07 | 6 | 0.0 |
| 41 | C+ | 12.7 | ApolloComm | ARI | 11.14 | 0.18 | -12 | 12.6 |
| 44 | D+ | 17.9 | ApplHosp | APLE | 16.38 | -0.14 | 2 | 6.0 |
| 24 | C+ | 17.7 | ArborRlty | ABR | 13.25 | -0.14 | -47 | 12.9 |

| R/S | Acc/Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| 13 | E | 15.7 | AresRlEst | ACRE | 7.45 | 0.08 | -16 | 13.4 |
| 20 | D+ | 13.1 | ArmadaHflflr | AHH | 10.40 | 0.18 | 20 | 7.9 |
| 20 | C+ | 27.1 | ArmourRes | ARR | 19.77 | 0.16 | -20 | 14.6 |
| 7 | C | 5.1 | AshfordHsp | AHT | 1.37 | 0.05 | -47 | 0.0 |
| 43 | A- | 198.7 | AvalonBay | AVB | 185.56 | 1.87 | -12 | 3.7 |
| 26 | C | 23.8 | BlackstnMtg | BXMT | 19.91 | 0.13 | -28 | 12.5 |
| 72 | B- | 20.1 | BluerockHomes | BHM | 16.97 | 0.33 | 18 | 0.0 |
| 50 | D- | 74.0 | BostonPrpty | BXP | 65.31 | 2.16 | 22 | 6.0 |
| 9 | D+ | 9.4 | BraemerHotl | BHR | 2.00 | -0.01 | 30 | 10.0 |
| 50 | C+ | 13.1 | BridgeInv | BRDG | 6.85 | 0.05 | 24 | 4.1 |
| 41 | D+ | 8.0 | BrightSpireCap | BRSP | 6.89 | 0.08 | -4 | 11.6 |
| 50 | B+ | 24.5 | BrixmorProp | BRX | 23.40 | 0.18 | -20 | 4.6 |
| 27 | B- | 7.6 | BrdywineRlty | BDN | 4.80 | 0.11 | 11 | 10.0 |
| 19 | E | 20.7 | BRT Apts | BRT | 16.80 | 0.35 | -36 | 6.2 |
| 28 | A | 114.0 | CamdenPrpty | CPT | 98.40 | 1.24 | -2 | 4.2 |
| 74 | B- | 24.6 | CareTrust | CTRE | 24.37 | 0.18 | -46 | 4.8 |
| 26 | B- | 44.2 | CBLAssoc | CBL | 22.91 | 0.24 | -10 | 7.0 |
| 28 | B- | 67.0 | Centerspace | CSR | 57.14 | 0.86 | -6 | 5.3 |
| 36 | D- | 11.3 | ChathamLdg | CLDT | 8.92 | -0.02 | -2 | 6.8 |
| 15 | C | 17.6 | ChicAtlRlEst | REFI | 15.77 | 0.08 | 76 | 11.9 |
| 51 | B- | 7.6 | Chimera | CIM | 4.61 | 0.07 | -41 | 9.5 |
| 23 | B- | 7.1 | CityOfficeReit | CIO | 5.21 | 0.18 | 49 | 7.7 |
| 20 | D- | 15.3 | ClarosMrtgTr | CMTG | 9.76 | 0.33 | 24 | 11.5 |
