UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re AppHarvest Securities Litigation

Case No. 1:21-cv-07985-LJL

**REPLY IN FURTHER SUPPORT OF (1) LEAD PLAINTIFF'S UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF
ALLOCATION AND FINAL CERTIFICATION OF SETTLEMENT CLASS,
AND (2) LEAD COUNSEL'S UNOPPOSED MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

Lead Plaintiff Alan Narzissenfeld ("Lead Plaintiff"), and Lead Counsel Levi & Korsinsky, LLP ("L&K"), respectfully submit this reply memorandum of law in further support of: (1) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of Settlement Class ("Final Approval Motion") (ECF Nos. 125-26); and (2) Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Litigation Expenses ("Fee Motion") (ECF Nos. 127-28) (collectively, the "Motions").[1]

## PRELIMINARY STATEMENT

As discussed in Lead Plaintiff's opening memorandum, the proposed Settlement provides for a $4,850,000 cash payment for the benefit of the Settlement Class and is the result of well-informed, arm's-length negotiations. It is more than "fair, reasonable, and adequate" in light of the attendant risks of continued litigation and should be approved. Fed. R. Civ. P. 23(e)(2).

The notice plan, as implemented by the Claims Administrator, satisfied the standards of Rule 23 and due process. Pursuant to the Court's Preliminary Approval Order (ECF No. 120), the Claims Administrator disseminated over 133,284 Notices to potential Settlement Class Members and nominees, in addition to publishing the Summary Notice. *See* Suppl. Bravata Decl., ¶4. The deadline for objections and requests for exclusions has passed and not a single Settlement Class Member has objected to any aspect of the Motions. *Id.,* ¶9. To date, the Claims Administrator has

---

[1] Unless otherwise noted, capitalized terms shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated February 20, 2024 (ECF No. 117-1, the "Stipulation"), the Motions, and the Declaration of Gregory M. Potrepka in Support of (1) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of Settlement Class, and (2) Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (ECF No. 129) (the "Potrepka Declaration" or "Potrepka Decl."). Unless otherwise noted, all emphasis is added, all internal quotations and citations are omitted. All references to "Suppl. Potrepka Decl." are to the accompanying Supplemental Declaration of Gregory M. Potrepka in Further Support of (1) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of Settlement Class, and (2) Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Litigation Expenses. All references to "Suppl. Bravata Decl." are to the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date, attached as Exhibit 5 to the Suppl. Potrepka Decl.

1

received only five exclusion requests, three of which are invalid because the individuals failed to provide the required transaction information. *Id.,* ¶8. The lack of objections and the scarcity of requests for exclusion strongly supports final approval of the Settlement and Lead Counsel's fee and expense request.

Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses, supporting approval of the Motions. Specifically, Lead Plaintiff and Lead Counsel request the Court enter:

1. The [Proposed] Order and Final Judgment attached as Exhibit 6 to the Suppl. Potrepka Decl.;

2. The [Proposed] Order Approving Plan of Allocation filed at ECF No. 125-1; and

3. The [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses filed at ECF No. 127-1.

## ARGUMENT

### I. The Court-Approved Notice Program Has Been Completed and Satisfies Rule 23 and Due Process

The notice plan, as implemented by the Claims Administrator, constituted the best notice practicable under the circumstances and provided Settlement Class Members with information reasonably necessary to evaluate their options. *See* Fed. R. Civ. P. 23(e)(1)(B).

The notice clearly and concisely explained the nature of the action and the rights of Settlement Class Members, thereby satisfying the requirements of Rule 23 and due process. ECF No. 120 at ¶9 (finding that Plaintiffs' proposed notice satisfies all of the requirements of Rule 23 and due process). The Summary Notice likewise set forth a clear and concise summary of the case

and the proposed Settlement and directed Settlement Class Members to visit the settlement website or call the toll-free telephone number for more information.

In compliance with the Court's Preliminary Approval Order (ECF No. 120), the Claims Administrator emailed or mailed the Postcard Notice to potential Settlement Class members; maintained a Settlement website where downloadable versions of the Notice and Claim Form are available; maintained a toll-free telephone number for Settlement Class Members to call and obtain information; and had the Summary Notice published in *Investor's Business Daily* and transmitted over *PR Newswire*. *See* the Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (the "Initial Mailing Declaration"), ¶¶2-12 (ECF 129-4).

As of July 3, 2024, a total of 133,284 Postcard Notices have been emailed or mailed to potential Settlement Class Members or nominees. *See* Suppl. Bravata Decl., ¶4. As more fully described in the Final Approval Motion, the Notice provided all the required and necessary information to permit Settlement Class Members to make a fully informed decision regarding the Settlement, the Plan of Allocation, and Lead Counsel's fee and expenses request. ECF No. 129-4 at 9-10. This included apprising Settlement Class Members of their right to object and right to exclude themselves from the Class by May 22, 2024. *Id.* at 9, 15-17.

Accordingly, the notice plan, as implemented, meets the requirements of Rules 23(c), 23(e) and due process. *See, e.g., In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y. 1996), *aff'd , sub nom. In re Prudential Sec. Inc. Ltd. P'ship Litig.,* 107 F.3d 3 (2d Cir. 1996) ("for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected").

