UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL |

**SECOND SUPPLEMENTAL DECLARATION OF GREGORY M. POTREPKA
IN FURTHER SUPPORT OF LEAD COUNSEL'S UNOPPOSED REQUEST FOR
REIMBURSEMENT OF LITIGATION EXPENSES**

I, Gregory M. Potrepka, Esq., pursuant to 28 U.S.C. §1746, hereby declare as follows:

1.      I am over the age of eighteen and duly admitted to practice in Connecticut, New York, and before this Court.  I am a partner at the law firm of Court-appointed Lead Counsel Levi & Korsinsky, LLP ("L&K" or "Lead Counsel"), counsel of record for Lead Plaintiff Alan Narzissenfeld ("Lead Plaintiff"), in the above-captioned securities class action (the "Action").[1] I respectfully submit this declaration in further support Lead Counsel's request for reimbursement litigation expenses and in response to the Court's Order dated July 9, 2024 (ECF 135).

2.      I have personally participated in, overseen, and monitored the prosecution of this Action, and have otherwise been kept informed of developments in this litigation by attorneys working with me and under my supervision. Thus, if called upon, I can testify to the matters set forth herein.

3.      Attached hereto as Exhibit 7 is a true and correct copy of a spreadsheet received by the undersigned from Lead Counsel's billing department reflecting itemized sums paid (and credits received) by Lead Counsel in connection with the prosecution of the Action.[2] Lead Counsel's

---

[1]  Unless otherwise noted, all capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation and Agreement of Settlement dated February 20, 2024 (ECF 117-1, the "Stipulation" or "Stip.").

[2] The exhibit numbering in this declaration continues from the Declaration of Gregory M. Potrepka in Support of (1) Lead Plaintiff's Motion For Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of Settlement Class, and (2) Lead Counsel's Motion For an Award of Attorneys' Fees and Reimbursement of Expenses

billing department generated Exhibit 7 from QuickBooks, a standard accounting software. The entries contained in Exhibit 7 were input by Lead Counsel's billing department into QuickBooks contemporaneously with each payment or remittance. Invoices for certain charges are described more fully below. However, other entries reflect contemporaneous credit card payments for which no invoices exist, including: certain court filing fees; fees for payment-restricted news articles and other media; PACER fees, and fees for transcribing audio and video files of interviews given by the Defendants in this Action.

4.      Attached hereto as Exhibit 8 is a true and correct copy of an invoice from Southern District Reporters PC, billed in connection with providing a transcript of proceedings held before the Honorable George B. Daniels of the United States District Court for the Southern District of New York on July 6, 2022. During the transcribed hearing, the parties discussed leave to amend in the context of a securities class action bearing the caption *Cachia v. Bellus Health Inc., et al.*, Case No. 2:21-cv-02278-GBD (S.D.N.Y.). Lead Plaintiff monitored the *Cachia* action to the extent it had bearing on Lead Plaintiff's then-pending motion for leave to amend in this Action.

5.      Attached hereto as Exhibit 9 are true and correct copies of all invoices received from, and all bills that Lead Counsel paid to, Forensic Economics, Inc., in connection with this Action. Forensic Economics, Inc., consulted Lead Counsel regarding damages scenarios and the Plan of Allocation.

6.      Attached hereto as Exhibit 10 are true and correct copies of all invoices received from, and all bills that Lead Counsel paid to, Crowninshield Financial Research, in connection

---

(ECF 129), and the Supplemental Declaration of Gregory M. Potrepka in Support of (1) Lead Plaintiff's Motion For Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of Settlement Class, and (2) Lead Counsel's Motion For an Award of Attorneys' Fees and Reimbursement of Expenses (ECF 134).

with this Action. Crowninshield Financial Research consulted Lead Counsel regarding financial and damages analyses of AppHarvest's publicly traded common stock and warrants.

7.      Attached hereto as Exhibit 11 is a true and correct copy of an invoice received from, and reflecting the total sum that Lead Counsel paid to, Matthew D. Cain, Ph.D. Dr. Cain consulted Lead Counsel regarding certain financial and economic arguments in connection with Lead Plaintiff's opposition to the Defendants' motion to dismiss.

8.      Attached hereto as Exhibit 12 is a true and correct copy of an invoice received from, and reflecting the total sum that Lead Counsel paid to, AP Expert Group, LLC on behalf of Expert Joe Swartz. Mr. Swartz consulted Lead Counsel regarding Controlled Environment Agriculture.

9.      Attached hereto as Exhibit 13 are true and correct copies of all invoices received from, and all bills that Lead Counsel paid to, Alexander Poole & Co. Inc., in connection with this Action. Alexander Poole & Co. Inc., is a process server that served document preservation subpoenas on third parties for Lead Plaintiff.

10.      Attached hereto as Exhibit 14 is a true and correct copy of an account reconciliation received by Lead Counsel from Tornatore Law, LLC, in connection with this Action. Tornatore Law, LLC represented Confidential Witnesses alleged in the complaint.

11.      Attached hereto as Exhibit 15 is a true and correct copy of an account reconciliation from inception through file close, and all itemized bills received by Lead Counsel from Lowenstein Sandler LLP, in connection with this Action. Lowenstein Sandler LLP represented Lead Plaintiff and the Settlement Class in connection with the Bankruptcy.

12.      Attached hereto as Exhibit 16 is a true and correct copy of an invoice received from, and paid by Lead Counsel to, Phillips ADR, in connection with this Action. Phillips ADR employs Ms. Michelle Yoshida, who provided mediation services for the parties.

13.     Attached hereto as Exhibit 17 is a true and correct excerpted and highlighted copy of Lead Counsel's invoice from FedEx for May 2022. Exhibit 17 reflects shipping charges to and from the Clerk of the Superior Court, Hartford Judicial District of the State of Connecticut Judicial Branch. Lead Counsel incurred these charges in connection with requests for Certificates of Good Standing by Attorney Michael Keating to appear *pro hac vice* in this Action.

14.     Attached hereto as Exhibit 18 is a true and correct itemization of Westlaw charges incurred by Lead Counsel in connection with this matter. Lead Counsel does not receive invoices from Westlaw on a matter-by-matter basis. Rather, it is Lead Counsel's billing department's practice to create a running report (such as the report reflected in Exhibit 18) of all charges incurred by matter. Lead Counsel's billing department updates each matter's expense report on a monthly basis.

15.     Attached hereto as Exhibit 19 is a true and correct itemization of Lexis charges incurred by Lead Counsel in connection with this matter. Lead Counsel does not receive invoices from Lexis on a matter-by-matter basis. Rather, it is Lead Counsel's billing department's practice to create a running report (such as the report reflected in Exhibit 19) of all charges incurred by matter. Lead Counsel's billing department updates each matter's expense report on a monthly basis.

16.     Attached hereto as Exhibit 20 is a true and correct itemization of S&P Capital IQ charges incurred by Lead Counsel in connection with this matter. Lead Counsel does not receive invoices from S&P Capital IQ on a matter-by-matter basis. Rather, it is Lead Counsel's billing department's practice to create a running report (such as the report reflected in Exhibit 20) of all charges incurred by matter. Lead Counsel's billing department updates each matter's expense report on a monthly basis.

17.     Attached hereto as Exhibit 21 are true and correct redacted copies of all invoices received from, and all bills that Lead Counsel paid to, L.R. Hodges & Associates, Ltd., in this Action. L.R. Hodges & Associates, Ltd., served as Lead Counsel's private investigator and assisted Lead Counsel in identifying and interviewing Confidential Witnesses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 10, 2024                    */s/ Gregory M. Potrepka*
                                        Gregory M. Potrepka