UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES**

THIS CAUSE came before the Court for hearing on July 11, 2024 at 2:00 pm (the "Settlement Hearing") on Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Fee and Expense Application"). The Court having considered all argument, papers, testimony, and evidence submitted in connection with the Fee and Expense Application in the record and during the Settlement Hearing, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, (the "Stipulation") filed with the Court on February 20, 2024 (ECF 117-1), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order and over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Fee and Expense Application was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Fee and Expense Application, including by providing true and accurate

copies of all papers submitted in support of the Fee and Expense Application on the website created by the Claims Administrator for the purposes of the Settlement, satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons entitled thereto.

4. Lead Counsel, Levi & Korsinsky, LLP, are hereby awarded attorneys' fees in the amount of $1,212,500, or 25% of the Settlement Fund), and payment of litigation expenses in the amount of $166,987.77, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    A. Lead Counsel devoted 2,439.93 hours in professional time, with a lodestar value of $1,609,970.25, and $166,987.77 in litigation expenses to achieve the Settlement;

    B. The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

C.  Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

D.  Lead Counsel represented Plaintiff and the Settlement Class to the preclusion of other employment;

E.  The amount of attorneys' fees awarded is fair and reasonable and consistent with fee awards approved in similar cases within this Circuit and across the country;

F.  Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

G.  The Settlement has created a fund of $4,850,000 in cash, pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

H.  Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

I.  The fee sought by Lead Counsel has been reviewed and approved as reasonable by Plaintiff who was directly involved in the prosecution and resolution of the Action and who has significant interests in ensuring that any fees paid to counsel are duly earned and not excessive; and

    J. Over 100,000 copies of the Notice were sent to potential Settlement Class Members and nominees in advance of the deadline for filing claims, stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed twenty-five percent (25%) of the Settlement Fund and expenses in an amount not to exceed $250,000, and there were no objections to the requested attorneys' fees and expenses.

7. Any appeal or challenge affecting this Order Awarding Attorneys' Fees and Litigation Expenses shall in no way disturb or affect the finality of any judgement entered by the Court.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order Awarding Attorneys' Fees and Litigation Expenses shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 11th day of July, 2024

BY THE COURT:

_____
Honorable Lewis J. Liman
UNITED STATES DISTRICT JUDGE