UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL <br><br> **CLASS ACTION** |

**[PROPOSED]** **FINAL ORDER AND JUDGMENT**

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A. On February 20, 2024, Court-appointed Lead Plaintiff and Class Representative Alan Narzissenfeld, ("Lead Plaintiff" or "Class Representative"), on behalf of himself and all other members of the Settlement Class, and Jonathan Webb ("Webb"), David Lee ("Lee"), and Loren Eggleton ("Eggleton" and collectively with Webb and Lee, the "Individual Defendants," and together with Lead Plaintiff, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the corrected Second Consolidated Amended Class Action Complaint ("Operative Complaint"), filed on August 12, 2022, on the merits and with prejudice (the "Settlement");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered March 6, 2024 (the "Preliminary Approval Order") (ECF 120) and further orders of the Court (ECF Nos. 122, 124), the Court scheduled a hearing for July 11, 2024 at 2:00 p.m. (the "Settlement Hearing,") to, among other things: (i) determine whether the proposed

Settlement is fair, reasonable, and adequate, and should be approved by the Court; (ii) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties; (iii) to determine, for purposes of the Settlement only, whether the Settlement should be finally certified; whether Lead Plaintiff should be finally certified as class representative for the Settlement Class; whether the law firm of Levi & Korsinsky, LLP should be finally appointed as Settlement Class Counsel for the Settlement Class; (iv) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court; (v) to consider Lead Counsel's application for an award of attorneys' fees and expenses and the timing of payment; (vi) the timing of payment, and to consider Lead Counsel's application for an award of attorneys' fees and expenses and the timing of payment; and (vii) to rule upon such other matters as the Court may deem appropriate;

   C. The Court approved the form and content of the Notice of Pendency of Class Action, Proposed Class Action Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice"), ECF 119-1, Revised Ex. A-1; the Proof of Claim and Release (the "Claim Form"), ECF 117-4, Ex. A-2; the "Postcard Notice," ECF 119-2, Revised Ex. A-3; and the Summary Notice of Pendency of Class Action, Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), ECF 119-3, Revised Ex. A-4;

   D. The Court ordered the distribution of the Postcard Notice by e-mail (or first-class mail in those instances where no email address is available), directing Class Members to the Settlement website to access the Notice (which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing), and the Court ordered the publication of the Summary Notice (substantially in the manner and form set forth in ¶¶9-10 of the Preliminary Approval Order) met the requirements of Rule 23 of the Federal Rules of Civil

Procedure, 15 U.S.C. § 77z-1(a)(7), and 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

E.  The Court ordered that Lead Counsel, through the Claims Administrator, shall supervise and administer the notice procedure as well as the processing of claims, as set forth below:

(a)  Not later than fifteen (15) business days after the entry of Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form submitted to the Court (ECF 119-2, Revised Ex A-3), to be e-mailed (or sent by first-class mail where no e-mail address is available) to all Settlement Class Members who can be identified with reasonable effort, and shall cause the Notice and Proof of Claim, substantially in the forms submitted to the Court (ECFs 119-1, 117-4, Revised Ex. A-1, and Ex. A-2), to be posted on the Settlement website at www.strategicclaims.net/apph/, from which copies of the documents can be downloaded;

b)  Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause a copy of the Summary Notice, substantially in the form submitted to the Court (ECF 119-3, Revised Ex. A-4), to be published in *Investor's Business Daily,* and be transmitted over *PR Newswire*, or a similar widely-circulated national wire service;

c)  At least seven (7) calendar days before the Settlement Hearing Lead Counsel shall cause to be served on the Individual Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

F.  The Notice, the Summary Notice and the Postcard Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by May 22, 2024;

G.  The provisions of the Preliminary Approval Order as to notice were complied with;

H. On or before May 8, 2024, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on July 11, 2024, at which time all interested Persons were afforded the opportunity to be heard; and

I. This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on February 20, 2024; and (ii) the Notice, which was filed with the Court therewith. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities that purchased or otherwise acquired securities of AppHarvest, Inc., during the period from February 1, 2021 through August 10, 2021, inclusive, and were injured thereby. Excluded from the Class are: (1) the Individual Defendants; (2) the Individual Defendants' immediate family members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; and (4) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity. Also excluded from the

Settlement Class are those Persons who timely and validly requested exclusion and are listed on Exhibit E to the Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (ECF No. 129-4).

4. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Alan Narzissenfeld as Class Representative for the Settlement Class; and finally appoints the law firm of Levi & Korsinsky, LLP as Settlement Class Counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Postcard Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There have been no objections to the Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Lead Plaintiff and Lead Plaintiff's counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length and in good-faith; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorney's fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Operative Complaint, filed on August 12, 2022, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      The Court finds that during the course of the Action, Lead Plaintiff and the Individual Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Lead Plaintiff, and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and

shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, the Individual Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Individual Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Individual Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability,

damages, negligence, fault or wrongdoing of any of the Individual Defendants or any person or entity whatsoever;

    b)  do not constitute, and shall not be offered or received against or to the prejudice of any of the Individual Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Individual Defendants or the Released Defendant Parties, or against or to the prejudice of any of the Lead Plaintiff group members or the Released Plaintiff Parties, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

    c)  do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Lead Plaintiff group members, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Individual Defendants, Released Defendant Parties, and of the Lead Plaintiff or the Released Plaintiff Parties, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    d)  do not constitute, and shall not be construed against any of the Individual Defendants, Released Defendant Parties, Lead Plaintiff or Released Plaintiff Parties, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

    e)  do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) the applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 11th day of July, 2024

BY THE COURT:

_____

HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE