# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>                     Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION |

## [PROPOSED] CLASS DISTRIBUTION ORDER

WHEREAS Plaintiff Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Class Representative"), by and through Lead Counsel, have moved this Court for entry of this Class Distribution Order, and the Court, having considered all materials and arguments submitted in support of the Motion, including the Declaration of Robert Cormio in Support of Motion for Class Distribution Order (the "Cormio Declaration") and the Memorandum in Support of Motion for Class Distribution Order submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), filed January 16, 2024 (ECF No. 115-1).

2.     The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and Claimants.

3.    Plaintiff's Motion for Entry of Class Distribution Order is **GRANTED**. Accordingly:

a.    The administrative recommendations of the Court-approved Claims Administrator, Kroll Settlement Administration LLC ("Kroll"), to accept the Claims set forth in Exhibits B-1 and B-2 to the Cormio Declaration are approved.

b.    Kroll's administrative recommendations to reject the Claims set forth in Exhibit B-3 to the Cormio Declaration are approved.

4.    The Distribution Plan set forth in ¶37 of the Cormio Declaration is **APPROVED** and is hereby incorporated by reference.

5.    No new Claims may be accepted after January 2, 2025, and no further adjustments to Claims received on or before January 2, 2025, that would result in an increased Recognized Loss may be made for any reason after January 2, 2025, except as provided in ¶¶37(c)-(d) of the Cormio Declaration.

6.    At such time as Lead Counsel, in consultation with Kroll, determines that the redistribution of funds remaining in the Net Settlement Fund is not cost effective, and if any funds remain in the Net Settlement Fund after payment of late or late adjusted Claims pursuant to ¶37(c)-(d) of the Cormio Declaration, the remaining balance shall be contributed to Legal Services NYC, a certified tax-exempt organization under IRS Code Section 501(c)(3).

7.    All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making

any further claims against the Net Settlement Fund, Class Representative, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Class Representative or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Stipulations, beyond the amounts allocated to Authorized Claimants.

8.    Unless otherwise ordered by the Court, Kroll will dispose of the paper copies of Claims and all supporting documentation one year from the final distribution date of the Net Settlement Fund and will dispose of electronic copies of the same three years after the final distribution date of the Net Settlement Fund.

9.    The Court authorizes Lead Counsel to instruct the Escrow Agent to pay the remaining 50% of the awarded attorneys' fees to Lead Counsel.

10.    The Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other further relief as the Court deems appropriate.

IT IS SO ORDERED.

DATED:    _____3/18/, 2025
    New York, New York

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

3