**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re AppHarvest Securities Litigation | Case No. 1:21-cv-07985-LJL |

## [~~PROPOSED~~] ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR DISTRIBUTION OF SETTLEMENT FUNDS

Having come before the Court and based on the papers and proceedings held heretofore,

**IT IS HEREBY ORDERED THAT**:

1. Lead Plaintiff's Motion for Distribution of Settlement Funds is **GRANTED**.

2. The distribution plan for the Net Settlement Fund as set forth in the Declaration of Josephine Bravata on behalf of Strategic Claims Services in support of Lead Plaintiff's Motion for Distribution of Settlement Funds (the "Bravata Declaration") and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities, owed or remaining costs of administering the Settlement, and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the Bravata Declaration, at the direction of Lead Counsel, Levi & Korsinsky LLP, pursuant to the Stipulation and Agreement of Settlement filed with the Court on February 20, 2024 (the "Stipulation") (Dkt. No. 117-1) and the Plan of Allocation set forth in the Notice was distributed pursuant to this Court's prior order.

3. Any person asserting any rejected claims are finally and forever barred as of March 27, 2025 or subsequently filed claims are finally and forever barred as of February 3, 2025, the cut-off dates used to finalize the administration based on the Bravata Declaration, and after which date no additional Claim Forms would be processed or considered for inclusion in the initial distribution of the Net Settlement Fund.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement or the Net Settlement Fund, including, but not limited to Class Counsel and the Court-appointed Claims Administrator, Strategic Claims Services ("SCS") are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Class Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed check or otherwise, then, after SCS has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator, shall, if feasible, (a) first, pay any amounts mistakenly omitted from the initial distribution; (b) second, pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, make a second distribution to claimants who cashed their checks from the initial distribution, after payment of the estimated costs, expenses, or fess to be incurred in

administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7. At such time as Lead Counsel, in consultation with the Claims Administrator, determines that no additional distributions are cost effective, then the remaining funds, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be contributed to Legal Services NYC.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

**IT IS SO ORDERED.**

Dated: __April 17, 2025__                               _____
                                                                                 HONORABLE LEWIS J. LIMAN
                                                                                 UNITED STATED DISTRICT JUDGE

3