| 10 | D- | 6.9 | ClipperRealty | CLPR | 4.32 | 0.32 | 191 | 7.9 |
| 70 | B- | 37.4 | CommHthTr | CHCT | 26.55 | 0.54 | -34 | 8.3 |
| 40 | C- | 26.7 | ComptDefnsProp | CDP | 24.17 | 0.12 | -23 | 4.9 |
| 20 | D- | 11.4 | CousinsProps | CUZ | 24.40 | 0.47 | 12 | 5.2 |
| 74 | A- | 10.1 | Cresud | CRESY | 8.93 | 0.37 | -1 | 0.0 |
| 24 | D | 136.3 | CrownCastle | CCI | 105.83 | 0.24 | 25 | 5.9 |
| 50 | B- | 12.8 | CrtvMediaCmnty | CMCT | 4.71 | -0.03 | -13 | 0.0 |
| 83 | B | 154.2 | DiglstnRlty | DLR | 144.04 | 0.30 | 14 | 3.4 |
| 70 | E | 6.9 | DmndrockHsp | DRH | 9.61 | 0.10 | -18 | 4.2 |
| 8 | D | 13.6 | DouglasEllman | DEI | 12.85 | 0.25 | -38 | 9.3 |
| 8 | D | 16.1 | DouglasEmmt | DEI | 13.81 | 0.42 | 43 | 8.2 |
| 78 | D | 7.6 | EagleRdMnMtg | ELME | 13.32 | 0.11 | -20 | 0.0 |
| 26 | A- | 80.0 | ElmeCommun | ELME | 15.18 | 0.30 | 20 | 4.0 |
| 38 | D- | 96.3 | EmpireStRlty | ESRT | 9.34 | 0.16 | -14 | 1.5 |
| 26 | C- | 61.1 | EPRPrpty | EPR | 42.45 | 0.17 | 1 | 8.1 |
| 52 | A | 178.7 | EqLifestyle | ELS | 63.33 | 0.01 | 32 | 3.0 |
| 26 | C+ | 914.9 | Equinix | EQIX | 825.33 | 0.72 | 37 | 2.0 |
| 25 | C- | 15.5 | EquityCmwlth | EQC | 19.72 | 0.17 | 20 | 0.0 |
| 26 | D+ | 66.5 | EquityResd | EQR | 64.23 | 0.59 | -12 | 4.0 |
| 22 | D+ | 165.6 | Extra Space | EXR | 145.70 | 0.24 | 1 | 4.3 |
| 18 | D+ | 15.5 | FederalRlty | FRT | 108.55 | 1.06 | 6 | 3.9 |
| 78 | D | 15.5 | FirstIndRlty | FR | 50.07 | 0.37 | -4 | 2.7 |
| 54 | D- | 52.7 | FranklinSt | FSP | 2.75 | 0.05 | -36 | 0.0 |
| 19 | D | 32.7 | FrnkInSt | FRK | 2.75 | 0.05 | -36 | 0.0 |
| 28 | B- | 13.4 | GattyRlty | GTY | 28.79 | 0.36 | -15 | 6.3 |
| 19 | C | 34.6 | Gladstone | GOOD | 13.34 | 0.07 | -3 | 7.3 |
| 19 | C | 14.1 | GladstoneLand | LAND | 13.49 | -0.08 | -9 | 4.2 |