II.    **The Positive Reaction of the Settlement Class Strongly Supports Final Approval of the Settlement and Plan of Allocation**

"[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor" in considering a settlement's fairness and adequacy. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 9, 119 (2d Cir. 2005); *see also In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.,* 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Here, following the robust notice program, Lead Plaintiff received **<u>zero</u>** objections to any aspect of the Settlement or Plan of Allocation which "weighs strongly in favor of the settlement." *Rosi v. Aclaris Therapeutics, Inc.*, 2021 WL 5847420, *5 (S.D.N.Y. Dec. 9, 2021) (Liman, J.); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) (lack of objections to the Plan of Allocation supports approval); *In re Nano-X Sec. Litig.*, 2024 U.S. Dist. LEXIS 71340, at *10 (E.D.N.Y. Apr. 17, 2024) ("No Settlement Class member objected to the settlement…Thus, the reaction of the class to the settlement also weighs in favor of final approval of the Settlement Agreement.").

The absence of objections is even more noteworthy because it evidences the Settlement received universal support from institutional investors—a factor that weighs heavily in favor of finding the Settlement is fair and adequate. *See, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *AOL Time Warner, Inc.,* 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (noting lack of objections from institutional investors).

Likewise, the low number of requests for exclusion supports a finding that the Settlement is fair and reasonable. To date, the Claims Administrator has received only five exclusion requests,

4

three of which are invalid because the individuals failed to provide the required transaction information. The "minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement." *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176-77 (S.D.N.Y. 2014) (14 opt-outs out of 82,019 postcard notices with 1,640 claims received); *see also Woburn Ret. Sys. v. Salix Pharms., Ltd.,* 2017 WL 3579892, at *3 (S.D.N.Y. Aug. 18, 2017) ("minimal requests for exclusion are indicative of…adequacy"); *Rodriquez v. It's Just Lunch Int'l,* 2020 WL 1030983, at *4 (S.D.N.Y. Mar. 2, 2020) (60 opt-outs from approximately 140,000 estimated class members); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457 (S.D.N.Y. 2004) (9 opt-outs was an "extremely low number[]" which "strongly support[ed] settlement approval.").

Similarly, the absence of any objections to the Plan of Allocation supports its approval. *Guevoura Fund Ltd. v. Sillerman,* 2019 WL 6889901, at *11 (S.D.N.Y. Dec. 18, 2019) ("Notably, in response to the 12,942 Notices mailed to potential Class Members to date, no objections have been received to the Plan of Allocation."); *In re Veeco Instruments Inc. Sec. Litig.,* 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

### III.     The Positive Reaction of the Settlement Class Strongly Supports Approval of the Fee Motion

The Notice informed Settlement Class Members that Plaintiffs' Counsel intended to apply for an award of attorneys' fees of no more than 25% of the Settlement Fund and for reimbursement of expenses of no more than $250,000.00. *See* ECF 119-1 at Page 3 of 17. The Notice informed Settlement Class Members that they had a right to object to the request for attorneys' fees and expenses. *Id* at Pages 2, 9-10 of 17.

Plaintiffs' Counsel filed the Fee Motion on May 8, 2024, seeking attorneys' fees of $1,212,500.00 (25% of the Settlement Fund, which is well within, if not below, the range of fees routinely awarded in similar matters) and reimbursement of $166,987.77 for litigation expenses incurred. ECF Nos. 127-129. Zero objections to Lead Counsel's request for attorneys' fees and expenses were filed, or otherwise received by Lead Counsel. The lack of objections strongly supports a finding that the requested attorneys' fees and expenses are fair and reasonable, weighing in favor of approval. *See, e.g.*, *Rosi*, 2021 WL 5847420 at *8 ("absence of objections" supported fee application); *It's Just Lunch*, 2020 WL 1030983, at *11 (finding two objections to requested attorneys' fees of 31.5% of settlement fund "relatively low" and "weigh[ing] in favor of approving the attorneys' requested fees as reasonable"); *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *In re Facebook, Inc. IPO Sec. & Derivative Litig.,* 2015 WL 6971424, at *11 (S.D.N.Y. Nov. 9, 2015), *aff'd sub nom. In re Facebook, Inc.,* 674 F. App'x 37 (2d Cir. 2016) (approving attorneys' fees of 33% of settlement fund although two objections were submitted arguing that the fees were too high); *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (that "not one Class Member has objected to" the request for attorneys' fees of 30% of the Gross Settlement Fund "attests to the approval of the Class").

## CONCLUSION

For the reasons set forth herein, and in the Motions and supporting papers, Lead Plaintiff and Lead Counsel respectfully submit that the Settlement presents a favorable result for the Class; the proposed Plan of Allocation is fair and equitable; and the requested fees and expenses are fair

and reasonable. Accordingly, Lead Plaintiff and Lead Counsel respectfully request that the Court enter:

1. The [Proposed] Order and Final Judgment attached as Exhibit 6 to the Suppl. Potrepka Decl.;

2. The [Proposed] Order Approving Plan of Allocation filed at ECF No. 125-1; and

3. The [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses filed at ECF No. 127-1.

Dated:  July 3, 2024                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Gregory M. Potrepka*
    Gregory M. Potrepka (GP-1275)

Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com

***Attorneys for Plaintiff Alan Narzissenfeld***

## CERTIFICATE OF SERVICE

I, Gregory M. Potrepka, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 3rd day of July, 2024.

                                /s/ *Gregory M. Potrepka*
                                Gregory M. Potrepka