| R/S | Acc/Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| 12 | C | 13.1 | GlobalNetLs | GNL | 7.77 | 0.14 | -10 | 18.1 |
| 22 | D+ | 5.4 | GlobalSlfStr | SELF | 4.45 | 0.07 | -39 | 6.5 |
| 21 | E | 11.6 | GlobMedReit | GMRE | 8.75 | 0.15 | 23 | 9.6 |
| 25 | C- | 52.5 | Gmg/LesPptys | GLPI | 46.07 | 0.30 | -34 | 6.6 |
| 19 | D+ | 6.4 | GranitePtMort | GPMT | 4.77 | -0.10 | 93 | 15.7 |
| 21 | D+ | 12.5 | Gyrodyne | GYRO | 8.30 | 0.10 | -100 | - |
| 62 | B- | 29.9 | HannonArm | HASI | 28.40 | 0.41 | 67 | 5.8 |
| 23 | B- | 22.4 | Healthpeak | DOC | 18.75 | 0.44 | -37 | 6.4 |
| 75 | B | 20.3 | HlthcareRealty | HR | 14.15 | 0.21 | 4 | 8.8 |
| 77 | B- | 21.3 | HostHtls | HST | 20.68 | 0.07 | -9 | 3.9 |
| 27 | B- | 13.1 | HudsonPac | HPP | 6.45 | 0.06 | -33 | 3.4 |
| 41 | A | 18.8 | IndepndRealtyTr | IRT | 16.13 | 0.12 | -39 | 4.0 |
| 84 | A- | 105.8 | InnvstrsRl | IIPR | 103.54 | -0.81 | 10 | 7.0 |
| 27 | E | 18.8 | Insuites | IHT | 0.00 | -62 | 1.5 |
| 31 | A | 24.6 | InvstrsTstProp | IVT | 25.81 | 0.33 | 1 | 3.5 |
| 12 | B- | 46.6 | InvescoMtg | IVR | 9.03 | 0.21 | 36 | 17.9 |
| 15 | C+ | 36.5 | InvitatnHome | INVH | 35.61 | 0.71 | 8 | 3.1 |
| 82 | C- | 12.8 | JpgSmth | JBGS | 16.05 | 0.12 | 2 | 7.5 |
| 54 | A- | 13.9 | Kilroy Rlty | KRC | 36.43 | 0.31 | -50 | 5.9 |
| 32 | C- | 22.6 | Kimco Rlty | KIM | 19.61 | 0.16 | 24 | 4.9 |
| 47 | C | 14.8 | KiteRealty | KRG | 21.68 | 0.24 | -35 | 4.5 |
| 82 | B- | 28.6 | LaddrCap | LADR | 11.13 | 0.16 | -63 | 8.5 |
| 63 | C+ | 19.8 | LeadRealEstate | LRE | 4.05 | -0.24 | 50 | 0.0 |
| 23 | D+ | 75.6 | LegacyHousing | LEGH | 21.52 | 0.47 | 1 | 0.0 |
| 43 | B- | 9.7 | LexngtnRlty | LXP | 9.02 | 0.13 | -30 | 6.0 |
| 81 | C | 35.0 | LTC Ppty | LTC | 32.51 | 0.02 | 103 | 7.0 |
| 76 | A- | 2.6 | Lument Financ | LFT | 2.45 | 0.05 | -26 | 15.9 |
| 17 | A- | 17.7 | Macerich | MAC | 17.23 | 0.51 | -25 | 3.9 |
| 74 | B | 99.9 | MedDivrReit | MPW | 4.70 | 0.11 | 16 | 12.8 |
| 13 | D- | 11.9 | MFAFincl | MFA | 11.30 | 0.10 | -42 | 12.3 |
| 86 | A- | 158.5 | MidAmApt | MAA | 135.89 | 1.22 | -9 | 4.3 |
| 17 | B- | 11.8 | ModinInfra | BEEP | 3.63 | 0.05 | 16 | 0.0 |
| 89 | A- | 11.9 | Modiv C | MDV | 15.30 | 0.09 | 10 | 7.6 |
| 23 | B- | 20.8 | NatlHealthInv | NHI | 54.75 | 1.02 | 52 | 6.6 |
| 52 | D- | 6.9 | NatlRetailPty | NNN | 42.53 | 0.31 | 10 | 5.4 |
| 17 | E | 8.1 | Netstreit | NTST | 15.01 | 0.13 | 13 | 5.5 |
| 52 | B- | 49.9 | NewmtkRllEst | NXRT | 35.10 | 0.77 | 1 | 5.6 |
| 26 | D- | 13.4 | NYC Rlt | NYC | 8.02 | 0.20 | -32 | 0.0 |
| 16 | C- | 25.4 | NxptRlty | REG | 4.45 | 0.02 | 1 | 0.0 |
| 52 | B- | 8.2 | OfficeProtsln | OPI | 2.13 | 0.04 | 1 | 18.8 |
| 76 | B- | 27.4 | OmegaHlthcr | OHI | 33.19 | 0.30 | 14 | 8.1 |
| 62 | B- | 8.2 | OneLberty | OLP | 24.04 | 0.29 | -10 | 7.3 |
| 68 | A- | 8.3 | OrionOffcReit | ONL | 3.25 | 0.10 | -14 | 0.0 |
| 17 | C- | 31.7 | PacificGateway | PGP | 18.27 | 0.12 | -17 | 0.0 |
| 60 | B- | 56.5 | ParkHtls | PK | 16.68 | 0.18 | -16 | 4.8 |
| 62 | A- | 18.8 | PebbleBrook | PEB | 16.68 | 0.17 | -24 | 0.9 |
| 35 | B- | 9.4 | PennyMac | PMT | 15.12 | 0.13 | -14 | 10.6 |
| 23 | D- | 8.9 | PhillipsEdison | PECO | 35.39 | 0.16 | -23 | 3.3 |
| 16 | C- | 8.8 | PiedmntOfcRlt | PDM | 6.84 | 0.18 | -10 | 12.0 |
| 25 | D | 9.0 | PlymthIndRlt | PLYM | 23.65 | 0.17 | -43 | 3.3 |

| R/S | Acc/Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| 31 | B- | 15.7 | PostalRltyA | PSTL | 14.32 | 0.08 | 46 | 6.7 |
| 25 | D | 54.4 | PotlatchdlcInc | PCH | 47.02 | 0.06 | -22 | 3.8 |
| 12 | B- | 3.9 | PowerReit | PW | 0.76 | -0.02 | 105 | - |
| 88 | B+ | 1.5 | PresidioProA | SQFT | 1.22 | -0.06 | -32 | 7.4 |
| 47 | D | 137.5 | Prologis | PLD | 130.22 | 1.36 | 16 | 2.9 |
| 30 | C+ | 316.5 | PublicStor | PSA | 290.06 | 1.96 | 13 | 4.1 |
| 47 | C- | 35.3 | Rayonier | RYN | 33.24 | -0.17 | -1 | 3.4 |
| 19 | E | 12.0 | ReadyCapital | RC | 9.13 | 0.20 | -7 | 13.1 |
| 24 | C- | 64.2 | RealtyIncome | O | 54.10 | 0.33 | -16 | 5.7 |
| 22 | C+ | 8.3 | Redwood | RWT | 6.70 | 0.10 | 51 | 10.0 |
| 25 | B- | 68.5 | RegencyCntr | REG | 60.56 | 0.39 | 13 | 4.4 |
| 26 | C- | 45.5 | RegionalHlth | RHE | 2.45 | -0.05 | -45 | - |
| 22 | D+ | 11.0 | RetailOpp | ROIC | 12.82 | 0.12 | -26 | 4.7 |
| 23 | D | 60.1 | RexfordIndus | REXR | 50.30 | 0.42 | 51 | 3.3 |
| 76 | C | 11.3 | RithmCapital | RITM | 11.16 | -0.16 | 25 | 9.8 |
| 12 | C | 14.1 | RLJLodging | RLJ | 11.82 | 0.08 | -7 | 3.4 |
| 23 | D | 11.0 | RoyaltyMgmt | RMCO | 1.16 | -0.02 | 100 | - |
| 67 | B- | 14.8 | SabraHlthc | SBRA | 14.77 | 0.19 | -30 | 8.1 |
| 72 | B+ | 122.9 | RymanHsp | RHP | 115.61 | -0.49 | 19 | 3.6 |
| 33 | D+ | 30.8 | SafeholdInc | SAFE | 20.60 | 0.42 | 26 | 3.4 |
| 33 | D+ | 41.0 | SaulCenters | BFS | 38.49 | 0.37 | 1 | 6.3 |
| 32 | C- | 267.4 | SBAComm | SBAC | 216.70 | -1.38 | -31 | 1.8 |
| 86 | A- | 18.8 | SeritageGrwA | SRG | 9.65 | 0.26 | 90 | 0.0 |
| 37 | B- | 10.2 | ServcPropTrust | SVC | 7.24 | 0.07 | -10 | 5.5 |
| 77 | C- | 92.6 | SimonProperty | SPG | 154.92 | 0.07 | 58 | 5.0 |
| 26 | B- | 12.6 | SiteCenters | SITC | 15.13 | 0.22 | -30 | 3.4 |
| 15 | C- | 55.1 | SL Green | SLG | 50.53 | 1.39 | 27 | 5.3 |
| 87 | A- | 17.4 | SotherlyHotels | SOHO | 1.50 | -0.04 | -1 | 0.0 |
| 32 | D- | 7.6 | StagIndustrl | STAG | 38.89 | 0.35 | 7 | 3.8 |
| 23 | C- | 95.8 | StorHldings | STAG | 6.18 | 0.11 | -43 | - |
| 19 | D- | 38.5 | SummitHtel | INN | 6.51 | 0.04 | -34 | 3.8 |
| 19 | D- | 20.5 | SummitIndus | SMTI | 8.91 | 0.07 | -33 | 0.0 |
| 33 | D | 60.9 | Sunstone | SHO | 10.74 | 0.13 | 20 | 5.2 |
| 16 | C- | 34.5 | TangerFact | SKT | 28.48 | 0.33 | 6 | 3.8 |
| 16 | C- | 35.2 | TerrenoRlty | TRNO | 59.73 | 0.63 | 16 | 3.0 |
| 23 | C- | 153.8 | UMHPrptys | UMH | 15.09 | 0.07 | -32 | 5.4 |
| 26 | C- | 211.4 | UnvsHlthRlty | UHT | 41.40 | 0.45 | 15 | 6.9 |
| 76 | B+ | 26.9 | UrbnEdge | UE | 17.50 | 0.12 | -43 | 4.2 |
| 23 | D- | 175.8 | Ventas | VTR | 44.01 | 0.56 | 10 | 4.1 |
| 41 | C- | 109.8 | VornadoRlty | VNO | 26.49 | 0.56 | -22 | 5.7 |
| 76 | B- | 89.9 | WPCarey | WPC | 58.18 | 0.38 | -14 | 6.0 |
| 32 | B- | 31.0 | WelltowerInc | WELL | 93.37 | 0.37 | 19 | 2.6 |
| 23 | B- | 22.2 | WheelerReit | WHLR | 5.61 | 0.14 | 35 | 0.0 |
| 76 | B- | 14.3 | WhitestnRei | WSR | 12.46 | 0.09 | -13 | 4.7 |
| 23 | C- | 95.8 | XeniaHotels | XHR | 15.01 | -0.08 | -54 | 3.2 |

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

In re AppHarvest Securities Litigation   Case No. 1:21-cv-07985-LJL

**CLASS ACTION**

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:** All persons and entities that purchased or otherwise acquired securities of AppHarvest, Inc., during the period from February 1, 2021 and August 10, 2021, inclusive, and were injured thereby (the "Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Lead Plaintiff, Alan Narrissenfeld, ("Lead Plaintiff" or "Plaintiff") on behalf of himself and all members of the Settlement Class, and Jonathan Webb, ("Webb"), Loren Eggleton ("Eggleton"), and David Lee ("Lee" and collectively with Webb and Eggleton, the "Individual Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $4,850,000.00 (the "Settlement"). Plaintiff estimates this represents an average recovery of $0.14 per share of AppHarvest common stock and $0.07 per warrant, respectively, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of AppHarvest securities held through an alleged corrective disclosure that was statistically significant.

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, the Individual Defendants have agreed to create a $4,850,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

A hearing will be held before the Honorable Lewis J. Liman, on June 12, 2024 at 3:00 p.m., in Courtroom 15C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing"), to, among other things, consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, which is subject of, wish to be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, www.strategicclaims.net/apph/, or by contacting the Claims Administrator at:

In re AppHarvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**LEVI & KORSINSKY, LLP**
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT 06905
203-992-4523
gpotrepka@zlk.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked or submitted online no later than May 22, 2024 to the Claims Administrator at the address above. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is post-marked if by mail, or e-mailed, no later than May 22, 2024 to the Claims Administrator. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are received no later than May 22, 2024. Settlement Class Members who exclude themselves from the Settlement will not be able to object to the Settlement.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: MARCH 6, 2024   BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

©2024 Investor's Business Daily, LLC. All rights reserved.

Case 1:21-cv-07985-LJL    Document 129-4    Filed 05/08/24    Page 38 of 53



Josephine Bravata <jbravata@strategicclaims.net>

## PR Newswire: Press Release Distribution Confirmation for Levi & Korsinsky, LLP. ID#4112900-1-1

1 message

**phhubs@prnewswire.com** <phhubs@prnewswire.com>                    Mon, Apr 1, 2024 at 9:00 AM
To: jbravata@strategicclaims.net

Hello

Your press release was successfully distributed at: 01-Apr-2024 09:00:00 AM ET


Release headline: Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of AppHarvest, Inc. Securities
Word Count: 930
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 4112900-1-1



View your release:* https://www.prnewswire.com/news-releases/levi--korsinsky-llp-announces-proposed-class-action-settlement-on-behalf-of-purchasers-of-appharvest-inc-securities-302086904.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.
< /html>

# Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of AppHarvest, Inc. Securities

---

NEWS PROVIDED BY
**Levi & Korsinsky, LLP →**
01 Apr, 2024, 09:00 ET

---

NEW YORK, April 1, 2024 /PRNewswire/ -- Levi & Korsinsky, LLP announces that the United States District Court for the Southern District of New York has approved the following announcement of a proposed class action settlement that would benefit purchasers of AppHarvest, Inc. securities (NASDAQ: **APPH**) and (NASDAQ: **APPHW**).

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:     All persons and entities that purchased or otherwise acquired securities of AppHarvest, Inc., during the period from February 1, 2021 and August 10, 2021, inclusive, and were injured thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Lead Plaintiff, Alan Narzissenfeld, ("Lead Plaintiff" or "Plaintiff") on behalf of himself and all members of the Settlement Class, and Jonathan Webb, ("Webb"), Loren Eggleton ("Eggleton"), and David Lee ("Lee" and collectively with Webb and Eggleton, the "Individual Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $4,850,000.00 (the "Settlement"). Plaintiff estimates that

represents an average recovery of $0.14 per share of AppHarvest common stock and $0.07 per warrant, respectively, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of AppHarvest securities held through an alleged corrective disclosure that was statistically significant.

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, the Individual Defendants have agreed to create a $4,850,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

A hearing will be held before the Honorable Lewis J. Liman, on June 12, 2024 at 3:00 p.m., in Courtroom 15C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to, among other things, consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, **www.strategicclaims.net/apph/**, or by contacting the Claims Administrator at:

In re AppHarvest Securities Litigation

c/o Strategic Claims Services

600 N. Jackson Street., Suite 205

Media, PA 19065

Toll-free: (866) 274-4004

Fax: (610) 565-7985

Email: **info@strategicclaims.net**

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**LEVI & KORSINSKY, LLP**

Gregory M. Potrepka

1111 Summer Street, Suite 403

Stamford, CT 06905

203-992-4523

**gpotrepka@zlk.com**

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than May 22, 2024 to the Claims Administrator at the address above.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *post-marked if by mail, or e-mailed, no later than May 22, 2024 to the Claims Administrator.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such

that they are *received no later than May 22, 2024*. Settlement Class Members who exclude themselves from the Settlement will not be able to object to the Settlement.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: MARCH 6, 2024

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOURCE Levi & Korsinsky, LLP

**EXHIBIT E**

# SUPPORT CENTER
### Support Ticket System

04/24/2024 03:34:52 PM

# Ticket #676808

| | | | | |
|---|---|---|---|---|
| **Status** | Completed | | **Name** | Andrea Deeds |
| **Priority** | Normal | | **Email** | |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 04/22/2024 02:56:09 PM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | George Allen | | **Help Topic** | Claims |
| **SLA Plan** | | | **Last Response** | 04/24/2024 03:34:24 PM |
| **Due Date** | | | **Last Message** | 04/23/2024 02:08:29 PM |

**Ticket Details**

| | |
|---|---|
| **Case:** | AppHarvest |

# Fwd: AppHarvest Inc. Securities Litigation Exclusion to Settlement

| | |
|---|---|
| 04/22/2024 02:56:09 PM Fwd: AppHarvest Inc. Securities Litigation Exclusion to Settlement | Andrea Deeds |

Please see attached PDF and / or JPG for letter requesting exclusion from settlement.  This is back up to the original that is in the mail.

**Regards,**

**Andrea Kirkpatrick Deeds**

Adobe Scan Apr 22, 2024 (1)_1.jpg (256.6 kb)
appharvest letter April 22.pdf (289.7 kb)

# SUPPORT CENTER
Support Ticket System

04/24/2024 03:34:52 PM

| 04/23/2024 12:28:57 PM | Leo Lysakowski |
|---|---|

Good afternoon,

Your claim has been received. We are processing claims at this time. If we need anything additional from you, we will contact you at a later date. Typically, these cases can take up to six months to a year if not more from the claims filing deadline before distribution is made.

If you have any further questions, feel free to contact us.

Thank you.

--

Claims Administrator
Strategic Claims Services, Inc.
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

| 04/23/2024 12:34:32 PM | Leo Lysakowski |
|---|---|

Good afternoon,

Please see instructions below on how to properly exclude yourself. We have not received any correspondence in the mail as of today.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**
36. If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own concerning

# SUPPORT CENTER
Support Ticket System

04/24/2024 03:34:52 PM

the

Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called

excluding yourself or "opting out." Please note: if you bring your own claims, Defendants will have the right

to seek their dismissal, including because the suit is not filed within the applicable time periods required for

filing suit. Also, the Individual Defendants may terminate the Settlement if Persons who purchased in excess

of a certain amount of shares of AppHarvest securities seek exclusion from the Settlement Class.

11. How do I exclude myself from the Settlement Class?

37. To exclude yourself from the Settlement Class, you must transmit by United States Postal

Service or e-mail a signed letter stating that you "request to be excluded from the Settlement Class in In re

AppHarvest Inc., Securities Litigation, Case No. 1:21-cv-7985-LJL (S.D.N.Y)." You cannot exclude yourself

by telephone. Each request for exclusion must also: (i) state the name, mailing address, telephone number,

and e-mail address of the person or entity requesting exclusion; (ii) state the number of publicly traded

AppHarvest common shares or warrants purchased, acquired, and/or sold during the Settlement Class Period,

as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or

entity requesting exclusion or an authorized representative. A request for exclusion must be post-marked if

by mail, or e-mailed, no later than May 22, 2024, to:

EXCLUSIONS – In re AppHarvest Securities Litigation

c/o Strategic Claims Services

600 N. Jackson Street, Suite 205

Media, PA 19063

email: info@strategicclaims.net

Page 9 of 17

Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise

accepted by the Court.

38. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment

from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement

Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything

that happens in the Action, and you may be able to sue (or continue to sue) the Individual Defendants and the

other Released Defendant Parties in the future, assuming your claims are timely and otherwise valid. If

**SUPPORT CENTER**
Support Ticket System

04/24/2024 03:34:52 PM

you
have a pending lawsuit against any of the Released Defendant Parties, please speak to your lawyer in the case immediately.

| 04/23/2024 02:08:08 PM | Andrea Deeds |
|---|---|

Unbelievable since the letter requesting exclusion was attached to the original email.   Attaching again.

On Tue, Apr 23, 2024 at 12:29 PM Claims Administrator reply@strategicclaims.net> wrote:

Adobe Scan Apr 22, 2024 (1)_1.jpg (256.6 kb)

| 04/23/2024 02:08:29 PM | Andrea Deeds |
|---|---|

Unbelievable since the letter requesting exclusion was attached to the original email.   Attaching again.

---------- Forwarded message ---------

From: **Claims Administrator** reply@strategicclaims.net>

Date: Tue, Apr 23, 2024 at 12:34 PM

Subject: Re: Fwd: AppHarvest Inc. Securities Litigation Exclusion to Settlement [#676808]

To: Andrea Deeds

Adobe Scan Apr 22, 2024 (1)_1.jpg (256.6 kb)

**SUPPORT CENTER**
Support Ticket System

04/24/2024 03:34:52 PM

| 04/24/2024 03:34:24 PM | George Allen |
|---|---|

Good afternoon,

We have received your information.

Thank you.


--
Claims Administrator
Strategic Claims Services, Inc.
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

April 22, 2024

In re Appharvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media PA 19063

In re: AppHarvest Inc., Securities Litigation, Case No. 1:21-cv-7985-L J L (S.D.N.Y.)

To whom it concerns:

This is my request to be excluded from the Settlement Class *In re AppHarvest Inc., Securities Litigation*, Case No. 1:21-cv-7985-LJL (S.D.N.Y.).

Name: Andrea M Deeds
Mailing Address:
Telephone:
Email:

Shares Purchased / Acquired / Sold during Settlement Class Period

### YOUR RETIREMENT ACCOUNT EQUITY COST BASIS

July 01, 2021 - Septemℤ

| EQUITIES Description | Symbol | Acquired | Quantity | Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) A |
|---|---|---|---|---|---|---|---|---|
| APPHARVEST INC | APPH | 02/01/21 | 25.0000 | 28.6300 | 715.75 | 6.5200 | 163.00 | (552.75) |
| | | 02/05/21 | 25.0000 | 30.8100 | 770.25 | 6.5200 | 163.00 | (607.25) |
| | | 02/10/21 | 10.0000 | 36.7500 | 367.50 | 6.5200 | 65.20 | (302.30) |
| | | 02/16/21 | 10.0000 | 32.4600 | 324.60 | 6.5200 | 65.20 | (259.40) |
| | | 02/19/21 | 5.0000 | 36.0700 | 180.35 | 6.5200 | 32.60 | (147.75) |
| | | 02/24/21 | 10.0000 | 34.1500 | 341.50 | 6.5200 | 65.20 | (276.30) |
| | | 02/26/21 | 15.0000 | 33.0000 | 495.00 | 6.5200 | 97.80 | (397.20) |
| | | 03/03/21 | 10.0000 | 29.7800 | 297.80 | 6.5200 | 65.20 | (232.60) |
| | | 03/08/21 | 20.0000 | 16.9270 | 338.54 | 6.5200 | 130.40 | (208.14) |
| | | 03/11/21 | 10.0000 | 22.7120 | 227.12 | 6.5200 | 65.20 | (161.92) |
| | | 03/12/21 | 10.0000 | 23.0700 | 230.70 | 6.5200 | 65.20 | (165.50) |
| | | 03/22/21 | 10.0000 | 21.0830 | 210.83 | 6.5200 | 65.20 | (145.63) |
| | | 03/24/21 | 10.0000 | 20.2280 | 202.28 | 6.5200 | 65.20 | (137.08) |
| | | 03/25/21 | 10.0000 | 17.8900 | 178.90 | 6.5200 | 65.20 | (113.70) |
| | | 04/19/21 | 10.0000 | 13.9190 | 139.19 | 6.5200 | 65.20 | (73.99) |
| | | 05/10/21 | 35.0000 | 12.5751 | 440.13 | 6.5200 | 228.20 | (211.93) |
| | | 06/29/21 | 10.0000 | 15.5290 | 155.29 | 6.5200 | 65.20 | (90.09) |

### YOUR CMA EQUITY COST BASIS

May 29, 2021 - June 30, 2021

| EQUITIES Description | Symbol | Acquired | Quantity | Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Annual Income |
|---|---|---|---|---|---|---|---|---|---|
| APPHARVEST INC | APPH | 04/12/21 | 10.0000 | 17.1950 | 171.95 | 16.0000 | 160.00 | (11.95) | |
| TOTAL | | | | | 171.95 | | 160.00 | (11.95) | |

Regards,

Andrea M Deeds

April 22, 2024


In re Appharvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media PA 19063


In re: AppHarvest Inc., Securities Litigation, Case No. 1:21-cv-7985-L J L (S.D.N.Y.)

To whom it concerns:

This is my request to be excluded from the Settlement Class *In re AppHarvest Inc., Securities Litigation*, Case No. 1:21-cv-7985-LJL (S.D.N.Y.).

Name: Andrea M Deeds
Mailing Address:
Telephone:
Email:

Shares Purchased / Acquired / Sold during Settlement Class Period

## YOUR RETIREMENT ACCOUNT EQUITY COST BASIS

July 01, 2021 - Septem

| EQUITIES Description | Symbol | Acquired | Quantity | Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) A |
|---|---|---|---|---|---|---|---|---|
| APPHARVEST INC | APPH | 02/01/21 | 25.0000 | 28.6300 | 715.75 | 6.5200 | 163.00 | (552.75) |
| | | 02/05/21 | 25.0000 | 30.8100 | 770.25 | 6.5200 | 163.00 | (607.25) |
| | | 02/10/21 | 10.0000 | 36.7500 | 367.50 | 6.5200 | 65.20 | (302.30) |
| | | 02/16/21 | 10.0000 | 32.4600 | 324.60 | 6.5200 | 65.20 | (259.40) |
| | | 02/19/21 | 5.0000 | 36.0700 | 180.35 | 6.5200 | 32.60 | (147.75) |
| | | 02/24/21 | 10.0000 | 34.1500 | 341.50 | 6.5200 | 65.20 | (276.30) |
| | | 02/26/21 | 15.0000 | 33.0000 | 495.00 | 6.5200 | 97.80 | (397.20) |
| | | 03/03/21 | 10.0000 | 29.7800 | 297.80 | 6.5200 | 65.20 | (232.60) |
| | | 03/08/21 | 20.0000 | 16.9270 | 338.54 | 6.5200 | 130.40 | (208.14) |
| | | 03/11/21 | 10.0000 | 22.7120 | 227.12 | 6.5200 | 65.20 | (161.92) |
| | | 03/12/21 | 10.0000 | 23.0700 | 230.70 | 6.5200 | 65.20 | (165.50) |
| | | 03/22/21 | 10.0000 | 21.0830 | 210.83 | 6.5200 | 65.20 | (145.63) |
| | | 03/24/21 | 10.0000 | 20.2280 | 202.28 | 6.5200 | 65.20 | (137.08) |
| | | 03/25/21 | 10.0000 | 17.8900 | 178.90 | 6.5200 | 65.20 | (113.70) |
| | | 04/19/21 | 10.0000 | 13.9190 | 139.19 | 6.5200 | 65.20 | (73.99) |
| | | 05/10/21 | 35.0000 | 12.5751 | 440.13 | 6.5200 | 228.20 | (211.93) |
| | | 06/29/21 | 10.0000 | 15.5290 | 155.29 | 6.5200 | 65.20 | (90.09) |

## YOUR CMA EQUITY COST BASIS

May 29, 2021 - June 30, 2021

| EQUITIES Description | Symbol | Acquired | Quantity | Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Annual Income |
|---|---|---|---|---|---|---|---|---|---|
| APPHARVEST INC | APPH | 04/12/21 | 10.0000 | 17.1950 | 171.95 | 16.0000 | 160.00 | (11.95) | |
| TOTAL | | | | | 171.95 | | 160.00 | (11.95) | |

Regards



Andrea M Deeds

Case 1:21-cv-07985-LJL   Document 129-4   Filed 05/08/24   Page 50 of 53

Ms. Andrea Kirkpatrick

22 APR 2024 PM 8 L

MANATEE

In re Appharvest Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media PA 19063

19063-256455

## SUPPORT CENTER
Support Ticket System

04/30/2024 08:38:36 AM

# Ticket #812320

| | | | | |
|---|---|---|---|---|
| **Status** | New | | **Name** | Stacey Weiler |
| **Priority** | Normal | | **Email** | |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 04/30/2024 06:16:06 AM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | George Allen | | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | | **Last Response** | 04/30/2024 08:38:27 AM |
| **Due Date** | 05/01/2024 06:16:06 AM | | **Last Message** | 04/30/2024 06:16:07 AM |

**Ticket Details**

| | |
|---|---|
| **Case:** | AppHarvest |

## Exclusion from app harvest settlement case

| | | |
|---|---|---|
| 04/30/2024 06:16:07 AM | Exclusion from app harvest settlement case | Stacey Weiler |

Sent from my iPhone

IMG_9274.jpg (1.9 mb)

| | |
|---|---|
| 04/30/2024 08:38:27 AM | George Allen |

Good morning,

Thank you for contacting us regarding the AppHarvest litigation.

Please note that in order to properly exclude yourself, the exclusion letter must include all information specified on p. 8 of the attached Notice/Claim Form in the section on how to exclude yourself from the case, see also below:

"Each request for exclusion must also: (i) state the name, mailing address, telephone number, and e-mail address of the person or entity requesting exclusion; (ii) state the number of publicly traded AppHarvest common shares or warrants purchased, acquired, and/or sold during the Settlement Class Period, **as well as the dates and prices of each such purchase, acquisition, and sale;** and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be post-marked if by mail, or e-mailed, no later than May 22, 2024, to:

**SUPPORT CENTER**
Support Ticket System

04/30/2024 08:38:36 AM

EXCLUSIONS – In re AppHarvest Securities Litigation

c/o Strategic Claims Services

600 N. Jackson Street, Suite 205

Media, PA 19063

email: info@strategicclaims.net"

If you have any further questions, please feel free to contact our office.

Thank you.

--

Claims Administrator

Strategic Claims Services, Inc.

600 N. Jackson St. - Suite 205

Media PA 19063

Phone: 610-565-9202

Fax: 610-565-7985

Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

AppHarvest Notice and Claim Form.pdf (377 kb)

4/30/24

Re: AppHarvest Inc., Securities Litigation, Case No. 1:21-cv-7985-LJL (S.D.N.Y)

I am requesting to be excluded from the Settlement Class in the above referenced case.

Stacey Weiler + Patrick Treacy (Joint owners)

700 shares purchased on 1/4/21 (nothing sold)

info @ strategicclaims.net